ORIGINAL

FILED
JUL 5 2006
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| Salman Ranch LTD, a New Mexico Limited Partnership, and William J. Salman, as Tax Matters Partner, | § | 06-503 T |
| Plaintiffs, | § | Case No. |
| v. | § | |
| United States of America, | § | |
| Defendant. | § | |

**COMPLAINT FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER 26 U.S.C. § 6226**

Plaintiffs Salman Ranch LTD, a New Mexico limited partnership, and William J. Salman, as tax matters partner (collectively "Plaintiffs"), file this Complaint for Readjustment of Partnership Items Under 26 U.S.C. § 6226 (the "Complaint") against Defendant, the United States of America. In support of this Complaint, Plaintiffs will show the Court as follows:

## I. PARTIES

1. **Plaintiff Salman Ranch LTD (the "Partnership")** is a New Mexico limited partnership. Its principal place of business is at 515 Plaza Balentine, Santa Fe, NM 87501. The Partnership's Federal Employer Identification Number is 85-0351252.

2. **Plaintiff William J. Salman ("William J. Salman" or the "Taxpayer")** is a resident of New Mexico with a legal residence and mailing address of 515 Plaza Balentine, Santa Fe, NM 87501. William J. Salman is a 0.7498% general partner and a 0.5% limited partner in the Partnership.

3. William J. Salman's Social Security Number is 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.

4. On April 10, 2006, the Commissioner of Internal Revenue (the "Commissioner") issued a Notice of Final Partnership Administrative Adjustment ("FPAA") against the

Partnership for tax year ending December 31, 1999. The Commissioner issued the FPAA from the Internal Revenue Service ("IRS") office at Boston, Massachusetts. A copy of the FPAA is attached to this Complaint as Exhibit "A."

5. The proposed adjustments in the FPAA would result in deficiencies for the Taxpayer because his taxable income, through his direct and indirect interests in the Partnership, would be increased if the adjustments set forth in the FPAA were upheld.

6. Plaintiffs are filing this Complaint within ninety days after the day on which the FPAA was mailed to the tax matters partner, William J. Salman.

7. According to Section 6226(a) of the Internal Revenue Code (the "Code"), Plaintiffs have standing to bring this Complaint.

## II. DEFENDANT

8. Defendant is the United States of America and will be served in accordance with Rule 4 of the Rules of the United States Court of Federal Claims.

## III. STATEMENT OF CASE

9. This is a civil action arising under Section 6226(a) of the Code for the redetermination of final partnership administrative adjustments to the Partnership's Form 1065 income tax return for the tax year ended December 31, 1999, as set forth by the Commissioner in the FPAA.

10. For the tax year ended December 31, 1999, the Commissioner erroneously and illegally determined that: (a) the form of the transactions at issue should be recharacterized or disregarded under a number of different theories; (b) the Partnership should be disregarded as a partnership for federal income tax purposes; and (c) several corresponding adjustments should be made to Plaintiffs' tax liabilities.

## IV. JURISDICTION AND VENUE

11. Code Section 6226(a) confers jurisdiction on this Court.

12. For jurisdiction purposes, Plaintiffs have complied with the requirements of Code Section 6226(e) by having William J. Salman deposit the amount by which his federal income tax liability would be increased if treatment of the Partnership items on his tax returns for the tax years at issue were made consistent with the treatment of partnership items on the Partnership's tax returns as adjusted by the Commissioner in the FPAA. This amount is referred to herein as the Deposit.

13. The Deposit in the total amount of $298,316.19 was delivered to the Internal Revenue Service at Internal Revenue Service Center, Fresno, CA 93888-0002.

14. A copy of the letter and a redacted copy of the check sent to the IRS representing the above Deposit are attached to this Complaint as Exhibit "B."

## V. COMMISSIONER'S ERRORS IN FPAA

15. Plaintiffs incorporate paragraphs 1 through 14 as though fully set forth here.

16. The Commissioner erred in determining that:

(a) A Notice of Partnership Administrative Adjustment could result in a deficiency to any direct or indirect partner of the Partnership.

