IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Christine O.C. Miller)

No. 06-503

SALMAN RANCH LTD, a New Mexico Limited partnership,
and William J. Salman as Tax Matters Partner,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

Defendant.

# ANSWER

The defendant, the United States, by and for its first defense to the plaintiff's complaint in the above-captioned matter, respectfully denies each and every allegation contained therein that is not expressly admitted below.

Defendant further:

1. Denies that Salman Ranch LTD ("Salman Ranch") is, or was at any time, a valid partnership for federal tax purposes. Admits only that Salman Ranch has an employer identification number of 85-0351252. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1.

2. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3. Admits the allegations of paragraph 3.

4. Admits the allegations of the first and second sentences of paragraph 4. With respect to the allegations of the third sentence of paragraph 4, admits that Exhibit A contains a copy of the Notice of Final Partnership Administrative Adjustments ("FPAA") for Salman Ranch's taxable year ending December 31, 1999. By way of further answer, states that the FPAA has pages out of order and that Exhibit A also includes the Notice of Beginning Administrative Proceeding.

5. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. Admits the allegations of paragraph 6.

7. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. Admits that the defendant is the United States of America. The remaining allegations of paragraph 8 require no response.

9. Admits that paragraph 9 is plaintiffs' characterization of the action. Denies that plaintiffs are entitled to relief.

10. Denies the allegations of paragraph 10.

11. Denies the allegations of paragraph 11. By way of further answer, states that jurisdiction exists, if at all, pursuant to 28 U.S.C. § 1508.

12-13. Admits only that, on or about June 30, 2006, the amount of $298,316.19 was credited to the tax account of William J. Salman for the tax year ending December 31, 1999. States that defendant's answering attorneys lack knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of paragraphs 12-13.

14. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Defendant incorporates its responses to paragraphs 1-14 of plaintiffs' complaint as if more fully set forth at length.

16. Denies the allegations of paragraph 16.

17. Defendant incorporates its responses to paragraphs 1-16 of plaintiffs' complaint as if more fully set forth at length.

18. Admits that plaintiffs rely on the allegations of paragraph 18. With respect to the several allegations of paragraph 18:

a.-w. Denies the allegations of subparagraphs 18a through18w.

x. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 18x. Denies the remaining allegations of paragraph 18x.

y-z. Denies the allegations of paragraphs 18y and18z.

19. Denies the allegations of paragraph 19.

20. Admits the allegations of paragraph 20.

21. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

22. Denies the allegations of paragraph 22 as a conclusion of law.

23. Denies the allegations of paragraph 23.

WHEREFORE, the defendant prays that this Court enter judgment in favor of defendant

and against plaintiff, determining that the adjustments made by the Salman Ranch LTD, FPAA to the partnership items for the period ending December 31, 1999, are correct; dismissing plaintiff's complaint; and granting such other and further relief as is just and proper.

Respectfully submitted,

s/ David R. House

DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3366
(202) 540-9440 (facsimile)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims

s/ David Gustafson