**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| Salman Ranch LTD, a New Mexico Limited Partnership, and William J. Salman as Tax Matters Partner Partner, | § | |
| | § | Case No. 06-503-T |
| Plaintiffs, | § | |
| | § | Judge Christine O.C. Miller |
| v. | § | |
| | § | |
| United States of America, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS


TABLE OF CONTENTS .......... i

TABLE OF AUTHORITIES .......... ii

I. QUESTION PRESENTED .......... 1

II. STATEMENT OF CASE .......... 2

III. SUMMARY OF ARGUMENT .......... 7

IV. ARGUMENT AND AUTHORITIES .......... 8

A. This Motion Satisfies the Applicable Standard for Summary Judgment .......... 8

B. The Statute of Limitations Provided in 26 U.S.C. §§ 6229 and 6501 Has Expired. .......... 9

C. The Statute of Limitations Extension Provided by 26 U.S.C. §§ 6229(c)(2) and 6501(e)(1) Is Not Applicable. .......... 10

1. The Income of the Partnership Was Not Omitted From the Partnership's Return. .......... 10

2. The Property Sold by the Partnership Was a Good Sold by a Trade or Business and There Was No Omission of any Gross Receipts. .......... 13

3. The Partnership's Return Had Adequate Disclosure of the Nature and Amount of the Sale of the Ranch. .......... 14

4. Any Difference Between the Partnership and the United States as to the Basis of the Partnership's Property Does Not Result in an Omission of Income. .......... 16

V. CONCLUSION .......... 17

# TABLE OF AUTHORITIES

## CASES

*Anchor Sav. Bank, F.S.B. v. United States*, 59 Fed. Cl. 126 (2003) .................................. 8

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ...................................................... 8

*CC&F Western Operations Limited Partnership v. Commissioner*, 273 F.3d 402 (1st Cir. 2001) ........................................................................ 12

*Celotex Corporation v. Catrett*, 477 U.S. 317 (1986) ...................................................... 8

*Colony, Inc. v. Commissioner*, 357 U.S. 28 (1958) ....................................... 10, 11, 12, 13

*Courtney v. Commissioner*, 28 T.C. 658 (1957) ............................................................ 14

*Davis v. Hightower*, 230 F.2d 549 (5th Cir. 1956) ........................................................ 16

*Fields v. Commissioner*, TC Memo 1981-653 ................................................................ 14

*George Edward Quick Trust v. Commissioner*, 54 T.C. 1336 (1970) ......................... 15, 16

*Goodenow v. Commissioner*, 238 F.2d 20 (8th Cir. 1956) .............................................. 16

*Ketchum v. Commissioner*, 697 F.2d 466 (2nd Cir. 1982) .............................................. 14

*Estate of Klein v. Commissioner*, 537 F.2d 701 (2nd Cir. 1976) ..................................... 14

*Lazarus v. United States*, 136 Ct. Cl. 283 (1956) ...................................................... 12, 16

*Myers v. United States*, 72-2 U.S. Tax Cas. (CCH) ¶ 9669, 30 A.F.T.R.2d (RIA) 5332 (S.D.Cal. 1972) ............................................................ 16

*Patterson v. United States*, 198 Ct. Cl. 543 (1972) ........................................................ 14

*Rodman v. Commissioner*, TC Memo 1973-277 ............................................................. 14

*Schnieder v. Commissioner*, T.C. Memo 1985-139 ......................................................... 14

*Shaheen v. Commissioner*, TC Memo 1987-486 ............................................................. 14

*Shaw v. Commissioner*, TC Memo 2003-111 ................................................................. 14

*Slaff v. Commissioner*, 220 F.2d 65 (9th Cir. 1955) .......... 12, 13

*Southwest Inv. Co. v. United States*, 63 Fed. Cl. 182 (2004) .......... 8

*Stafford v. Commissioner*, TC Memo 1992-637 .......... 14

*True v. United States*, 173 Ct. Cl. 706 (1965) .......... 12

*University Country Club, Inc. v. Commissioner*, 64 T.C. 460 (1975) .......... 12, 13

*Walker v. Commissioner*, 46 T.C. 630 (1966) .......... 16

*Waller v. Commissioner*, T.C. Memo 1991-183 .......... 14

*Wolk v. United States*, 84-1 U.S. Tax Cas. (CCH) ¶ 9511, 54 A.F.T.R.2d (RIA) 5306 (S.D.N.Y. 1984) .......... 14

