IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Christine O.C. Miller)

No. 06-503

SALMAN RANCH LTD, a New Mexico Limited partnership,
and William J. Salman as Tax Matters Partner,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

Defendant.

# DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56 of the Rules of the United States Court of Federal Claims, the United States submits these Proposed Findings of Uncontroverted Fact. These proposed findings are based upon plaintiffs' complaint, the Notice of Final Administrative Adjustments attached to plaintiffs' complaint as Exhibit A ("FPAA"), and the declaration of David R. House ("House Decl.") with exhibits, attached hereto. Although reference is made in these Proposed Findings to the "partnership" and "partners", defendant does not concede that, under the applicable law, a viable partnership or the alleged entities existed. Further, The United States asserts the following facts for summary judgment purposes only. The United States may argue during the trial of this case's merits that the transactions described should be re-characterized or set aside and ignored.

1. The trade or business of Salman Ranch was ranching and its principal product or services was "crops & cattle." (Salman Ranch Form 1065 for the period ending November 30, 1999, House Decl., Ex. A; Salman Ranch Form 1065 for the period ending December 31, 1999, House Decl., Ex. B .)

2. The partners in Salman Ranch, Ltd., ("Salman Ranch") increased their basis in their partnership interests by the amount of the proceeds received from the short sales of Treasury Notes and alleged to have been transferred to the partnership. (FPAA Explanation of Items, Para. C.)

3. The partners did not decrease their bases in their partnership interests by the obligation to close the short positions also alleged to have been transferred. (Complaint para. 18(l); FPAA; Ex. A, para. 4).

4. In November of 1999, certain partners contributed portions of their partnership interests in Salman Ranch to 3 family partnerships. (Pl. Prop. Finding 15-17.) The transfer caused a technical termination of the Salman Ranch as a partnership and Salman Ranch filed final partnership return for the period ending November 30, 1999. (House Decl. Ex. A.)

5. On or about April 18, 2000, Salman Ranch Ltd. filed a final return, Form 1065, for the period ending November 30, 1999. A true and correct copy of that return is attached as Exhibit A to the Declaration of David House filed in Appendix A to the Cross Motion for Summary Judgment of the United States.

6. The final return filed by Salman Ranch for November 30, 1999, made an election to adjust basis pursuant to § 754 of the Internal Revenue Code. (House Decl., Exhibit A.)

7. Nowhere in the return filed by Salman Ranch Ltd., for the period ending November 30, 1999, is there any reference to the assumption by Salman Ranch of the partners' liability to close the partners' short positions in Treasury Notes. (House Decl., Exhibit A.)

8. Nowhere in the return filed by Salman Ranch Ltd., for the period ending November 30, 1999, is there any reference to the partners' alleged contribution of proceeds from the short sale of Treasury Notes. (House Decl., Exhibit A.)

9. Nowhere in the return filed by Salman Ranch Ltd., for the period ending November 30, 1999, is there any reference to Salman Ranch closing the short position of Treasury Notes for a loss. (House Decl., Exhibit A.)

10. The return filed by Salman Ranch for the period ending November 30, 1999, does not contain any Form K-1 issued to any partner which reports a loss to any partner resulting from closing the short position in Treasury Notes. (House Decl., Exhibit A.)

11. In each partners' Form 1040 filed for 1999, there is a reference on Schedule D to a transaction in Treasury Notes. The Schedule D for each partner reflects that the treasury notes were acquired on "various" dates and sold on October 8, 1999 for a small loss. (House Decl. paras. 11, 12, and 13, Exhibits C and D.)

12. There is no indication in the partners' individual Form 1040 returns filed for 1999 that the partnership had assumed the liability to cover the short position in Treasury Notes. (House Decl. Exhibits C and D.)

13. There is no Form K-1 attached to the partners' individual Form 1040 returns filed for 1999 that indicated Salman Ranch had passed a loss incurred on closing the short position in Treasury Notes through to the partners of Salman Ranch. (House Decl. para. 14, Exhibits C and

D.)

14. There is no indication in the partners' individual Form 1040 returns filed for 1999 that Salman Ranch had closed the short position in Treasury Notes for a loss. (House Decl. para. 14, Exhibits C and D.)

15. On or about April 16, 2000, Salman Ranch filed its return for the period ending December 31, 1999. (House Decl., Ex. B.)

16. On the Form 1065 filed by Salman Ranch for the period ending December 31, 1999, Salman Ranch reported the sale of the ranch on Form 4797, and reported the gross proceeds from the sale as $7,188,588, and the cost or other basis as $6,850,276, with a gain of $338,312. (House Decl., Ex. B.)

17. The basis of the ranch as reported on Form 4797 attached to Salman Ranch's Form 4797 included the amounts from the alleged contribution of the proceeds from the short sale of Treasury Notes referred to in plaintiff's Proposed Finding 12, but was not reduced by the obligation to close that short position. (FPAA, Ex. A to plaintiff's complaint, Explanation of Items, para. A.)

18. On April 10, 2006, the Service issued an FPAA which made adjustments to the Form 1065 filed by Salman Ranch for the period ending December 31, 1999. (FPAA, Exhibit A to plaintiff's complaint.)

