IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Christine O.C. Miller)

No. 06-503

SALMAN RANCH LTD, a New Mexico Limited partnership,
and William J. Salman as Tax Matters Partner,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

Defendant.

DEFENDANT'S RESPONSE TO PLAINTIFF'S
PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to RCFC 56(h)(2), defendant hereby responds to plaintiff's Proposed Findings of Uncontroverted fact. Although reference is made in these responses to the "partnership" and "partners", defendant does not concede that, under the applicable law, a viable partnership or the alleged entities existed. Further, to the extent the United States admits or agrees to certain facts, the admission or agreement is for summary judgment purposes only. The United States may argue during the trial of this case's merits that the transactions described should be re-characterized or set aside and ignored.

1. William Salman Ranch, Inc. (the "Corporation") was incorporated in New Mexico on March 1, 1974. Decl. ¶ 2; *See also* Certified Copy of Certificate of Articles of Incorporation for William Salman Ranch, Inc., attached as Pl. Ex. 4.

Response:

Defendant agrees.

2. The Corporation operated a ranch in Mora County, New Mexico known as the Salman Ranch (the "Ranch") from 1974 to 1986. Decl. ¶ 3.

Response:

Defendant agrees.

3. Beginning in about 1976, William J. Salman (the "TMP") and his siblings, David M. Salman and Frances S. Koenig, and their families began receiving stock in the Corporation as gifts. Decl. ¶ 4.

Response:

Defendant agrees.

4. On December 1, 1986, the shareholders and directors of William Salman Ranch, Inc. adopted resolutions to dissolve the Corporation. Decl. ¶ 5.

Response:

Defendant agrees.

5. By deeds and bills of sale, the Corporation transferred the Ranch to the shareholders on December 22, 1986. Decl. ¶ 6.

Response:

Defendant agrees

6. On December 22, 1986, the shareholders (and their interest in the Corporation) were the TMP (8.7286%), David M. Salman (8.7286%), Frances S. Koenig (8.7276%), the Frances D. Salman Testamentary Trust (46.3235%), David Mark Salman (4.0336%), Michael Richard Salman (4.0336%), Jefferson Brandli Salman (7.3190%), Lynn Koenig (4.0336%), Lisa Koenig (4.0336%) and Julia S. Koenig (4.0373%). Decl. ¶ 7.

Response:

Defendant agrees.

7. On January 1, 1987, Salman Ranch LTD (the "Partnership") was formed and each of the former shareholders of the Corporation contributed their undivided interests in the Ranch to the Partnership. Decl. ¶ 8; *see also* Certified Copy of Certificate of Limited Partnership for Salman Ranch LTD, attached as Pl. Ex. 5.

Response:

Defendant agrees.

8. The interests in the Partnership from January 1, 1987 to January 1, 1989 were:

| Name | General Partner Interest | Limited Partner Interest |
|---|---|---|
| William J. Salman | 0.74982% | 7.97878% |
| David M. Salman | 0.74982% | 7.97878% |
| Frances S. Koenig | 0.74982% | 7.97878% |
| Frances D. Koenig Testamentary Trust | 0.0% | 46.3235% |
| David Mark Salman | 0.0% | 4.0336% |
| Michael R. Salman | 0.0% | 4.0336% |
| Jefferson B. Salman | 0.0% | 7.3190% |
| Lynn Koenig | 0.0% | 4.0336% |
| Lisa Koenig | 0.0% | 4.0336% |
| Julia Koenig | 0.0% | 4.0373% |

Decl. ¶ 9.

Response:

Defendant agrees.

9. On January 1, 1989, the Frances D. Salman Testamentary Trust distributed its interests in the Partnership to the TMP, David M. Salman and Frances S. Koenig, in roughly equal parts. Decl. ¶ 10.

Response:

Defendant agrees.

10. On October 8, 1999, each of the TMP, David Mark Salman, Michael R. Salman, Aaron G. Salman, Jacob M. Salman, David M. Salman, Jefferson B. Salman, Molly M. Salman, Mackenzie A. Salman, Frances S. Koenig, Julia S. Koenig, Lisa Koenig, Lynn Koenig-Trojahn, Rachel Trojahn and Emma M. Reford (the "Relevant Taxpayers") entered into short sales of U.S. Treasury Notes, bearing 5.625% coupons. Decl. ¶ 11.

Response:

It is possible that plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment could be decided with respect to whether the FPAA was issued while the statute of limitations of § 6501(a) was open, either through the 6-year extension of 26 U.S.C.§ 6501(e) or § 6229(c)(2), without determining the validity of the alleged short sale transaction. Accordingly, the defendant states that the validity of the short sale transaction is not a material fact only for purposes of summary judgment.