(b) The Partnership was availed of for improper tax avoidance purposes by artificially overstating basis in the partnership interests of its partners.

(c) The acquisition of short positions in Treasury Notes, the contribution of Treasury Note positions to the Partnership and the assignment of partnership interests in the Partnership to Frances S. Koenig Family Limited Partnership, David M. Salman Family Limited Partnership and William J. Salman Family Limited Partnership had no business purposes, lacked

economic substance and constituted, in fact and substance, an economic sham for federal income tax purposes.

(d) The Partnership was availed of to conduct sham transactions in the taxable year ending December 31, 1999.

(e) The Partnership failed to establish that it existed for income tax purposes.

(f) All transactions relating to the Treasury Notes engaged in by the Partnership should be treated as engaged in directly by its partners.

(g) The proceeds from the short sale of the Treasury Notes and other asset contributed to the Partnership should be treated as never having been contributed to the Partnership and any gains or losses purportedly realized by the Partnership should be treated as having been realized by the partners of the Partnership.

(h) The partners of the Partnership should be treated as not having been partners in the Partnership for purposes of the transactions involving the Treasury Notes.

(i) Contributions to the Partnership should be adjusted to reflect the Partnership's income and the income of the Partnership's partners.

(j) Neither Partnership nor its partners entered into or acquired the Treasury Notes with a profit motive.

(k) The amount of partnership liabilities of the Partnership includes the aggregate obligations to close the open short sale positions in the Treasury Notes.

(l) There was no excess of outside basis over inside basis and, thus, no adjustment under Section 743.

(m) The Partnership failed to establish that its basis in real estate sold during the tax year ending December 31, 1999 was greater than zero.

(n) Tax basis of land sold in the tax year ending December 31, 1999 should be decreased from $6,385,927 to $1,917,978.

(o) The gain from the sale of the land should be increased from $338,312 to $4,906,261.

(p) Capital contributions made during the tax year ending December 31, 1999 were $4,595,056 rather than the amount reflected on the partnership tax return of $15,575,744.

(q) The outside bases of the Partnership held by its partners should be disallowed in the amount of $10,980,688 for the tax year ending December 31, 1999.

(r) The adjustments of the Partnership's partnership items are attributable to a tax shelter for which no substantial authority has been established and for which there was no reasonable belief by the Partnership or its partners that the position taken was more likely than not the correct treatment.

(s) The underpayments of tax resulting from the adjustments of partnership items are attributable to (1) substantial understatements of income tax, (2) gross valuation misstatement(s) or (3) negligence or disregarded rules or regulations.

(t) There was no reasonable cause for any of the resulting underpayments, that the Partnership and its partners did not act in good faith and that no other exceptions to the penalty applies.

(u) The accuracy-related penalty under Section 6662 applies to the underpayments of tax attributable to the Partnership's partnership item adjustments.

## VI. CORRECT TREATMENT OF TAX ITEMS

17. Plaintiffs incorporate paragraphs 1 through 16 as though fully set forth here.

18. The facts upon which the Plaintiffs rely as the basis of their case are as follows:

(a) Plaintiffs properly determined all items of income, losses, deductions, and credits of the Partnership for the tax year ending December 31, 1999.

(b) The Partnership was not formed or availed of for improper tax avoidance purposes by artificially overstating basis in the partnership interests of its partners.

(c) The formation of the Partnership, the acquisition of short positions in Treasury Notes, the contribution of Treasury Note positions to the Partnership and the assignment of partnership interests in the Partnership to Frances S. Koenig Family Limited Partnership, David M. Salman Family Limited Partnership and William J. Salman Family Limited Partnership had business purposes, economic substance and did not constitute, in fact or substance, an economic sham for federal income tax purposes.

(d) The Partnership was not availed of to conduct sham transactions in the taxable year ending December 31, 1999.

(e) The Partnership existed for income tax purposes.

(f) Treas. Reg. § 1.701-2 is invalid and inapplicable to the facts of this case.

(g) The transactions engaged in by the Partnership were not engaged in by its partners.