**STATUTES**

26 U.S.C. § 691(a) .......... 15

26 U.S.C. § 743 .......... 15, 16

26 U.S.C. § 754 .......... 15, 17

26 U.S.C. § 1014(c) .......... 15

26 U.S.C. § 6072(a) .......... 9

26 U.S.C. § 6229 .......... 9, 10, 11

26 U.S.C. § 6229(a) .......... 9

26 U.S.C. § 6229(c)(2) .......... 10, 12, 13

26 U.S.C. § 6231(a)(3) .......... 9

26 U.S.C. § 6501 .......... 9, 10

26 U.S.C. § 6501(a) .......... 9

26 U.S.C. § 6501(e) .......... 16

26 U.S.C. § 6501(e)(1) .......... 10, 12, 13

26 U.S.C. § 6501(e)(1)(A) .......... 10, 11, 13

26 U.S.C. § 6501(e)(1)(A)(i) .......... 13, 14

26 U.S.C. § 6501(e)(1)(A)(ii) .......... 14

26 U.S.C. § 275(c) of the Internal Revenue Code of 1939 .......... 11

**REGULATIONS**

Treas. Reg. § 301.6501(e)-1(a)(1) .......... 13

**MISCELLANEOUS**

RCFC 56 .......... 1, 8

ILM 200537029 (June 1, 2005) .......... 10

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| Salman Ranch LTD, a New Mexico Limited Partnership, and William J. Salman as Tax Matters Partner Partner, | § | |
| Plaintiffs, | § | Case No. 06-503-T |
| | § | Judge Christine O.C. Miller |
| v. | § | |
| United States of America, | § | |
| Defendant. | § | |

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

This is an income tax case governed by the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"). On April 10, 2006, the Internal Revenue Service (the "IRS") issued a Final Partnership Administrative Adjustment (the "FPAA") to Plaintiff Salman Ranch LTD (the "Partnership"). The FPAA proposed adjustments to partnership items of the Partnership for the tax year ending December 31, 1999 (the "1999 Tax Year"). The proposed adjustments would result in an increase in the tax liability of the direct and indirect, individual partners of the Partnership for the 1999 Tax Year. Because the period for assessing income tax against the partners of the Partnership for the 1999 Tax Year has expired, Plaintiffs seek summary judgment in their favor under Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC 56").

## I. QUESTION PRESENTED

Has the period for assessing income tax against the direct and indirect partners of the Partnership with regard to the Partnership's 1999 partnership items expired?

## II. STATEMENT OF CASE

History of the Ranch. William Salman Ranch, Inc. (the "Corporation") was incorporated on March 1, 1974 in New Mexico.[1] The Corporation operated a ranch in Mora County, New Mexico known as the Salman Ranch (the "Ranch").[2]

Beginning in about 1976, William J. Salman and his siblings, David M. Salman and Frances S. Koenig, and their families began receiving stock in the Corporation as gifts.[3] On December 1, 1986, the shareholders and directors of William Salman Ranch, Inc. adopted resolutions to dissolve the Corporation.[4] By deeds and bills of sale, the Corporation transferred the Ranch to the shareholders on December 22, 1986.[5] At that time, the shareholders (and their interest in the Corporation) were William J. Salman (8.7286%), David M. Salman (8.7286%), Frances S. Koenig (8.7276%), the Frances D. Salman Testamentary Trust (46.3235%), David Mark Salman (4.0336%), Michael Richard Salman (4.0336%), Jefferson Brandli Salman (7.3190%), Lynn Koenig (4.0336%), Lisa Koenig (4.0336%) and Julia S. Koenig (4.0373%).[6]

Formation of the Partnership. On January 1, 1987, the Partnership was formed and each of the former shareholders of the Corporation contributed their undivided interests in the Ranch to the Partnership.[7] The interests in the Partnership from January 1, 1987 to January 1, 1989 were:[8]

---

[1] New Mexico Secretary of State Record for William Salman Ranch, Inc., attached as Pl. Ex. 4.

[2] Prop. Finding 2 citing Decl. ¶ 3.

[3] Prop. Finding 3 citing Decl. ¶ 4.

[4] Prop. Finding 4 citing Decl. ¶ 5.

[5] Prop. Finding 5 citing Decl. ¶ 6.

[6] Prop. Finding 6 citing Decl. ¶ 7.

[7] Prop. Finding 7 citing Decl. ¶ 8.