19. The adjustments to Salman Ranch's partnership return for the period ending December 31, 1999, as determined by the FPAA, included an increase in gain from the sale of the ranch in the amount of $4,567,949. The total gain from the sale of the ranch as determined by the FPAA was $4,906,261. (Ex. A to plaintiff's complaint, Explanation of Items, para. A.)

20. William J. Salman held a partnership interest in Salman Ranch as of December 31, 1999, of 1.2498%. (Ex. A to Decl. of William J. Salman.) William J. Salman's share from his partnership interest in Salman Ranch of the proposed increase in gain from the sale of the ranch as determined by the FPAA is $57,090 ($4,567,949 x 1.2498%).

21. William J. Salman Family Partnership held partnership interest in Salman Ranch as of December 31, 1999, of 28.8708%. (Ex. A to Decl. Of William J. Salman.) William J. Salman Family Partnership's share from its partnership interest in Salman Ranch of the proposed increase in gain from the sale of the ranch as determined by the FPAA is $1,318,803 ($4,567,949 x 28.8708%).

22. William J. Salman held a partnership interest in William J. Salman Family Partnership as of December 31, 1999, of 55.371%. (Ex. B to Decl. of William J. Salman.) William J. Salman's allocated share from his partnership interest in William J. Salman Family Partnership of the proposed increase in gain from the sale of the ranch as determined by the FPAA is $730,234 ($1,318,803 x 55.371%).

23. William J. Salman's total share of the proposed increase in gain from the sale of the ranch as determined by the FPAA is $787,234. (Prop. Findings 20 and 22.)

24. On or about April 15, 2000, William J. Salman filed his individual income tax return, Form 1040, for the period ending December 31, 1999. A true and correct copy of that return is attached to the Declaration of David R. House as Exhibit C. (House Decl., Ex. C.)

24. William J. Salman stated gross income on his individual return for the period ending December 31, 1999, of approximately $208,000, including the amount of $58,312 as his share of gain from the sale of the ranch, without taking into account losses reported on schedule E of that

return. That return does not report the gross proceeds received by Salman Ranch for the sale of the ranch. (House Decl., para. 15, Ex. C.)

26. If the adjustments made by the FPAA are determined to be correct, William J. Salman understated the income on his individual Form 1040 by more than 25%. ($787,234 / $208,000).

27. David M. Salman held a partnership interest in Salman Ranch as of December 31, 1999, of .5000%. (Ex. A to Decl. of William J. Salman.) David M. Salman's share from his partnership interest in Salman Ranch of the proposed increase in gain from the sale of the ranch as determined by the FPAA is $22,840 ($4,567,949 x .5%).

28. David M. Salman held a general partnership interest in William J. Salman Family Partnership as of December 31, 1999, of .0779 and a limited partnership interest of 17.3009% for a combined interest of 17.3788%. (Ex. B to Decl. of William J. Salman.) David M. Salman's allocated s increase hare from his partnership interest in William J. Salman Family Partnership of the proposed in gain from the sale of the ranch as determined by the FPAA is $229,192 ($1,318,803 x 17.3788%). (Gov. Prop. Finding 21.)

29. David M. Salman's total share of the proposed increase in gain from the sale of the ranch as determined by the FPAA is $252,032. (Prop. Findings 27 and 28.)

30. On or about August 17, 2000, David M. Salman filed his individual tax return, Form 1040, for the period ending December 31, 1999. A true and correct copy of that return is attached to the Declaration of David House as Exhibit D. (House Decl., Ex. D.)

31. David M. Salman stated gross income on his individual return for the period ending December 31, 1999, of approximately $193,224, including the amount of $18,666 as his share of

the gain from the sale of the ranch, taking into account only gross proceeds reported on schedule C and not taking into account losses reported on schedule E of that return. That return does not report the gross proceeds received by Salman Ranch for the sale of the ranch. (House Decl., para. 15, Ex. D.)

32. If the adjustments made by the FPAA are determined to be correct, David M. Salman omitted from income an amount which is in excess of 25% of the amount of gross income stated on his individual Form 1040. ($252,032 /$193,224).

33. On the Form 1065 filed by Salman Ranch for the period ending December 31, 1999, Salman Ranch stated its gross income as $362,215. (House Decl., para. 6, Ex. B.)

34. If the adjustments to Salman Ranch's partnership return as determined by the FPAA are upheld, Salman Ranch omitted the amount of $4,567,946 from the income reported on the Form 1065 for the period ending December 31, 1999. (Gov. Prop. Finding 18.)

35. If the adjustments to Salman Ranch's partnership return as determined by the FPAA are upheld, Salman Ranch omitted from income an amount which is in excess of 25% of the amount of gross income stated on his individual Form 1040. ($4,576,946/$362,215.)

36. Nowhere on the partners' Forms 1040 are the gross proceeds from the sale of the ranch reflected. The only item on the partners' returns indicating the sale of the ranch is the partner's share of the net gain, as calculated by the partnership. (House Decl. para. 15, Ex. C and D.)

Respectfully submitted,

s/ David R. House

DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3366
(202) 540-9440 (facsimile)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
GROVER HARTT, III
Senior Litigation Counsel

s/Grover Hartt, III

OF COUNSEL