In the event determination of the Motions for Summary Judgment depends on the validity of the short sale transaction, the Government disagrees that the short sale was valid for federal tax purposes. At a minimum, the Government asserts that the FPAA has determined that the short sale had no business purpose, lacked economic substance, and, in fact and substance, constituted an economic sham for federal income tax purposes. Further, the "Relevant Taxpayers" reported both the short sale and closing of the short sale transaction on their individual returns as if the partnership was not involved . (Exhibit A to plaintiff's complaint, Defendant's Prop. Findings 7-16.) Therefore, if the Motions for Summary Judgment cannot be decided without determining the validity of the alleged short sale, defendant asserts an issue of material fact exists.

11. These short sale resulted in aggregate cash proceeds of approximately $10,982,373. Decl. ¶ 12.

Response:

The defendant disagrees that the short sale was valid for federal tax purposes. At a minimum, the defendant asserts that the FPAA has determined that the short sale had no business purpose, lacked economic substance, and, in fact and substance, constituted an economic sham for federal income tax purposes. (Exhibit A to plaintiff's complaint.) Further, the "Relevant Taxpayers" reported the short sale and closing of the short sale transaction on their individual returns as if the partnership was not involved. (Defendant's Prop. Findings 7-16.) With respect to whether the validity of the short sale transaction is a material fact with respect to summary judgment on the statute of limitations issue, see the defendant's response to plaintiff's proposed finding 10.

By way of further answer, defendant believes that plaintiff has misstated the amount of the alleged cash proceeds as reported by the individuals. The individuals who allegedly engaged in the short sale transaction reported a total sales price on the short sale of $10,980,680 on the Schedules D attached to their individual Forms 1040.

12. On or about October 13, 1999, the Relevant Taxpayers transferred the short positions and the cash proceeds to the Partnership. Decl. ¶ 13.

Response:

Defendant disagrees with this proposed finding. The Relevant Taxpayers each reported the acquisition and sale of the Treasury Notes on their individual Forms 1040. Thus, the returns as filed indicate the partnership had no participation in the short sale transaction. (Defendant's Prop. Findings 7-16.)

The defendant further disagrees that the short sale was valid for federal tax purposes. At a minimum, the defendant asserts that the FPAA has determined that the short sale had no business purpose, lacked economic substance, and, in fact and substance, constituted an economic sham for federal income tax purposes. (Exhibit A to plaintiff's complaint.) With respect to whether this proposed finding is a material fact for purposes of summary judgment, see defendant's response to plaintiff's proposed finding 10.

13. The Partnership closed the short sales shortly thereafter at a cost of approximately $10,980,688. Decl. ¶ 14.

Response:

Defendant disagrees with the proposed finding that the partnership closed the short sales for reasons stated in response to Plaintiff's Proposed Finding 12. Defendant further disagrees with the statement of the cost of closing the alleged short sales because the "Relevant Taxpayers" who reported both ends of the short sale transaction on their individual Forms 1040 reflect a cost of the Treasury Notes of $10,982,373. With respect to whether this proposed finding is a material fact for purposes of summary judgment, see defendant's response to plaintiff's proposed finding 10.

14. On December 30, 1998, the New Mexico Secretary of State recorded the filing of certificates of limited partnership for William J. Salman Family Limited Partnership ("WJS FLP"), David M. Salman Family Limited Partnership ("DMS FLP") and Frances S. Koenig Family Limited Partnership ("FSK FLP"). *See* Certified Copy of Certificate of Limited Partnership for William J. Salman Family Limited Partnership, attached as Pl. Ex. 1; Certified Copy of Certificate of Limited Partnership for David M. Salman Family Limited Partnership, attached as Pl. Ex. 2; Certified Copy of Certificate of Limited Partnership for Francis S. Koenig Family Limited Partnership, attached as Pl. Ex. 3.

Response:

Defendant agrees the Secretary of State recorded the certificates of limited partnership as alleged. Defendant disagrees with the implication that the alleged partnerships are valid partnerships for tax purposes. The FPAA determined that the alleged contributions to these partnerships had no business purpose, lacked economic substance, and, in fact and substance, constituted an economic sham for federal income tax purposes.

It is possible that plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment could be decided with respect to whether the FPAA was issued while the statute of limitations was open, without determining the validity of the alleged family partnerships. Accordingly, the defendant states that the validity of the short sale transaction is not a material fact only for purposes of summary judgment. If the Motions for Summary Judgment cannot be decided without determining the validity of the alleged partnerships, defendant asserts an issue of material fact exists.