(h) The Partnership's partners contributed the proceeds from the short sale of the Treasury Notes to the Partnership and the transactions were not realized by the Partnership's partners.

(i) The partners of the Partnership were partners in the Partnership for all purposes.

(j) The contributions to the Partnership clearly reflect the Partnership's income and the income of the Partnership's partners.

(k) The Partnership and its partners entered into or acquired the Treasury Notes with a profit motive.

(l) The short positions transferred to the Partnership did not constitute partnership liabilities and would not reduce the partners' basis.

(m) Temporary Treas. Reg. 1.752-6T is invalid and inapplicable to the facts of this case.

(n) There was an excess of outside basis over inside basis and, thus, an adjustment under Section 743 was appropriate.

(o) The Partnership did not fail to establish the basis in the real estate sold during the tax year ending December 31, 1999 was other than zero.

(p) The Partnership's basis in real estate sold during the tax year ending December 31, 1999 was $6,850,276.

(q) The gain from the sale of the land was correctly reported as $338,312.

(r) The capital contributions made during the tax year ending December 31, 1999 were the amount reflected on the partnership tax return of $15,575,744.

(s) Assuming some or all of the Commissioner's adjustments are correct, the adjustments of the Partnership's partnership items are attributable to positions for which there is substantial authority and for which there is a reasonable belief by the Partnership or its partners that the position taken was more likely than not the correct treatment.

(t) Assuming some or all of the Commissioner's adjustments are correct, the underpayments of tax resulting from the adjustments of partnership items are not attributable to (1) substantial understatements of income tax, (2) gross valuation misstatement(s) or (3) negligence or disregarded rules or regulations.

(u) Plaintiffs are not subject to penalties under Code Section 6662 because any understatement ultimately determined by the Court is attributable to items for which the relevant facts were adequately disclosed in Plaintiffs' returns or in a statement attached to the returns; and there is a reasonable basis for the tax treatment of such item by the Taxpayer.

(v) The transactions at issue in this case do not constitute a tax shelter.

(w) In the alternative, even if the Transactions do constitute a tax shelter, Plaintiffs are not subject to penalties under Code Section 6662 because any understatement ultimately determined by the Court is, based on the foregoing, attributable to the tax treatment of items for which there is or was substantial authority for such treatment, and, furthermore, Plaintiffs reasonably believed that the tax treatment of such item by Plaintiffs was more likely than not the proper treatment.

(x) Plaintiffs relied on the advice provided by tax professionals including, but not limited to, Arthur Andersen LLP. In addition, the reliance on such advice was reasonable and in good faith. Thus, under the authority of Code Section 6664(c)(1) and Treasury Regulation § 1.6664-4, Plaintiffs are not subject to the penalties imposed by the IRS under Code Section 6662.

(y) Assuming some or all of the Commissioner's adjustments are correct, there was reasonable cause for the Partnership's positions and the Partnership acted in good faith.

(z) In every other respect, the federal tax consequences of the transactions at issue in this case are as reported by Plaintiffs on their federal tax returns.

## VII. STATUTE OF LIMITATIONS

19. The adjustments reflected in the FPAA for the 1999 tax year are barred in their entirety by the three-year statute of limitations in Sections 6229 and 6501.

20. The Partnership filed its return for the 1999 tax year during 2000.

21. The Taxpayer filed his individual return for the 1999 tax year on or before April 17, 2000. All other direct and indirect partners of the Partnership filed their individual returns for the 1999 tax year during 2000.

22. As such, the three-year statute of limitations for the 1999 tax year expired on or before December 31, 2003 under Sections 6229 and 6501(a).

23. No part of the adjustments reflected in the FPAA would result in an increase to the Taxpayer's tax liability (or the tax liability of any other direct or indirect partner of the Partnership) for any tax year currently open under the statute of limitations periods set forth in Sections 6501 or 6229.