[8] Prop. Finding 8 citing Decl. ¶ 9.

| Name | General Partner Interest | Limited Partner Interest |
|---|---|---|
| William J. Salman | 0.74982% | 7.97878% |
| David M. Salman | 0.74982% | 7.97878% |
| Frances S. Koenig | 0.74982% | 7.97878% |
| Frances D. Salman Testamentary Trust | 0.0% | 46.3235% |
| David Mark Salman | 0.0% | 4.0336% |
| Michael R. Salman | 0.0% | 4.0336% |
| Jefferson B. Salman | 0.0% | 7.3190% |
| Lynn Koenig | 0.0% | 4.0336% |
| Lisa Koenig | 0.0% | 4.0336% |
| Julia Koenig | 0.0% | 4.0373% |

On January 1, 1989, the Frances D. Salman Testamentary Trust distributed its interests in the Partnership to William J. Salman, David M. Salman and Frances S. Koenig, in roughly equal parts.[9]

On October 8, 1999, each of William J. Salman, David Mark Salman, Michael R. Salman, Aaron G. Salman, Jacob M. Salman, David M. Salman, Jefferson B. Salman, Molly M. Salman, Mackenzie A. Salman, Frances S. Koenig, Julia S. Koenig, Lisa Koenig, Lynn Koenig-Trojahn, Rachel Trojahn and Emma M. Reford (the "Relevant Taxpayers") entered into short sales of U.S. Treasury Notes, bearing 5.625% coupons.[10] These short sale resulted in aggregate cash proceeds of approximately $10,982,373.[11] On or about October 13, 1999, the Relevant

[9] Prop. Finding 9 citing Decl. ¶ 10.

[10] Prop. Finding 10 citing Decl. ¶ 11.

[11] Prop. Finding 11 citing Decl. ¶ 12.

Taxpayers transferred the short positions and the cash proceeds to the Partnership.[12] The Partnership closed the short sales shortly thereafter at a cost of approximately $10,980,688.[13]

On December 30, 1998, the New Mexico Secretary of State recorded the filing of certificates of limited partnership for William J. Salman Family Limited Partnership ("WJS FLP"), David M. Salman Family Limited Partnership ("DMS FLP") and Frances S. Koenig Family Limited Partnership ("FSK FLP").[14] On November 30, 1999, William J. Salman, David Mark Salman, Michael R. Salman, Aaron G. Salman and Jacob M . Salman contributed a portion of their interests in the Partnership to WJS FLP.[15] Likewise, on November 30, 1999, David M. Salman, Jefferson B. Salman, Molly M. Salman and Mackenzie A. Salman contributed a portion of their interests in the Partnership to DMS FLP.[16] Also, on November 30, 1999, Frances S. Koenig, Julia S. Koenig, Lisa Koenig, Lynn Koenig-Trojahn, Rachel Trojahn and Emma M. Reford contributed a portion of their interests in the Partnership to FSK FLP.[17] After these transfers, the interests in the Partnership were:[18]

| Name | General Partner Interest | Limited Partner Interest |
|---|---|---|
| William J. Salman | 0.74982% | 0.5000% |

[12] Prop. Finding 12 citing Decl. ¶ 13.

[13] Prop. Finding 13 citing Decl. ¶ 14.

[14] *See* Certified Copy of Certificate of Limited Partnership for Williams J. Salman Family Limited Partnership, attached as Pl. Ex. 1; Certified Copy of Certificate of Limited Partnership for David M. Salman Family Limited Partnership, attached as Pl. E. 2; and Certified Copy of Certificate of Limited Partnership for Francis S. Koenig Family Limited Partnership, attached as Pl. Ex. 3.

[15] Prop. Finding 15 citing Decl. ¶ 15.

[16] Prop. Finding 16 citing Decl. ¶ 16.

[17] Prop. Finding 17 citing Decl. ¶ 17.

[18] Prop. Finding 18 citing Decl. ¶ 18.

| | | |
|---|---|---|
| David M. Salman | 0.74982% | 0.5000% |
| Frances S. Koenig | 0.74982% | 0.5000% |
| David Mark Salman | 0.0% | 0.5000% |
| Michael R. Salman | 0.0% | 0.5000% |
| Jefferson B. Salman | 0.0% | 0.5000% |
| Lynn Koenig | 0.0% | 0.5000% |
| Lisa Koenig | 0.0% | 0.5000% |
| Julia Koenig | 0.0% | 0.5000% |
| Rachel Trojahn | 0.0% | 0.5000% |
| Jacob M. Salman | 0.0% | 0.5000% |
| Aaron G. Salman | 0.0% | 0.5000% |
| Molly M. Salman | 0.0% | 0.5000% |
| Mackenzie A. Salman | 0.0% | 0.5000% |
| Emma Redford | 0.0% | 0.5000% |
| WJS FLP | 0.0% | 28.9871% |
| DMS FLP | 0.0% | 28.7390% |
| FSK FLP | 0.0% | 32.5245% |