15. On November 30, 1999, the TMP, David Mark Salman, Michael R. Salman, Aaron G. Salman and Jacob M . Salman contributed a portion of their interests in the Partnership to WJS FLP. Decl. ¶ 15.

Response:

Defendant disagrees with the implication that the alleged contribution to WJS FLP is valid for tax purposes. The FPAA determined that the alleged contributions had no business purpose, lacked economic substance, and, in fact and substance, constituted an economic sham for federal income tax purposes.

It is possible that plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment could be decided with respect to whether the FPAA was issued while the statute of limitations was open, without determining the validity of the alleged family partnerships and the alleged contributions thereto. Accordingly, the defendant states that the validity of the short sale transaction is not a material fact only for purposes of summary judgment. If, however, the Motions for Summary Judgment cannot be decided without determining the validity of the alleged partnerships and contributions, defendant asserts an issue of material fact exists.

16. On November 30, 1999, David M. Salman, Jefferson B. Salman, Molly M. Salman and Mackenzie A. Salman contributed a portion of their interests in the Partnership to DMS FLP. Decl. ¶ 16.

Response:

Defendant disagrees with the implication that the alleged contribution to DMS FLP is valid for federal income tax purposes. The FPAA determined that the alleged contributions had no business purpose, lacked economic substance, and, in fact and substance, constituted an economic sham for federal income tax purposes.

It is possible that plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment could be decided with respect to whether the FPAA was issued while the statute of limitations was open, without determining the validity of the alleged family partnerships and contributions thereto. Accordingly, the defendant states that the validity of the short sale transaction is not a material fact only for purposes of summary judgment. If, however, the Motions for Summary Judgment cannot be decided without determining the validity of the alleged partnerships and contributions, defendant asserts an issue of material fact exists.

17. On November 30, 1999, Frances S. Koenig, Julia S. Koenig, Lisa Koenig, Lynn Koenig-Trojahn, Rachel Trojahn and Emma M. Reford contributed a portion of their interests in the Partnership to FSK FLP. Decl. ¶ 17.

Response:

Defendant disagrees with the implication that the alleged contribution to FSK FLP is valid for tax purposes. The FPAA determined that the alleged contributions had no business purpose, lacked economic substance, and, in fact and substance, constituted an economic sham for federal income tax purposes.

It is possible that plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment could be decided with respect to whether the FPAA was issued while the statute of limitations was open, without determining the validity of the alleged family partnerships and contributions thereto. Accordingly, the defendant states that the validity of the short sale transaction is not a material fact only for purposes of summary judgment. If, however, the Motions for Summary Judgment cannot be decided without determining the validity of the alleged partnerships and contributions, defendant asserts an issue of material fact exists.

18. After the transfers referenced in Proposed Findings 15 through 17, the interests in the Partnership were:

| Name | General Partner Interest | Limited Partner Interest |
|---|---|---|
| William J. Salman | 0.74982% | 0.50000% |
| David M. Salman | 0.74982% | 0.50000% |
| Frances S. Koenig | 0.74982% | 0.50000% |
| David Mark Salman | 0.0% | 0.5000% |
| Michael R. Salman | 0.0% | 0.5000% |
| Jefferson B. Salman | 0.0% | 0.5000% |
| Lynn Koenig | 0.0% | 0.5000% |
| Lisa Koenig | 0.0% | 0.5000% |
| Julia Koenig | 0.0% | 0.5000% |
| Rachel Trojahn | 0.0% | 0.5000% |
| Jacob M. Salman | 0.0% | 0.5000% |
| Aaron G. Salman | 0.0% | 0.5000% |
| Molly M. Salman | 0.0% | 0.5000% |
| Mackenzie A. Salman | 0.0% | 0.5000% |
| Emma Redford | 0.0% | 0.5000% |
| WJS FLP | 0.0% | 28.9871% |
| DMS FL | 0.0% | 28.7390% |
| FSK FLP | 0.0% | 32.5245% |

Decl. ¶ 9.

Response:

Defendant disagrees with the implication that the alleged contributions to the family limited partnerships are valid for tax purposes. The FPAA determined that the alleged contributions had no business purpose, lacked economic substance, and, in fact and substance, constituted an economic sham for federal income tax purposes.

It is possible that plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment could be decided with respect to whether the FPAA was issued while the statute of limitations was open, without determining the validity of the alleged family partnerships and contributions thereto. Accordingly, the defendant states that the validity of the short sale transaction is not a material fact only for purposes of summary judgment. If, however, the Motions for Summary Judgment cannot be decided without determining the validity of the alleged partnerships and contributions, defendant asserts an issue of material fact exists.