## VIII. PRAYER

Plaintiffs respectfully pray for judgment against Defendant and respectfully ask the Court to declare the FPAA invalid or alternatively to order Defendant to reverse the adjustments set forth in the FPAA; Plaintiffs further pray that the Court order Defendant to return the Deposit plus interest to Plaintiffs. Plaintiffs also request that the Court grant them such further relief, legal or equitable, to which they may be entitled.

Respectfully submitted on June 30, 2006

By: ______________________________
Rick D. Bailey, attorney of record
Colorado State Bar No. 26554

Alan Poe, of counsel
Colorado State Bar No. 7641

HOLLAND & HART LLP
8390 East Crescent Parkway, Suite 400
Greenwood Village, CO 80111
(303) 290-1600 Telephone
(303) 290-1606 Facsimile
rbailey@hollandhart.com
apoe@hollandhart.com

ATTORNEYS FOR PLAINTIFFS

APR-12-2006 16:41 FROM:SALMAN 5059887200 TO:13037136264 P.1

4/12/06
15 pages

Notice 2000-44 Case

**Internal Revenue Service**
15 Sudbury Street
Stop 41100
Boston, MA 02203

**Department of the Treasury**

Refer To: SE:S:E:TS:W:TE

Taxpayer Identifying Number: 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

Name of Partnership: Salman Ranch, LTD

Partnership Identifying Number: 85-0351252

Tax Year Ended: December 31, 1999

Date FPAA Mailed to the Tax Matters Partner:

APR 1 0 2006

Person to Contact: Mr. J. Heinlin
Employee Number: 04-03576

Contact Hours: 8:00 AM - 4:30 PM (Monday - Friday)

Contact Telephone Number: (617) 316-2421
(not a toll free number)

Date: APR 1 0 2006

William J. Salman and
Marjorie R. Salman
515 Plaza Belentine
Santa Fe, NM 87501

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and the tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Letter 1830 (DO) (Rev. 3-2001)
Catalog Number 61242U

EXHIBIT
A

| Form 870-PT (Rev. 8-2004) | DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE<br>**Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO:<br>SE:S:E:TS:W:TE |
|---|---|---|
| Taxpayer(s) name(s), address and ZIP code:<br>**William J. Salman and<br>Marjorie R. Salman<br>515 Plaza Balentine<br>Santa Fe, NM 87501**<br><br>Taxpayer Identifying Number: 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 | Name of Partnership:<br>Salman Ranch, LTD<br>Taxpayer Identifying Number:<br>85-0351252<br>Name of Tax Matters Partner: | Tax Year(s) Ended:<br>December 31, 1999 |

## Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts & Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with section 6224(b) and 6213(d), also waive the restrictions provided by sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement, plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessment under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

| | |
|---|---|
| Signature of taxpayer | Date Signed |
| Signature of taxpayer | Date Signed |
| By (Signature and title) | Date Signed |

| | | |
|---|---|---|
| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
| | Office | Title |

## INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.
2. If the taxpayer is a corporation, the waiver must be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.
3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.
4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.
5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.
6. If the Tax Matters Partner signs this offer, please include the title with the signature.
7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury — Internal Revenue Service

# Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts

## SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| Salman Ranch LTD<br>TAXPAYER IDENTIFYING NUMBER 85-0351252 | Dec. 31,1999 | | |
| DETAIL OF ADJUSTMENTS TO ORDINARY INCOME<br>1.a. | | | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | | | |
| OTHER ADJUSTMENTS | | | |
| A. Section 1231 Gain/Loss (form 4797) | | | |
| (1) ADJUSTMENT | 4,567,949 | | |
| (2) AS REPORTED | 338,312 | | |
| (3) CORRECTED | 4,906,261 | | |
| B. Capital Contributions (Schedule M-2, line 2) | | | |
| (1) ADJUSTMENT | (10,980,688) | | |
| (2) AS REPORTED | 15,575,744 | | |
| (3) CORRECTED | 4,595,056 | | |