Sale of the Ranch. On December 23, 1999, the Partnership sold a portion of the Ranch for $7,088,588.[19] At that time, the Partnership also sold an option to acquire the remainder of the Ranch (with the exception of approximately 2400 acres surrounding the original hacienda, the

[19] Prop. Finding 19 citing Decl. ¶ 19.

buildings located near to the original hacienda and the dwelling house of David M. Salman), with an option price of $100,000 and an exercise price of $656.12 per acre.[20]

The Partnership reported the sale that occurred on December 23, 1999 on its IRS Form 1065 for the 1999 Tax Year (the "Partnership's Return").[21] The Partnership's Return was filed during 2000.[22]

The gain on the sale of the Ranch was reported as gain on the sale of property used in the Partnership's trade or business on line 6 of Schedule K of the Partnership's Return, which requires IRS Form 4797 to be attached.[23] This gain was reported on line 6 of the Form 4797 that was attached to the Partnership's Return.[24] The detail of the transaction was reported on line 2 of that form. Line 2(d) of the Form 4797 attached to the Partnership's Return stated the "gross sales price" as $7,188,588.[25] Line 2(f) of that form disclosed the costs of the property as $6,850,276.[26] Line 6 of each Schedule K-1 issued by the Partnership to its partners for the 1999 Tax Year contained each partner's share from the sale.[27]

WJS FLP, DMS FLP and FSK FLP each reported its share from the sale to its partners on its tax return for the 1999 Tax Year and on the Schedule K-1s issued by each of them for that year to its partners.[28] Each of the Relevant Taxpayers reported (and paid tax on) his or her share

[20] Prop. Finding 20 citing Decl. ¶ 20.

[21] Prop. Finding 21 citing Decl. ¶ 20.

[22] Prop. Finding 21 citing Decl. ¶ 20.

[23] Prop. Finding 22 citing Decl. ¶ 20.

[24] Prop. Finding 23 citing Decl. ¶ 20.

[25] Prop. Finding 24 citing Decl. ¶ 20.

[26] Prop. Finding 24 citing Decl. ¶ 20.

[27] Prop. Finding 25 citing Decl. ¶ 20.

[28] Prop. Finding 26 citing Decl. ¶ 23-24; *See, e.g.*, WJS FLP 1999 Form 1065, attached as Pl. Ex. B to Decl.

from the sale on IRS Forms 1040 for the 1999 Tax Year, each of which was filed during 2000.[29] None of the Partnership, WJS FLP, DMS FLP, FSK FLP, or any of the Relevant Taxpayers agreed to any extension of the periods provided for the assessment of income taxes for the 1999 Tax Year.[30]

The IRS Proceedings. On March 6, 2006, the IRS sent a Notice of Beginning of Administrative Proceedings to the Partnership and its partners.[31] The IRS sent Information Document Requests to the Partnership on March 6, 2006.[32] The response to these requests were sent on March 27, 2006.[33] On April 10, 2006, the IRS sent the FPAA to the Partnership and its partners.[34] The FPAA proposed an adjustment to the Partnership's treatment of its sale of the Ranch, by decreasing the Partnership's basis in the Ranch and therefore increasing the tax on the sale of the ranch.[35] On July 5, 2006, the Partnership and William J. Salman, as the tax matters partner of the Partnership, filed their complaint in this Court.[36] The United States answered on November 2, 2006.[37]

## III. SUMMARY OF ARGUMENT

26 U.S.C. § 6501(a) provides that the taxes for a tax year must be assessed within three years after the return for that tax year was filed. 26 U.S.C. § 6229(a) provides that the period for

[29] Prop. Finding 27 citing Decl. ¶ 26-27; *See, e.g.*, William J. Salman 1999 Form 1040, attached as Pl. Ex. C to Decl.

[30] Prop. Finding 35 citing Decl. ¶ 29.

[31] *See* Notice of Beginning of Administrative Proceeding.

[32] *See* Forms 4564, Information Document Requests 1-2.

[33] Prop. Finding 30 citing Decl. ¶ 28.

[34] *See* Notice of Final Partnership Administrative Adjustment, attached to Comp. for Readjustment of Partnership Items.

[35] *Id.*

[36] *See* Comp. for Readjustment of Partnership Items.