19. On December 23, 1999, the Partnership sold a portion of the Ranch for $7,088,588. Decl. ¶ 19.

Response:

Defendant agrees.

20. As part of the sale on December 23, 1999, the Partnership also sold an option to acquire the remainder of the Ranch (with the exception of approximately 2400 acres surrounding the original hacienda, the buildings located near to the original hacienda and the dwelling house of David M. Salman), with an option price of $100,000 and an exercise price of $656.12 per acre. Decl. ¶ 20.

Response:

Defendant agrees.

21. The Partnership reported the sale that occurred on December 23, 1999 on its IRS Form 1065 for the tax year ending December 31, 1999 (the "1999 Tax Year"), which was filed during 2000. *See* Partnership 1999 Form 1065, attached as Pl. Ex. A to Decl.

Response:

Defendant agrees that the sale was reported. Defendant disagrees with the implication that the sale was properly reported. (See, FPAA attached as Exhibit A to plaintiff's complaint.)

22. The gain on the sale was reported as gain on the sale of property used in the Partnership's trade or business on line 6 of Schedule K of the Partnership's IRS Form 1065 for the 1999 Tax Year (the "Partnership's Return"), which requires IRS Form 4797 to be attached. *Id.*

Response:

Defendant agrees that the gain on the sale was reported as alleged. Defendant disagrees with the implication that the gain on the sale was properly reported. (See, FPAA attached as Exhibit A to plaintiff's complaint.)

23. The gain on the sale of the Ranch was reported on line 6 of the IRS Form 4797 that was attached to the Partnership's Return and the detail of the transaction was reported on line 2 of that form. *Id.*

Response:

Defendant agrees that gain on the sale was reported as alleged. Defendant disagrees with the implication that the gain on the sale was properly reported. Further disagrees that the full details of the transaction were reported on line 2 of Form 4797. (See, FPAA attached as Exhibit A to plaintiff's complaint, defendant's Proposed Findings 7 through 16.)

24. Line 2(d) of the IRS Form 4797 attached to the Partnership's Return stated the "gross sales price" as $7,188,588 and line 2(f) of that form disclosed the costs of the property as $6,850,276. *Id.*

Response:

Defendant agrees that the sale was reported as alleged. Defendant disagrees with the implication that the sale was properly reported. (See, FPAA attached as Exhibit A to plaintiff's complaint, defendant's Proposed Findings 7 through 16.)

25. Line 6 of each Schedule K-1 issued by the Partnership to the partners of the Partnership for the 1999 Tax Year contained their proportionate share from the sale. *Id.*

Response:

Defendant agrees that the Schedules K-1 contained the partners' proportionate share of the gain from the sale as reported by the Partnership, although defendant's copy of Exhibit A to Declaration of William J. Salman did not contain Schedules K-1. Defendant has attached a true and correct copy of the partnership return, Form 1065, for the period ending December 31, 1999, as Exhibit B to the Declaration of David House, submitted with Defendant's Proposed Findings. Defendant disagrees with any implication that the Schedules K-1 included a statement of gross proceeds from the sale of the ranch. (House Decl., ¶ 15) Defendant further disagrees with the implication that the Schedules K-1 issued to the partners properly reported the gain on the sale. (See, FPAA attached as Exhibit A to plaintiff's complaint, defendant's Proposed Findings 7 through 16.)

26. WJS FLP, DMS FLP and FSK FLP each reported its share from the sale to its partners on their respective tax returns for the 1999 Tax Year and on the Schedule K-1s issued by each of them for that year to their respective partners. Decl. ¶ 23-24; *See, e.g.,* WJS FLP 1999 Form 1065, attached as Pl. Ex. B to Decl.

Response:

Defendant agrees that the Schedules K-1 contained the partners' proportionate share of the gain from the sale as reported by WJS FLP. Defendant disagrees that the shares of gain were properly reported. (See, FPAA attached as Exhibit A to plaintiff's complaint.) Defendant further disagrees with any implication that the Schedules K-1 from WJS FLP included any statement of gross proceeds from the sale of the ranch. (Defendant's Proposed Findings 7 through 16, House Decl. ¶ 15.)

Defendant disagrees that DMS FLP and FLK FLP each reported its share from the sale to its partners on their respective tax returns for the 1999 Tax Year and on the Schedule K-1s issued by each of them for that year to their respective partners on the basis that those returns were not attached to plaintiff's motion. Counsel for defendant has requested those returns from the Service, but they have not yet been provided to verify that the K-1s were issued as stated.