REMARKS

** Reference Exhibit A attached.

## Form 870-PT, Other Adjustments (Continued)

Page _____ of _____

| NAME OF PARTNERSHIP | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| Salman Ranch LTD | Dec. 31,1999 | | |
| TAXPAYER IDENTIFYING NUMBER 85-0351252 | | | |
| C. Outside Partnership Bases ** | | | |
| (1) ADJUSTMENT | (10,980,688) | | |
| (2) AS REPORTED | n/a ** | | |
| (3) CORRECTED | n/a ** | | |
| D. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| E. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| F. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| G. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| H. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |
| I. | | | |
| (1) ADJUSTMENT | | | |
| (2) AS REPORTED | | | |
| (3) CORRECTED | | | |

**In Re: Salman Ranch LTD**
**Tax Year Ending December 31, 1999**

## EXPLANATION OF ITEMS

A. **Section 1231 Gain/Loss** **(form 4797)** **$4,567,949.**

It is determined that the tax basis of land sold and reported on form 4797 for the tax year December 31, 1999 is decreased from $6,385,927 to $1,917,978. Consequently, the net gain from the sale of said land is $4,906,261 rather than the gain reported of $338,312 for the tax year ending December 31, 1999. Reference Exhibit A attached hereto.

B. **Capital Contributions** **(scheduleM-2, line 2)** **$(10,980,688.)**

It is determined that capital contributions made during the tax year ending December 31, 1999 are $4,595,056 rather than the amount reflected on the partnership tax return of $15,575,744. Reference Exhibit A attached hereto.

C. **Outside Partnership Basis** **$(10,980,688.)**

It is determined that the outside partnership bases of Salman Ranch LTD held by its partners is disallowed in the amount of $10,980,688 for the tax year ending December 31, 1999. Reference Exhibit A attached hereto.

You have three options available to you:

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, NW**
**Washington, DC 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife and both want to petition the Tax Court, both must sign the petition or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court or the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

**3. If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions, please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

for Deborah Bennett

Deborah L. Bennett
Technical Services TM - North Atlantic

Enclosures:
Form 870-P/Form 870-PT
Copy of this letter

## FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

EXHIBIT A – Explanation of Items
**SALMAN RANCH, LTD**
Final Partnership Administrative Adjustment Letter
Tax Year Ended: **December 31, 1999 TIN: 85-0351252**

1. It is determined that Salman Ranch Ltd. was availed of for improper tax avoidance purposes by artificially overstating basis in the partnership interests of its partners through a transaction that was substantially similar to that described in Notice 2000-44, 2000-36 CB 225 (September 5, 2000). The transactions involving short sales of Treasury Notes, including the formation of Salman Ranch Ltd., the acquisition of short positions in said Treasury Notes, the contribution of said Treasury Note positions to Salman Ranch Ltd. and the assignment of partnership interests in Salman Ranch Ltd. to Frances S. Koeng Family Limited Partnership, David M. Salman Family Limited Partnership and William J. Salman Family Limited Partnership had no business purpose, lacked economic substance, and, in fact and substance, constitutes an economic sham for federal income tax purposes.

2. It is determined that Salman Ranch Ltd. was availed of to conduct sham transactions in taxable year ending December 31, 1999 a principal purpose of which was to reduce substantially the present value of its partners' aggregate federal tax liability in a manner that is inconsistent with the intent of Subchapter K of the Internal Revenue Code. Accordingly, even if it can otherwise be shown that Salman Ranch Ltd. was a partnership for federal income tax purposes, it is determined under § 1.701-2 of the Income Tax Regulations that:

   a. All transactions relating to the Treasury Notes engaged in by Salman Ranch Ltd. are treated as engaged in directly by its partners.

   b. The proceeds from the short sale of the Treasury Notes and other assets purportedly contributed to Salman Ranch Ltd. are treated as never having been contributed to said partnership and any gains or losses purportedly realized by said partnership are treated as having been realized by its partners.

   c. The partners of Salman Ranch Ltd. should be treated as not being partners in Salman Ranch Ltd. for purposes of the transactions involving said Treasury Notes

   d. Contributions to Salman Ranch Ltd. will be adjusted to reflect clearly said partnership's or its purported partners' income.