[37] *See* Answer.

assessing any tax that is attributable to any partnership item for a partnership tax year shall not expire before the date which is three years after the later of (1) the date on which the partnership return was filed or (2) the last day for filing such return for such tax year (determined without regard to extensions). The three-year periods provided by 26 U.S.C. § 6229 as to the Partnership, WJS FLP, DMS FLP and FSK FLP expired on or before December 31, 2003. The three-year periods provided by 26 U.S.C. § 6501 as to each of the Relevant Taxpayers expired on or before December 31, 2003. Since the period within which taxes for the 1999 Tax Year must be assessed expired long before the FPAA was issued, Plaintiffs are entitled to summary judgment in their favor.

## IV. ARGUMENT AND AUTHORITIES

### A. This Motion Satisfies the Applicable Standard for Summary Judgment

The Plaintiffs submit that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.[38] The mere existence of some factual dispute will not defeat summary judgment; only disputes over facts that might affect the outcome of the case will bar summary judgment.[39]

None of the relevant facts supporting this Motion are in dispute. The relevant facts were admitted in the United States's answer and as to the legal dispute (if there is one) under 26 U.S.C. § 6229(c)(2) come from tax returns filed by the Partnership and its partners.

---

[38] RCFC 56(c); *Celotex Corporation v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Anchor Sav. Bank, F.S.B. v. United States*, 59 Fed. Cl. 126, 140 (2003).

[39] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 247-8; *Southwest Inv. Co. v. United States*, 63 Fed. Cl. 182, 192 (2004).

**B. The Statute of Limitations Provided in 26 U.S.C. §§ 6229 and 6501 Has Expired.**

The time for assessing any tax against the Relevant Taxpayers for the 1999 Tax Year has expired. 26 U.S.C. § 6501(a) provides, in pertinent part, "the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed." As each of the Relevant Taxpayers filed his or her tax return for the 1999 Tax Year on or before December 31, 2000, the period for assessing tax against the Relevant Taxpayers ended on or before December 31, 2003.

With respect to the tax attributable to "partnership items" (including the tax attributable to the Partnership's sale of the Ranch),[40] 26 U.S.C. § 6229(a) provides that:

> the period for assessing any tax . . . shall not expire before the date which is 3 years after the later of (1) the date on which the partnership return for such taxable year was filed, or (2) the last day for filing such return for such year (determined without regard to extensions).

The Partnership's Return was filed on or before December 31, 2000. The last day for filing the Partnership's Return was April 15, 2000.[41] The three-year period specified in 26 U.S.C. § 6229(a) expired on or before December 31, 2003, by which date the time for assessing tax against the Relevant Taxpayers for the 1999 Tax Year expired. Therefore, the period for assessing tax against the Relevant Taxpayers for the 1999 Tax Year, whether such tax was attributable to partnership items of the Partnership or not, expired on or before December 31, 2003.

Since the period for assessing income tax against the Relevant Persons (generally and as to the Partnership's partnership items) has expired, summary judgment in favor of the Plaintiffs should be granted. Any determination in favor of the United States on the issue of the

[40] 26 U.S.C. § 6231(a)(3).

[41] 26 U.S.C. § 6072(a).

Partnership's treatment of the sale of the Ranch cannot result in an assessment of tax against the Relevant Taxpayers because the period for assessing such tax has expired.

### C. The Statute of Limitations Extension Provided by 26 U.S.C. §§ 6229(c)(2) and 6501(e)(1) Is Not Applicable.

Since the FPAA was clearly issued well after the expiration of the three-year periods specified in 26 U.S.C. §§ 6229 and 6501, the Plaintiffs assume that the United States contends that the six-year period provided by 26 U.S.C. §§ 6229(c)(2) or 6501(e)(1) is applicable.[42] Those sections are not applicable to this case.

#### 1. The Income of the Partnership Was Not Omitted From the Partnership's Return.

26 U.S.C. § 6229(c)(2) provides that "If any partnership omits from gross income an amount properly included therein which is in excess of 25 percent of the amount of gross income stated in its return, subsection (a) shall be applied by substituting '6 years' for '3 years.'" If this section applied to the Partnership's Return, the period for assessing tax associated with the Partnership's partnership items would not have expired until six years after the Partnership's tax return for the 1999 Tax Year was filed (sometime before December 31, 2006) (which is also the date that the period would have expired under 26 U.S.C. § 6501(e)(1)).[43] That section does not apply to the Partnership's Return because the Partnership did not omit any gross income.

This case is identical to *Colony, Inc. v. Commissioner*, in which the Supreme Court held that no income had been omitted.[44] That case considered the application of Section 275(c) of the

[42] ILM 200537029 (June 1, 2005).