With respect to the validity of the FLPs and the contributions to them, see defendant's responses to Plaintiff's Proposed Findings 14-18.

27. All of the Relevant Taxpayers reported (and paid tax on) their share from the sale on IRS Forms 1040 for the 1999 Tax Year, each of which were filed during 2000. Decl. ¶ 26-27; *See*, *e.g.*, William J. Salman 1999 Form 1040, attached as Pl. Ex. C to Decl.

Response:

Defendant disagrees with this proposed finding. (*See*, FPAA attached as Exhibit A to plaintiff's complaint.) Defendant agrees that the "Relevant Taxpayers" reported an amount on their Forms 1040 for the 1999 Tax Year purporting to be their share of the gain from the sale of the ranch, which amount was incorrect. (*Id.*)

28. The Internal Revenue Service (the "IRS") sent a Notice of Beginning of Administrative Proceedings to the Partnership and its partners on March 6, 2006. *See* Notice of Beginning of Administrative Proceeding.

Response:

Defendant agrees.

29. The IRS sent Information Document Requests to the Partnership on March 6, 2006. *See* Forms 4564, Information Document Requests 1-2.

Response:

Defendant agrees.

30. The response to these requests were sent on March 27, 2006. Decl. ¶ 28.

Response:

Defendant agrees.

31. On April 10, 2006, the IRS sent a Final Partnership Administrative Adjustment to the Partnership and its partners. *See* Notice of Final Partnership Administrative Adjustment.

Response:

Defendant agrees.

32. On July 5, 2006, the Partnership and the TMP filed the complaint in the instant action. *See* Comp. for Readjustment of Partnership Items.

Response:

Defendant agrees.

33. The United States answered the complaint in the instant action on November 2, 2006. *See*, Answer.

Response:

Defendant agrees.

34. By December 31, 2006, three years had passed since December 31, 2000.

Response:

Defendant agrees.

35. None of the Partnership, WJS FLP, DMS FLP, FSK FLP , the TMP (on his own behalf or on behalf of the partners of the Partnership or WJS FLP), David Mark Salman, Michael R. Salman, Aaron G. Salman, Jacob M. Salman, David M. Salman (on his own behalf or on behalf of the partners of DMS FLP), Jefferson B. Salman, Molly M. Salman, Mackenzie A. Salman, Frances S. Koenig (on her own behalf or on behalf of the partners of FSK FLP), Julia S. Koenig, Lisa Koenig, Lynn Koenig-Trojahn, Rachel Trojahn or Emma M. Reford agreed to any extension of the periods provided in 26 U.S.C. § 6501 or 26 U.S.C. § 6229. Decl. ¶ 29.

Response:

Defendant agrees.

36. All required information regarding the partners of the Partnership was furnished on the tax return of the Partnership, all required information regarding the partners of WJS FLP was furnished on the tax return of WJS FLP, all required information regarding the partners of DMS FLP was furnished on the tax return of DMS FLP and all required information regarding the partners of FSK FLP was furnished on the tax return of FSK FLP. See, e.g., Partnership 1999 Form 1065, attached as Pl. Ex. A to Decl.

Response:

Defendant disagrees with this proposed finding. (*See*, Defendant's Proposed Findings 6 through 18.)

37. None of WJS FLP, DMS FLP, FSK FLP , David Mark Salman, Michael R. Salman, Aaron G. Salman, Jacob M. Salman, David M. Salman, Jefferson B. Salman, Molly M. Salman, Mackenzie A. Salman, Frances S. Koenig, Julia S. Koenig, Lisa Koenig, Lynn Koenig-Trojahn, Rachel Trojahn, Emma M. Reford or the TMP (in their capacities as notice partner or tax matters partner of the Partnership) received a Notice of Final Partnership Administrative Adjustment from the Internal Revenue Service at any point on or before December 31, 2003 for the tax year ending December 31, 1999. Decl. ¶ 30.

Response:

Defendant agrees.

38. None of David Mark Salman, Michael R. Salman, Aaron G. Salman, Jacob M. Salman, David M. Salman, Jefferson B. Salman, Molly M. Salman, Mackenzie A. Salman, Frances S. Koenig, Julia S. Koenig, Lisa Koenig, Lynn Koenig-Trojahn, Rachel Trojahn, Emma M. Reford or the TMP have received any statutory notices of deficiency from the Internal Revenue Service for the tax year ending December 31, 1999. Decl. ¶ 31.

Response:

Defendant agrees.

Respectfully submitted,

s/ David R. House

DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3366
(202) 540-9440 (facsimile)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
GROVER HARTT, III
Senior Litigation Counsel

s/Grover Hartt, III

OF COUNSEL