3. It is determined that neither Salman Ranch Ltd. nor its purported partners entered into or acquired the short sale Treasury Notes with a profit motive for purposes of I.R.C. § 165(c)(2).

4. Under I.R.C. § 752, the amount of the partnership liabilities of Salman Ranch Ltd. includes aggregate obligations to close the open short sale positions in the U.S. Treasury Notes.

EXHIBIT A – Explanation of Items
**SALMAN RANCH, LTD**
Final Partnership Administrative Adjustment Letter
Tax Year Ended: **December 31, 1999 TIN: 85-0351252**

a. An increase in a partner's share of partnership liabilities is treated as a contribution of money to the partnership under I.R.C. § 752(a). Under I.R.C. § 722, such a constructive contribution increases a partner's outside basis in his partnership interest. When the short sale obligations were assumed by Salman Ranch Ltd. the partnership liabilities of the partnership were increased, and the partners' respective shares of those partnership liabilities were likewise increased, triggering a constructive contribution of cash under I.R.C. § 752(a) that increased their respective outside bases in the partnership under I.R.C. § 722.

b. A decrease in a partner's individual liabilities by reason of the assumption by the partnership of such individual liabilities is treated as a distribution of money to the partner under I.R.C. § 752(b). Under I.R.C. § 733(1), such a constructive distribution reduces a partner's outside basis in their partnership interests. The contribution of the short Treasury Note positions to Salman Ranch Ltd. and the assumption by Salman Ranch Ltd. of the short sale obligations regarding said Treasury Note decreased the individual liabilities of the contributing partners, triggering a constructive distribution of cash under I.R.C. § 752(b) that reduced their respective outside basis in Salman Ranch Ltd. under I.R.C. § 733(1) by the amount of such obligations.

5. Salman Ranch Ltd. filed an IRC § 754 election to adjust the basis of its assets under IRC § 743(b). It is determined that there is no excess of outside basis over inside basis. Therefore, the IRC § 743(b) adjustment to basis is $0 (zero).

7. Salman Ranch Ltd. has failed to establish its basis in real estate sold during tax year ending December 31, 1999 under any provision of the Internal Revenue Code was greater than zero.

8. Accuracy Related Penalties

It is determined that the adjustments of partnership items of Salman Ranch Ltd. are attributable to a tax shelter for which no substantial authority has been established for the position taken, and for which there was no showing of reasonable belief by the partnership or its partners that the position taken was more likely than not the correct treatment of the tax shelter and related transactions. In addition, all of the underpayments of tax resulting from those adjustments of partnership items are attributable to, at a minimum, (1) substantial understatements of income tax, (2) gross valuation misstatement(s), or (3) negligence or disregarded rules or regulations. There has not been a showing by the partnership or any of its partners that there was reasonable cause for any of the resulting underpayments, that Salman

EXHIBIT A – Explanation of Items
**SALMAN RANCH, LTD**
Final Partnership Administrative Adjustment Letter
Tax Year Ended: **December 31, 1999** **TIN: 85-0351252**

Ranch Ltd. or any of its partners acted in good faith, or that any other exceptions to the penalty apply. It is therefore determined that, at a minimum, the accuracy-related penalty under Section 6662 of the Internal Revenue Code applies to all underpayments of tax attributable to adjustments of partnership items of Salman Ranch Ltd. The penalty shall be imposed on the components of underpayment as follows:

A. a 40 percent penalty shall be imposed on the portion of any underpayment attributable to the gross valuation misstatement as provided by Sections 6662(a), 6662(b)(3), 6662(e), and 6662(h) of the Internal Revenue Code.

B. a 20 percent penalty shall be imposed on the portion of the underpayment attributable to negligence or disregard of rules and regulations as provided by Sections 6662(a), 6662(b)(1), 6662(c) of the Internal Revenue Code.

C. a 20 percent penalty shall be imposed on the underpayment attributable to the substantial understatement of income tax as provided by sections 6662(a), 6662(b)(2), and 6662(d) of the Internal Revenue Code.