[43] 26 U.S.C. § 6501(e)(1)(A) provides, in pertinent part, "[i]f the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed … at any time within 6 years after the return was filed."

[44] 357 U.S. 28 (1958).

Internal Revenue Code of 1939, a statute with language that is nearly identical to 26 U.S.C. § 6229.[45] The case also involved a factual situation that is substantively the same as this case.

The taxpayer in *Colony* "understated the gross profits on the sales of certain lots of land for residential purposes as a result of having overstated the 'basis' of such lots by erroneously including in their cost certain unallowable items of development expense."[46] In the case before this Court, the United States claims that the Partnership understated the gross profit on the sale of the Ranch as a result of having erroneously overstated the tax basis of the Ranch.

In considering what constituted an omission under Section 275(c), the Supreme Court found that:

> Congress was addressing itself to the specific situation where a taxpayer actually omitted some income receipt or accrual in his computations of gross income, not more generally to errors in that computation arising from other causes.[47]

The Supreme Court specifically noted that the statute was not "cast in terms of errors in the total tax due or in total taxable net income."[48] After deciding that the statute was intended to give the Commissioner additional time to investigate cases where, because of a taxpayer's omission to report some taxable item, the Commissioner is at a special disadvantage in detecting errors, the court found that:

---

[45] Section 275(c) of the Internal Revenue Code of 1939 read "if the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed … at any time within 5 years after the return was filed." The Supreme Court noted that its conclusion was "in harmony with" 26 U.S.C. § 6501(e)(1)(A). *Colony*, 357 U.S. at 37.

[46] *Colony*, 357 U.S. at 30.

[47] *Id.* at 33.

[48] *Id.* at 36. Had the statute been cast in such terms, overstatements of basis (and the consequential understatements of net gain) would lead to the extended statute of limitations. However, the statute in that case (and those under consideration here) are cast in terms of omissions of "gross income."

> when, as here, the understatement of a tax arises from an error in reporting an item disclosed on the face of the return the Commissioner is at no such disadvantage. And this would seem to be so whether the error be one affecting 'gross income' or one, such as overstated deductions, affecting other parts of the return.[49]

The Supreme Court, thus, considered overstated basis as to a transaction disclosed on the return to be an error, but not an omission qualifying for an extension of time under the predecessor statute to 26 U.S.C. §§ 6229(c)(2) and 6501(e)(1).

Applying the precedent and reasoning of *Colony* to the present case, even if the basis of the Ranch was overstated, as contended by the FPAA, there was no omission of income. The Partnership clearly disclosed the sale of the Ranch on the Partnership's Return. It disclosed the receipts from the sale and disclosed what it believed (and continues to believe) to be the correct basis of the Ranch. Even if the Partnership was wrong in its belief as to the correct basis of the Ranch, the Supreme Court in *Colony* concluded that such an error in determining basis is not an error that puts the United States at a special disadvantage to detect it and, thus, is not an error that warrants the application of the six-year period under either 26 U.S.C. § 6229(c)(2) or 26 U.S.C. § 6501(e)(1).

In other similar cases, courts have found that the six-year statute did not apply where the transaction was disclosed on the face of the return.[50] In *Lazarus*, the taxpayer disclosed an amount erroneously claimed as capital gain.[51] In *Slaff*, the taxpayer disclosed the amount he had

---

[49] *Id.*

[50] *Lazarus v. United States*, 136 Ct. Cl. 283 (1956); *Slaff v. Commissioner*, 220 F.2d 65, 68 (9th Cir. 1955); *University Country Club, Inc. v. Commissioner*, 64 T.C. 460, 471 (1975). Courts have found omissions where all or a portion of a taxpayer or partnership's receipts or entire transactions are not disclosed on the returns. *CC&F Western Operations Limited Partnership v. Commissioner*, 273 F.3d 402 (1st Cir. 2001); *True v. United States*, 173 Ct. Cl. 706 (1965). However, the case at bar does not present that factual scenario, as the Partnership disclosed the sale of the Ranch and all of the proceeds therefrom.

[51] 136 Ct. Cl. at 285.

received for services while abroad during World War II and erroneously claimed that these receipts were exempt from taxable income.[52] In *University Country Club*, the taxpayer disclosed the proceeds that it claimed were received in exchange for its stock but which the IRS claimed were taxable income for the use of the club.[53] In all of these situations, the courts determined that the IRS was apprised of the transactions and the amounts in question on the tax return and that there were no omissions.[54]

Here, the Partnership clearly disclosed the sale of the Ranch on its tax return and all of the receipts from that sale. Thus, the six-year periods contemplated by 26 U.S.C. §§ 6229(c)(2) and 6501(e)(1) are not applicable and summary judgment in favor of the Plaintiffs is warranted.