D. a 20 percent penalty shall be imposed on the underpayment attributable to the substantial valuation misstatement as provided by Sections 6662(a), 6662(b)(3), and 6662(e) of the Internal Revenue Code.

It should not be inferred by the determination of the Accuracy Related Penalty in this notice that fraud penalties will not be sought on any portion of an underpayment subsequently determined to be attributable to fraud or that prosecution for criminal offenses will not be sought under IRC § 7201, 7206 or other provisions of federal law if determined to be appropriate.

**Internal Revenue Service**
15 Sudbury Street
Stop 41100
Boston, MA 02203

**Department of the Treasury**

Date: APR 1 0 2006

Taxpayer Identifying Number: 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
(Not used on TMP Letter)

Name of Partnership: Salman Ranch, LTD

Partnership ID Number: 85-0351252

Tax Year Ended: December 31, 1999

Person to Contact: Mr. J. Heinlin

Employee Number: 04-03576

Contact Hours: 8:00 AM - 4:30 PM (Monday - Friday)

Telephone Number: (817) 316-2421
(not a toll free number)

Date: APR 1 0 2006

William J. Salman and
Marjorie R. Salman
515 Plaza Balentine
Santa Fe, NM 87501

## NOTICE OF BEGINNING OF ADMINISTRATIVE PROCEEDING

We are required by law to send you this notice. This is your notice that we are starting an administrative proceeding at the partnership level with respect to partnership items related to the partnership return identified above. This means our office is beginning an examination (audit) of your partnership's federal tax return. You have been identified as a partner. Our audit will be conducted at the partnership level through your Tax Matters Partner, who will officially represent the partnership in its dealings with the IRS. Please contact your Tax Matters Partner if you would like to participate in the proceedings. If applicable, we will mail you a notice of proposed changes upon completion of the audit.

**Please be advised** -- We will be sending most communications, including document requests and conference notifications, only to the Tax Matters Partner who is responsible for keeping all partners apprised of scheduled events and the status of the proceedings. We urge you to maintain regular communications with your Tax Matters Partner regarding the progress of this examination. Any adjustment we make to the partnership's return may affect your personal tax liability. This proceeding may present the only opportunity to challenge our findings. The results of our audit will apply to all partners even if your representative fails to keep you informed. Our records indicate that the most recent address of the partnership is:

PO Box 156
Buena Vista, NM 87712

**"Pass-thru" Partners** (estate, trust, S corporation, partnership, or nominee of another person) are required to forward a copy of this notice and all notices received from the IRS to all persons holding an interest in the above-named partnership. *For example, if you are a partnership, you are required to send copies of this notice to your partners.* You must do so within 30 days of receipt of the notice. The responsibility of pass-thru partners are set forth in Treasury Regulation (26 C.F.R.) §301.6223(h)-1.

**Tax Matters Partners** are required to keep each partner informed of all IRS proceedings and any court case that may follow. You must furnish the IRS with the name, address, profits interest, and taxpayer identification number of each person who was a partner at any time during the year under examination. If you did not submit this information with the partnership return, or if the information that you submitted needs to be updated, please send the most current information to the IRS address shown in this letter. The responsibilities of the Tax Matters Partner are set forth in Treasury Regulation (26 C.F.R.) §301.6223(g)-1.

Your rights as a taxpayer are set forth in IRS Publication 1, *Your Rights as a Taxpayer.* Please refer to Publication 541, *Partnerships*, for information about partnership taxation.

If you have questions, you may write or call the IRS contact person whose name, address and telephone number are listed in the heading of this letter. If you write, please enclose a copy of this letter, and include your telephone number with the most convenient time for us to call you. If our number is outside of your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

Deborah L. Bennett
Technical Services TM - North Atlantic

Enclosures:
Copy of this letter

**Internal Revenue Service**
15 Sudbury Street
Stop 41100
Boston, MA 02203

**Department of the Treasury**

__Untimely Notice Letter -__
__TEFRA Proceeding is Ongoing__

Partner Identifying Number: 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