**2. The Property Sold by the Partnership Was a Good Sold by a Trade or Business and There Was No Omission of any Gross Receipts.**

The Supreme Court viewed its holding in *Colony* to be "in harmony" with 26 U.S.C. § 6501(e)(1)(A).[55] This may have been due to the enactment of 26 U.S.C. § 6501(e)(1)(A)(i), which states:

> [i]n the case of a trade or business, the term 'gross income' means the total of the amounts received or accrued from the sale of goods or services (if such amount are required to be shown on the return) prior to diminution by the cost of such sales or services.[56]

The Supreme Court seems to have believed that the sales of land in a trade or business fit the Congressional clarification of the definition of "gross income." Had that provision been applicable to the facts in *Colony*, the same holding (i.e., that the six-year period was inapplicable) would have applied.

---

[52] 220 F.2d at 66.

[53] 64 T.C. at 469.

[54] *See* note 50.

[55] 357 U.S. at 37.

[56] *See also* Treas. Reg. § 301.6501(e)-1(a)(1)(ii).

Similarly, the Partnership was engaged in a trade or business, i.e., ranching.[57] It sold a good (i.e., the Ranch land and appurtenant personal property, water rights and mineral rights) and reported the amount received from that sale (as required to be shown on the return). There was no omission as to the amount received by the Partnership on this sale.[58] As clarified by 26 U.S.C. § 6501(e)(1)(A)(i), "gross income" is without diminution for the cost (i.e., the basis) of such sale. This provision in the statute makes it clear that the six-year period is not applicable with regard to situations where the cost or basis shown on the return is claimed to be incorrect.

### 3. The Partnership's Return Had Adequate Disclosure of the Nature and Amount of the Sale of the Ranch.

In addition to the clarification that Congress made in 1954 by adding 26 U.S.C. § 6501(e)(1)(A)(i), Congress also added an "adequate disclosure" safe harbor. Specifically, 26 U.S.C. § 6501(e)(1)(A)(ii) states:

> [i]n determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the nature and amount of such item.

This provision allows taxpayers to disclose the nature and amount of a transaction where the income from such transaction might otherwise be viewed as omitted from the return.

---

[57] Plaintiffs acknowledge that 26 U.S.C. § 6501(e)(1)(A)(i) would not be applicable to a sale that is not in a trade or business setting. *See, e.g., Schnieder v. Commissioner*, T.C. Memo 1985-139. However, the Partnership did sell the Ranch in the context of a trade or business, making that statute applicable. *See, e.g., Patterson v. United States*, 198 Ct. Cl. 543 (1972).

[58] *See Waller v. Commissioner*, TC Memo 1991-183; *Shaheen v. Commissioner*, TC Memo 1987-486; *Rodman v. Commissioner*, TC Memo 1973-277, aff'd in part and rev'd in part on other issues, 542 F.2d 845 (2d Cir. 1976). *See also Shaw v. Commissioner*, TC Memo 2003-111; *Stafford v. Commissioner*, TC Memo 1992-637; *Wolk v. United States*, 84-1 U.S. Tax Cas. (CCH) ¶ 9511, 54 A.F.T.R.2d (RIA) 5306 (S.D.N.Y. 1984); *Courtney v. Commissioner*, 28 T.C. 658, 668 (1957); *Estate of Klein v. Commissioner*, 537 F.2d 701, 706 (2nd Cir. 1976); *Ketchum v. Commissioner*, 697 F.2d 466, 470 (2nd Cir. 1982); *Fields v. Commissioner*, TC Memo 1981-653.

As explained above, the Partnership did not omit any income. Even if the Partnership's determination of its basis in the Ranch was considered to be an omission of income, however, summary judgment in favor of the Plaintiffs is still warranted because the Partnership's Return disclosed the nature and amount of the income that would be considered to be omitted. The Partnership's Return clearly indicated that the Partnership sold assets used in a trade or business by reporting "section 1231 gain", which is adequate disclosure of the nature of the income. The amount of the income is easily determined by the reporting of the gross receipts from the sale.[59]

The Tax Court determined that disclosure was adequate in a similar factual situation.[60] In that case, Mr. Quick was a partner in a partnership ("M&Q") when he died in 1960.[61] The M&Q partnership return for 1960 included an election under 26 U.S.C. § 754.[62] Based on the estate's and M&Q's view of the basis adjustments, M&Q reported only a small amount of income to Mr. Quick's estate. Schedule M of the 1961 partnership return for M&Q also revealed the distributions that were made to Mr. Quick's estate.[63] Because the amount of these distributions disclosed the "amount" of the omitted income (i.e., the income that should have been reported due to the incorrect 26 U.S.C. § 743 adjustments), the Tax Court held that the estate received an

[59] Even if the government's construction of the Partnership's transactions is upheld, the Partnership would have had some tax basis in the Ranch. However, the purported omission would have been, at most, the full gross receipts from the sale.