Name of Partnership: Salman Ranch, LTD

Partnership Identifying Number: 85-0351252

Tax Year Ended: December 31, 1999

Date FPAA Mailed to the Tax Matters Partner:
APR 1 0 2006

Person to Contact: Mr. J. Heinlin
Employee Number: 04-03578

Contact Telephone Number: (617) 316-2421
(not a toll free number)

Contact Hours: 8:00 AM - 4:30 PM (Monday - Friday)

Date: APR 1 0 2006

William J. Salman and
Marjorie R. Salman
515 Plaza Balentine
Santa Fe, NM 87501

Dear Taxpayer:

We have mailed to you a notice of beginning of administrative proceeding and a notice of final partnership administrative adjustment on the above-named partnership. However, we were unable to mail one or both of these notices to you within the time required under Section 6223(d) of the Internal revenue Code. Therefore, you have the right under Section 6223(e)(3)(B) of the Internal Revenue Code to elect to have your items in the partnership treated as nonpartnership items. If you make this election, you will no longer be treated as a partner for the purpose of any further partnership proceedings whether pursued through this office or through the Courts.

If you desire to elect out of the partnership proceedings and to have your interest in the partnership items treated as nonpartnership items, you must file a statement of the election with this office within 45 days from the date of this letter. It is required that the statement:

(1) Be clearly identified as an election under section 6223(e)(3);
(2) Specify the election being made (that is, nonpartnership item treatment);
(3) Identify the partner making the election and the partnership by name, address and taxpayer identification number;
(4) Specify the partnership taxable year to which the election relates; and
(5) Be signed by the partner making the election per Treasury Regulation § 301.6223(e)-2.

Should you have any questions, please contact the person whose name and address are shown above.

Sincerely yours,

Deborah L. Bennett
Technical Services TM - North Atlantic

HOLLAND & HART LLP
THE LAW OUT WEST

**Alan Poe**
**Phone** (303) 290-1616
**Fax** (303) 975-5295
apoe@hollandhart.com

**BY EXPRESS MAIL OVERNIGHT DELIVERY**

June 29, 2006

Internal Revenue Service Center
Fresno, CA 93888-0002

**Re: Cash Deposit under IRC Sections 6603 and 6226(e)**
**William J. Salman: SSN 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**

To Whom It May Concern:

Enclosed as a cash deposit made pursuant to Section 6226(e) and Section 6603 of the Internal Revenue Code and Revenue Procedure 2005-18, 2005-13 IRB 798, is check no. 3095 drawn on the account of William J. Salman at the First National Bank of Santa Fe. This amount is deposited with respect to income tax for the above taxpayer's period December 31, 1999 with $298,316.19 representing tax for tax year ending December 31, 1999. This payment is remitted in satisfaction of the jurisdictional deposit required under Section 6226(e) of the Internal Revenue Code.

Solely for the purposes of complying with Section 6603, the taxpayer reasonably estimates that the amount of any tax attributable to disputable items for the period ended December 31, 1999 is $298,316.19. The calculation of this amount is attached to this letter. The disputable tax relates to the attached Notice of Partnership Administrative Adjustment. The taxpayer does not concede liability, and nothing contained herein should be construed as a concession of any tax, penalty or interest liability.

Please date-stamp the copy of the attached check and sign a copy of this letter and return it to me in the enclosed self-addressed, stamped envelope.

Very truly yours,

Alan Poe
of Holland & Hart LLP

Enclosures

**ACKNOWLEDGED AND RECEIVED:**

By:______________________________
Printed Name:_____________________
Date:____________________________
Internal Revenue Service

EXHIBIT
B

WILLIAM J. SALMAN
515 PLAZA BALENTINE
SANTA FE, NM 87501
PH. 505-988-7000

95-44/1070
126022545

3095

DATE 6/30/06

PAY TO THE ORDER OF Internal Revenue Service $ 298,316.19

Two Hundred Ninety Eight Thousand Three Hundred Sixteen & 19/100 DOLLARS

First National Bank of Santa Fe
Post Office Box 609 • (505) 992-2000
Santa Fe, New Mexico 87504-0609

50 PLUS CHECKING

William Salman