[60] *George Edward Quick Trust v. Commissioner*, 54 T.C. 1336 (1970).

[61] *Id.* at 1338.

[62] *Id.* As a result of this election and Mr. Quick's death (and the resulting transfer of his interest in the partnership to his estate), an adjustment to the basis of the M&Q assets would have been made under 26 U.S.C. § 743. However, the Tax Court determined that the estate did not obtain an increase in the basis of the M&Q interest due to the application of 26 U.S.C. §§ 691(a)(1), 691(a)(3) and 1014(c).

[63] *Id.* at 1339.

amount in excess of the amount reported as income on the estate's return.[64] The Tax Court specifically stated that "[n]othing in the statute requires disclosure of the exact amount."[65]

Here, the Partnership's Return disclosed the gross receipts of the Partnership from the sale of the Ranch. Even if an omission resulted from an incorrect adjustment under 26 U.S.C. § 743, the IRS had sufficient information with regard to the potential amount of such omission and of the nature of the omission.

**4. Any Difference Between the Partnership and the United States as to the Basis of the Partnership's Property Does Not Result in an Omission of Income.**

Prior to the 1954 amendments to 26 U.S.C. § 6501(e), the Circuit Courts had found that no omission occurred where the taxpayer disclosed the transaction that gave rise to the income.[66] After the 1954 amendments, the Tax Court held that an omission from gross income does not arise by "reason of a difference between [the taxpayer] and the [Commissioner] as to the legal construction to be applied to a disclosed transaction."[67] This common law holding (which survived the 1954 amendments) clarifies that, at least where the tax law allows for multiple views of certain transactions, a taxpayer is not obligated to report his transactions according to the government's view of the transactions. To so require would eliminate any ability to take a position (warranted by the applicable legal authorities) contrary to the government's position.

The underlying issue in this case stems from a difference between the Partnership and the government regarding how the Partnership's basis in the Ranch is computed. Without arguing in the proceedings surrounding the Plaintiffs' Motion for Summary Judgment in favor of the

---

[64] *Id.* at 1347.

[65] *Id.*; *Myers v. United States*, 72-2 U.S. Tax Cas. (CCH) ¶ 9669, 30 A.F.T.R. 2d (RIA) 5332 (S.D. Cal. 1972).

[66] *Davis v. Hightower*, 230 F.2d 549, 553 (5th Cir. 1956); *Goodenow v. Commissioner*, 238 F.2d 20 (8th Cir. 1956); *see also Lazarus v. United States*, 136 Ct. Cl. 283 (1956).

[67] *Walker v. Commissioner*, 46 T.C. 630 (1966), *discussing Davis v. Hightower*.

Partnership's position as to its transactions, it is clear that the Relevant Taxpayers (and their entities) did not omit income, as they fully and completely reported the transactions in which they engaged. The Partnership disclosed the sale of the Ranch in the Partnership's Return and its election under 26 U.S.C. § 754 in its tax return for the taxable year ending November 30, 1999. The Relevant Taxpayers and WJS FLP, DMS FLP and FSK FLP each disclosed their interest in the Partnership and each of the Relevant Taxpayers disclosed their interests in their respective family partnership and their short sale transactions in their tax returns for the 1999 Tax Year. Thus, no omission can result from the full and complete information, based on the taxpayers' view of the transactions, reported on these tax returns.

## V. CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Summary Judgment should be granted. Plaintiffs request all such and additional relief to which they may be entitled.

Respectfully submitted on February 1, 2007,

By: s/ Adam M. Cohen

Adam M. Cohen, attorney of record
Colorado State Bar No. 31924
Alan Poe, of counsel
Colorado State Bar No. 7641

HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, Colorado 80202
(303) 295-8372 Telephone
(303) 295-8261 Facsimile
acohen@hollandhart.com
apoe@hollandhart.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2007, I electronically filed the foregoing Plaintiffs' Motion for Summary Judgment with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

David R. House
U.S. Department of Justice—Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044

/s/ Adam M. Cohen
Adam M. Cohen