**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| Salman Ranch LTD, a New Mexico | § | |
| Limited Partnership, and William J. Salman | § | |
| As Tax Matters Partner | § | |
| Partner, | § | |
| | § | Case No. 06-503-T |
| Plaintiffs, | § | |
| | § | Judge Christine O.C. Miller |
| | § | |
| v. | § | |
| | § | |
| United States of America, | § | |
| | § | |
| Defendant. | § | |

RESPONSE TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
AND REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS


TABLE OF CONTENTS ..... i

TABLE OF AUTHORITIES ..... iii

I. QUESTION PRESENTED ..... 1

II. STATEMENT OF CASE ..... 1

III. SUMMARY OF ARGUMENT ..... 2

IV. ARGUMENT AND AUTHORITIES ..... 3

A. The "Return" for Purposes of 26 U.S.C. § 6501(e)(1) Includes the Partnership's Return ..... 3

1. The Last Sentence of 26 U.S.C. § 6501(a) Does Not Require Only Examining the Return of the Individuals for Purposes of 26 U.S.C. § 6501(e)(1). ..... 3

2. Case Law, Regulations and the Structure of our Tax System Requires Incorporation of the Partnership's Return When Examining an Individual Return for an Omission of Income and Adequate Disclosure ..... 6

3. Even If the Last Sentence of 26 U.S.C. § 6501(a) Eliminates the Ability to Consider the Partnership's Return for Purposes of the Gross Receipts Provision and the Adequate Disclosure Provision, the Relevant Taxpayer's Distributive Share of Gross Items is Considered Reported on the Return if the Relevant Taxpayer Reported the Net Items Under Treasury Regulation § 1.702-1(c)(2) and the Partnership's Return Is an Attachment to the Return for Purposes of the Adequate Disclosure Provision. ..... 8

B. There Has Been No Omission of Income. ..... 11

1. For Purposes of 26 U.S.C. § 6501(e)(1), the Gross Receipts Provision Applies by its Clear and Unambiguous Language ..... 11

2. Even Looking Solely at the Relevant Taxpayers' Returns for Purposes of 26 U.S.C. § 6501(e)(1), the Relevant Taxpayers Did Not Omit Any Income. ..... 12

C. The Relevant Taxpayers and the Partnership Adequately Disclosed the Allegedly Omitted Income. ..... 13

1. The Partnership Reported the Transaction Giving Rise to the Allegedly Omitted Income in a Manner Adequate to Apprise the Defendant of the Nature and Amount of Allegedly Omitted Income. ..... 13

2. The Relevant Taxpayer's and Partnership's Reporting of Short Sale Transaction Is Irrelevant to the Application of the 26 U.S.C. §§ 6229(c)(2) and 6501(e)(1)(A)....14

D. The 6-Year Limitations Period in 26 U.S.C. §6229(c)(2) Does Not Apply. ....15

1. For Purposes of 26 U.S.C. § 6229, There Was No Gross Omission of Income. ....16

2. The Period of Limitations is not Extended by 26 U.S.C. § 6229(c)(2) if an Item Is Disclosed on the Face of the Return. ....18

V. CONCLUSION ....19

# TABLE OF AUTHORITIES

## CASES

*Benson v. Commissioner*, T.C. Memo 2006-55 ....................6

*CC&F Western Operations Ltd. Partnership v. Commissioner*, 273 F.3d 402 (1st Cir. 2001) ....................14, 16

*CSI Hydrostatic Testers, Inc. v. Commissioner*, 103 T.C. 398 (1994) ....................9

*Church of The Holy Trinity v. United States*, 143 U.S. 457 (U.S. 1892)....................4

*Colony, Inc. v. Commissioner*, 26 T.C. 30 (1956) ....................17

*Colony, Inc. v. Commissioner*, 357 U.S. 28 (1958) ....................2, 3, 4, 16
17, 18, 19

*Exxon Corp. v. United States*, 33 Fed. Cl. 250 (Ct. Cl. 1995) ....................4

*Estate of Fry v. Commissioner*, 88 T.C. 1020 (1987) ....................14

*In re: GI Holdings Inc.*, 98 AFTR 2d 2006-6679 (DC NJ) ....................14

*Haggar Co. v. Helvering*, 308 U.S. 389 (U.S. 1940)....................4

*Harlan v. Commissioner*, 116 T.C. 31 (2001) ....................6

*Hoffman v. Commissioner*, 119 T.C. 140 (2002)....................6

*Huckaby v. U.S. Department of Treasury*, 804 F.2d 297 (5th Cir. 1986)....................9

*Insulglass Corp. v. Commissioner*, 84 T.C. 203 (1985) ....................12

*IU Int'l Corp. v. United States*, 34 Fed. Cl. 767 (1997)....................9

*Phinney v. Chambers*, 392 F.2d 680 (5th Cir. 1968)....................14

*Powers v. Commissioner*, 51 F.3d 34 (5th Cir. 1995)....................9

*Public Citizen v. U.S. Dep't of Justice*, 491 U.S. 440 (U.S. 1989) ....................4

*Puerto Rico v. Blumenthal*, 206 U.S. App. D.C. 217 (D.C. Cir. 1980) ....................4

*RLC Industries Co. v. Commissioner*, 58 F.3d 413 (9th Cir. 1995) ....................9

*Robinson v. Commissioner*, 117 T.C. 307 (2001)....................................................................6

*Schneider v. Commissioner*, TC Memo 1985-139....................................................................12

*Stallard v. United States*, 12 F.3d 489 (5th Cir. 1994) .............................................................9

*Transcapital Leasing Assocs., L.P. v. United States*, 398 F.3d 1317 (Fed. Cir. 2005)..................4

**STATUTES**

26 U.S.C. § 75..........................................................................................................................11

26 U.S.C. § 167........................................................................................................................15

26 U.S.C. § 168........................................................................................................................15

26 U.S.C. § 263........................................................................................................................15

26 U.S.C. § 263A(a)(1)(A) .......................................................................................................11

26 U.S.C. § 312(n)(4)(C)(ii) .....................................................................................................11

26 U.S.C. § 453(b)(2)(B) ..........................................................................................................11

26 U.S.C. § 512(b)(5)(A)..........................................................................................................11

26 U.S.C. § 702..........................................................................................................................7

26 U.S.C. § 734........................................................................................................................15

26 U.S.C. § 743........................................................................................................................15

26 U.S.C. § 754........................................................................................................................15

26 U.S.C. § 1012......................................................................................................................15

26 U.S.C. § 1016......................................................................................................................15

26 U.S.C. § 1221(a)(1)..............................................................................................................11

26 U.S.C. § 1231.....................................................................................3, 11, 13, 17, 19

26 U.S.C. § 1341(b)(2) ..............................................................................................................11

26 U.S.C. § 1363(d)(4)(B) .........................................................................................................11

26 U.S.C. § 1402(a)(3)(C)(i)........................................11

26 U.S.C. § 6031........................................4, 7

26 U.S.C. § 6111........................................19

26 U.S.C. § 6221 et seq........................................7

26 U.S.C. § 6229........................................2, 14, 15, 16, 17, 18, 19

26 U.S.C. § 6501........................................*Passim*

26 U.S.C. § 6662(d)........................................17

26 U.S.C. § 6707A........................................19

Internal Revenue Code of 1939 § 275........................................16

**REGULATIONS**

Treas. Reg. § 1.170A-13(f)(5)........................................11

Treas. Reg. § 1.6031(b)-1T........................................4, 7

Treas. Reg. § 1.702-1(c)(2)........................................6, 8, 9, 10, 12

Treas. Reg. § 301.6011-4(e)........................................19

**CONGRESSIONAL REPORTS**

H.R. Conf. Rep. No. 97-760, at 600, *reprinted in* 1982 U.S.C.C.A.N. 1190, 1372........................................7

H.R. Conf. Rep. No. 105-220, at 702-703, *reprinted in* 1997 U.S.C.C.A.N. 1514-1515........................................5

H.R. Rep. No. 83-1337, at 4561, *reprinted in* 1954 U.S.C.C.A.N. 4019, 4561........................................12

H.R. Rep. No. 105-148, at 609-610, *reprinted in* 1997 U.S.C.C.A.N. 1003-1004........................................5

S. Rept. 105-33, at 277-278, *reprinted in* 1997-4 C.B. (Vol. 2) 1067, 1357-1358........................................5

S. Comm. on Finance, 83rd Cong., Report on the Internal Revenue Code (S. Rep. 1954), *reprinted in* 1954 U.S.C.C.A.N. 4621, 5233........................................12

**TREASURY DECISIONS**

T.D. 8739 (11/21/1997)........................................8

T.D. 8741 (12/19/1997) ....................8

T.D. 8750 (12/31/1997) ....................8

T.D. 8753 (1/05/1998) ....................8

T.D. 8755 (1/06/1998) ....................8

T.D. 8756 (1/12/1998) ....................8

T.D. 8764 (3/02/1998) ....................8

T.D. 8768 (4/03/1998) ....................8

T.D. 8770 (6/18/1998) ....................8

T.D. 8773 (6/24/1998) ....................8

T.D. 8774 (6/26/1998) ....................8

T.D. 8775 (7/01/1998) ....................8

T.D. 8781 (9/03/1998) ....................8

T.D. 8787 (10/21/1998) ....................8

T.D. 8788 (10/26/1998) ....................8

T.D. 8790 (12/01/1998) ....................8

T.D. 8793 (12/14/1998) ....................8

T.D. 8794 (12/18/1998) ....................8

T.D. 8796 (12/17/1998) ....................8

T.D. 8798 (12/18/1998) ....................8

T.D. 8806 (1/08/1999) ....................8

T.D. 8808 (2/02/1999) ....................8

T.D. 8813 (2/02/1999) ....................9

T.D. 8816 (2/04/1999) ....................9

T.D. 8817 (2/05/1999) ....................9

T.D. 8826 (7/01/1999) ....................9

T.D. 8836 (8/31/1999) ....................9

T.D. 8841 (11/12/1999) ....................9

T.D. 8843 (11/12/1999) ....................9

T.D. 8845 (12/03/1999) ....................9

T.D. 8847 (12/15/1999) ....................9

T.D. 8850 (12/28/1999) ....................9

T.D. 8855 (1/07/2000) ....................9

T.D. 8867 (1/24/2000) ....................9

T.D. 8869 (1/21/2000) ....................9

T.D. 8870 (2/07/2000) ....................9

T.D. 8873 (2/08/2000) ....................9

T.D. 8876 (2/29/2000) ....................9

T.D. 8879 (3/31/2000) ....................9

T.D. 8880 (4/21/2000) ....................9

T.D. 8882 (5/16/2000) ....................9

T.D. 8891 (7/19/2000) ....................9

T.D. 8902 (9/21/2000) ....................9

T.D. 8903 (9/26/2000) ....................9

T.D. 8904 (10/02/2000) ....................9

T.D. 8905 (10/17/2000) ....................9

T.D. 8911 (12/15/2000) ....................9

T.D. 8916 (1/02/2001) ....................9

T.D. 8926 (1/05/2001) ....................9

T.D. 8929 (1/11/2001) ....................9

T.D. 8930 (12/28/2000) ....................9

T.D. 8933 (1/11/2001) ....................9

T.D. 8953 (6/25/2001) ....................9

T.D. 8959 (8/01/2001) ....................9

T.D. 8960 (8/03/2001) ....................9

T.D. 8962 (8/09/2001) ....................9

T.D. 8965 (10/04/2001) ....................9

T.D. 8969 (12/14/2001) ....................9

T.D. 8972 (1/07/2002) ....................9

T.D. 8988 (4/23/2002) ....................9

T.D. 8991 (4/24/2002) ....................9

T.D. 8992 (4/29/2002) ....................9

T.D. 8994 (5/13/2002) ....................9

T.D. 9006 (7/29/2002) ....................9

T.D. 9008 (7/22/2002) ....................8

T.D. 9029 (12/18/2002) ....................9

T.D. 9030 (12/23/2002) ....................9

T.D. 9034 (12/24/2002) ....................9

T.D. 9075 (7/10/2003) ....................9

T.D. 9078 (7/17/2003) ....................9

T.D. 9081 (7/19/2003) ....................9

T.D. 9125 (5/06/2004) ....................9

T.D. 9141 (7/19/2004) ....................9

T.D. 9152 (8/13/2004) ....................9

T.D. 9169 (12/28/2004) ....................9

T.D. 9189 (3/04/2005) ....................9

T.D. 9190 (3/15/2005) ....................9

T.D. 9194 (4/6/2005) ....................8

T.D. 9198 (4/19/2005) ....................9

T.D. 9214 (7/15/2005) ....................9

T.D. 9219 (8/11/2005) ....................9

T.D. 9220 (8/19/2005) ....................9

T.D. 9231 (12/08/2005) ....................9

T.D. 9232 (12/08/2005) ....................9

T.D. 9260 (4/20/2006) ....................9

T.D. 9268 (6/20/2006) ....................9

T.D. 9270 (7/13/2006) ....................9

T.D. 9280 (8/10/2006) ....................9

T.D. 9294 (10/20/2006) ....................9

T.D. 9299 (12/13/2006) ....................9

## MISCELLANEOUS

Black's Law Dictionary 694 (6th ed. 1990)....................11

CC 2003-014, *reprinted in* 2003 TNT 93-7....................9

IRS Instructions for Form 1040 (1999) ....................5, 7

IRS Instructions for Form 1065 (1999) ....................4, 7

Notice 2000-44, 2000-2 C.B. 255....................19

West's Legal Thesaurus/Dictionary 352 (Special Deluxe Edition 1986)....................11

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| Salman Ranch LTD, a New Mexico<br>Limited Partnership, and William J. Salman<br>As Tax Matters Partner<br>Partner, | §<br>§<br>§<br>§ | |
| | § | Case No. 06-503-T |
| Plaintiffs, | §<br>§<br>§ | Judge Christine O.C. Miller |
| v. | §<br>§ | |
| United States of America, | §<br>§ | |
| Defendant. | § | |

RESPONSE TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
AND REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs Salman Ranch LTD (the "Partnership") and William J. Salman (collectively, with the Partnership, the "Plaintiffs") submit this Response to the Defendant's Cross Motion for Summary Judgment and Reply to the Defendant's Response to Plaintiffs' Motion for Summary Judgment ("Defendant's Memorandum"). In support of the Plaintiffs' Motion for Summary Judgment and this Response, the Plaintiffs submit this Memorandum.

## I. QUESTION PRESENTED

Has the period for assessing income tax against the direct and indirect partners of the Partnership with regard to the Partnership's partnership items expired as to the tax year ending December 31, 1999 (the "1999 Tax Year")?

## II. STATEMENT OF CASE

The Statement of Case included in Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Summary Judgment ("Plaintiffs' Memorandum"), included as Appendix A to this

Memorandum, is hereby incorporated by reference and includes 6 pertinent pages. Terms defined in that Statement of Case are used throughout this Memorandum.

## III. SUMMARY OF ARGUMENT

The 6-year statute of limitations on assessments does not apply to the Partnership or any Relevant Taxpayer because there has been no omission of income by the Partnership or any Relevant Taxpayer and, even if there has, the Partnership (and the Relevant Taxpayers) adequately disclosed the nature and amount of the alleged omission.[1] With no omission of income (or with adequate disclosure), the 3-year statute of limitations on assessments applies to the Partnership and each of the Relevant Taxpayers, the Plaintiffs are entitled to the summary judgment requested by them and the Defendant's cross-motion should be denied.[2]

In particular, the "return" to analyze when applying 26 U.S.C. § 6229(c)(2) is the Partnership's Return and when applying 26 U.S.C. § 6501(e)(1)(A) is the individual return of the Relevant Taxpayer and the Partnership's Return (and the information return of WJS FLP, DMS FLP or FSK FLP, as appropriate). In the alternative, however, the Treasury Regulations treat the Relevant Taxpayers as having reported the items reported on the Partnership's Return for purposes of 26 U.S.C. § 6501(e) and, in any event, the Partnership's Return is effectively an attachment to the return and should be considered in that way.

There has been no omission of gross income, as defined in 26 U.S.C. § 6501(e)(1)(A)(i) (the "Gross Receipts Provision") and in *The Colony, Inc. v. Commissioner*[3]. That definition is applicable because, the first requirement, that the transaction occur in the case of a trade or business, is satisfied and the second requirement, that the gross receipts (undiminished by the

---

[1] 26 U.S.C. §§ 6501(e)(1)(A) and 6229(c)(2).

[2] 26 U.S.C. §§ 6501(a) and 6229(a).

[3] 357 U.S. 28 (1958).

cost of sale) from a sale of goods or services, is likewise satisfied. The Partnership was in the trade or business of ranching and the Ranch was an asset or good used in that trade or business. There is no requirement that the good referred to in the Gross Receipts Provision be sold in the ordinary course of the trade or business or be the inventory of the trade or business, and *Colony* makes no reference to any such requirement. The sale of the Ranch qualified under 26 U.S.C. § 1231 because it was property (i.e., a good) used in the trade or business of the Partnership.

Alternatively, there has been adequate disclosure of the nature and amount of the alleged omission of income, as required by 26 U.S.C. § 6501(e)(1)(A)(ii) (the "Adequate Disclosure Provision") and by *Colony*. The Partnership reported the sale of the Ranch as a sale qualifying under 26 U.S.C. § 1231, which the Defendant concedes was the correct nature of the sale. The Partnership fully reported the gross receipts from the sale and (assuming for this purpose that the Partnership's calculation of the entire cost of the Ranch was overstated, which it was not) the Defendant had full disclosure of the amount of the alleged omission.

Without the extension of the statute of limitations, the period within which taxes for the 1999 Tax Year must be assessed expired long before an FPAA was issued to the Partnership. As such, Plaintiffs are entitled to summary judgment in their favor and Defendant's cross-motion should be denied.

## IV. ARGUMENT AND AUTHORITIES

### A. <u>The "Return" for Purposes of 26 U.S.C. § 6501(e)(1) Includes the Partnership's Return.</u>

#### 1. The Last Sentence of 26 U.S.C. § 6501(a) Does Not Require Only Examining the Return of the Individuals for Purposes of 26 U.S.C. § 6501(e)(1).

In applying 26 U.S.C. § 6501(e)(1), the last sentence of 26 U.S.C. § 6501(a) does not require an examination of solely the individual's return. Doing so, based on the Defendant's

interpretation of the last sentence of 26 U.S.C. § 6501(a), would lead to absurd results and, as such, this Court should read this sentence as limited to the goal it was enacted to achieve.[4] If a partner of a partnership can only rely on her individual Form 1040 to show that she has not omitted income or that she has adequately disclosed omitted income, the filing of the partnership return becomes an act of futility. Even if the Gross Receipts Provision is limited to inventory (which it is not, as explained below and in Plaintiffs' Memorandum), the Defendant's view of the last sentence of 26 U.S.C. § 6501(a) would prevent a partner from relying on gross receipts from sales of inventory stated on the partnership's return to apply the Gross Receipts Provision. Even if a partnership disclosed every aspect of every transaction in which it engaged, attaching all relevant contracts, representation letters from the parties as to their subjective motives, the legal precedents supporting the positions taken by the partnership and those supporting a different position, etc. with the Form 1065, the Defendant's view of the last sentence of 26 U.S.C. § 6501(a) would prevent a partner from relying on this disclosure to prove "adequate disclosure" under the Adequate Disclosure Provision and *Colony*. Partners may have no or limited information about the transactions of a partnership and may be incapable of providing disclosure on their personal return as to the partnership's transactions. A partner generally only has the Schedule K-1 with which to prepare the partner's personal return, as a partnership is only required to share Schedule K-1 of its return with its partners.[5] Further, the IRS has instructed partners not to attach Schedule K-1 to its return, making it all the more critical that partners be entitled to rely upon their partnership's return for purposes of applying 26 U.S.C.

---

[4] *Church of The Holy Trinity v. United States*, 143 U.S. 457, 459 (U.S. 1892); *Exxon Corp. v. United States*, 33 Fed. Cl. 250, 267 (Ct. Cl. 1995); *Puerto Rico v. Blumenthal*, 206 U.S. App. D.C. 217 (D.C. Cir. 1980); *Haggar Co. v. Helvering*, 308 U.S. 389, 394 (U.S. 1940); *Public Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 471 (U.S. 1989); *Transcapital Leasing Assocs., L.P. v. United States*, 398 F.3d 1317, 1321 (Fed. Cir. 2005).

[5] 26 U.S.C. § 6031(b); Treas. Reg. § 1.6031(b)-1T; IRS Instructions for Form 1065 (1999).

§ 6501(e)(1)(A).[6] Thus, if the Defendant's view of this provision prevails, partners will be unable to retain the 3-year statute of limitations because they will, in most cases, be unable to provide the disclosure the Defendant's view would require to avoid the 6-year statute of limitations. It is absurd that this one sentence, added for a different purpose altogether (described below), should cause every partner in every partnership to have their entire return (not just as it may relate to partnership items) subject to a 6-year statute of limitations due to acts of a partnership which the partner may not control or of which the partner may not even have knowledge.

It was not Congress's intention, by enacting this one sentence, to lead to these absurd results.[7] The Congress was dealing with the issue of whether an individual's statute of limitations runs from the time that a passthrough entity files its information return or from the time that the owner of the entity timely files his or her income tax return. The last sentence of 26 U.S.C. § 6501(a) was enacted to clarify "that the return that starts the running of the statute of limitations for a taxpayer is the return of the taxpayer and not the return of another person from whom the taxpayer has received an item of income, gain, loss, deduction or credit."[8] Plaintiffs do not claim that the statute of limitations of the Relevant Taxpayers did not start until the filing of the Partnership's Return. Plaintiffs agree with the Defendant that the statute of limitations of the Relevant Taxpayers started when they each filed their individual Form 1040. However,

---

[6] IRS Instructions for Form 1040 (1999) (specifically stating "**Do not** attach Schedules K-1 to your return." (emphasis in original)).

[7] H.R. Rep. No. 105-148, at 609-610, *reprinted in* 1997 U.S.C.C.A.N. 1003-1004; S. Rept. 105-33, at 277-278, *reprinted in* 1997-4 C.B. (Vol. 2) 1067, 1357-1358; H.R. Conf. Rep. No. 105-220, at 702-703, *reprinted in* 1997 U.S.C.C.A.N. 1514-1515.

[8] Id.

Plaintiffs vehemently disagree with the Defendant that the statute of limitations ending date is determined solely by reference to the individual Form 1040.

**2. Case Law, Regulations and the Structure of our Tax System Requires Incorporation of the Partnership's Return When Examining an Individual Return for an Omission of Income and Adequate Disclosure**

In addition to the legislative history discussed above, other authorities similarly require the incorporation of the partnership's return in applying 26 U.S.C. § 6501(e)(1)(A). In *Robinson v. Commissioner*, the Tax Court noted that the Taxpayer Relief Act of 1997 amended 26 U.S.C. § 6501(a).[9] While this amendment was not in effect for the tax year under consideration, the court went on to explain the reasoning behind the adoption of the additional provision: "[t]hat legislation was enacted after *Bufferd*, and was specifically intended to clarify [the filing of which return triggers the running of the statutory period] with respect to S corporations."[10] Similarly, other cases considering 26 U.S.C. § 6501(e)(1)(A) in the context of taxpayers that were partners or shareholders in passthrough entities have continued to incorporate the passthrough entity's information return into the analysis without any mention of the amendment.[11]

For purposes of applying the 6-year period of limitation in 26 U.S.C. § 6501(e), the regulations adopted by the Treasury Department and the Internal Revenue Service state that a partner's gross income includes his distributive share of partnership gross income (as described in the Gross Receipts Provision).[12] To apply this regulation in an analysis under 26 U.S.C. § 6501(e), a court, auditor or taxpayer must refer to the partnership return. The individual's

---

[9] 117 T.C. 307, 317 (2001).

[10] Id.

[11] *Benson v. Commissioner*, T.C. Memo 2006-55; *Hoffman v. Commissioner*, 119 T.C. 140, 147 (2002); *Harlan v. Commissioner*, 116 T.C. 31, 54 (2001).

[12] Treas. Reg. § 1.702-1(c)(2). See discussion below at notes 15 to 17 regarding the continued applicability of this regulation.

Form 1040 would not disclose the items from the partnership return that are included in the partner's gross income, which must be ascertained to determine whether or not the 6-year statute of limitations applies. Thus, for purposes of that determination, the partnership return must be part of the partner's return.

Additionally, the structure of reporting, created by the Internal Revenue Code, the regulations and procedures promulgated thereunder and the IRS instructions, requires that partnership items be reported on a Form 1065, that the results of these items be provided to the partners on Schedule K-1 to Form 1065 and that the partners take these items into account on their individual returns, with the inclusion of a reference to the partnership on the individual Form 1040's Schedule E (and no requirement that each individual partner include a copy of the Schedule K-1 or the partnership's Form 1065 with the individual Form 1040).[13] Similarly, the structure of the audit system for "partnership items" requires analysis of the partnership return.[14] The entire purposes of enacting Subchapter C of Chapter 63 of the Internal Revenue Code was to have unified partnership proceedings rather than separate proceedings with the partners.[15] Thus, the tax system (as it relates to individuals that are partners in partnerships) relies upon the return of the partnership and the partners being analyzed as a whole and, for the statute of limitations on assessments as it relates to partnership items, to be determined in a unified proceeding that must, by its nature, consider the partnership return.

Thus, it is clear that, if the alleged omission stems from the Partnership's Return, the Partnership's Return must be considered in conjunction with the individual returns of the

[13] 26 U.S.C. § 6031; Treas. Reg. § 1.6031(b)-1T; IRS Instructions for Form 1065 (1999); 26 U.S.C. § 702; IRS Instructions for Form 1040 (1999) (specifically stating "**Do not** attach Schedules K-1 to your return." (emphasis in original)).

[14] 26 U.S.C. § 6221 *et seq*.

[15] H.R. Conf. Rep. No. 97-760, at 600, *reprinted in* 1982 U.S.C.C.A.N. 1190, 1372.

Relevant Taxpayers for purposes of applying 26 U.S.C. § 6501(e)(1). This is supported by the case law, the Income Tax Regulations and the structure of the tax system.

**3. Even If the Last Sentence of 26 U.S.C. § 6501(a) Eliminates the Ability to Consider the Partnership's Return for Purposes of the Gross Receipts Provision and the Adequate Disclosure Provision, the Relevant Taxpayer's Distributive Share of Gross Items is Considered Reported on the Return if the Relevant Taxpayer Reported the Net Items Under Treasury Regulation § 1.702-1(c)(2) and the Partnership's Return Is an Attachment to the Return for Purposes of the Adequate Disclosure Provision.**

Alternatively, if the Gross Receipts Provision requires that each Relevant Taxpayer take into account separately in his or her individual return his or her distributive share of the Partnership's income, the Relevant Taxpayers should be deemed to have reported the items on the Partnership's Return. The Defendant concedes that before 1997, when applying the Gross Receipts Provision, a partner's stated gross income includes income stated in both the partner's return and the partner's share of gross receipts stated in the partnership return.[16] However, the Defendant wrongly suggests that an amendment to 26 U.S.C. § 6501(a) made by the Taxpayer Relief Act of 1997 changes this precedent. In fact, Treasury Regulation 1.702-1 has been amended twice since the Taxpayer Relief Act of 1997 went into effect.[17] Further, the Defendant amended other regulations in response to the changes made by the Taxpayer Relief Act of 1997.[18] As such, the lack of an amendment to this regulation means that the regulation survives the enactment of the last sentence of 26 U.S.C. § 6501(a).[19]

[16] Defendant's Memorandum, p. 31.

[17] T.D. 9008 (7/22/2002); T.D. 9194 (4/6/2005).

[18] See, e.g., T.D. 8739 (11/21/1997); T.D. 8741 (12/19/1997); T.D. 8750 (12/31/1997); T.D. 8753 (1/05/1998); T.D. 8755 (1/06/1998); T.D. 8756 (1/12/1998); T.D. 8764 (3/02/1998); T.D. 8768 (4/03/1998); T.D. 8768 (4/03/1998); T.D. 8770 (6/18/1998); T.D. 8773 (6/24/1998); T.D. 8774 (6/26/1998); T.D. 8775 (7/01/1998); T.D. 8781 (9/03/1998); T.D. 8787 (10/21/1998); T.D. 8788 (10/26/1998); T.D. 8790 (12/01/1998); T.D. 8793 (12/14/1998); T.D. 8794 (12/18/1998); T.D. 8796 (12/17/1998); T.D. 8798 (12/18/1998); T.D. 8806 (1/08/1999); T.D. 8808

This regulation states:

> In determining the applicability of the 6-year period of limitation on assessment and collection provided in section 6501(e) (relating to omission of more than 25 percent of gross income), a partner's gross income includes his distributive share of partnership gross income (as described in section 6501(e)(1)(A)(i)). In this respect, the amount of partnership gross income from which was derived the partner's distributive share of any item of partnership income, gain, loss, deduction, or credit (as included or disclosed in the partner's return) is considered as an amount of gross income stated in the partner's return for the purposes of section 6501(e).[20]

Thus, the amount of partnership gross income from which was derived the partner's distributive share of any partnership item (as included or disclosed on the partner's return) is considered as

---

Cont'd.
(2/02/1999); T.D. 8813 (2/02/1999); T.D. 8816 (2/04/1999); T.D. 8817 (2/05/1999); T.D. 8826 (7/01/1999); T.D. 8836 (8/31/1999); T.D. 8841 (11/12/1999); T.D. 8843 (11/12/1999); T.D. 8845 (12/03/1999); T.D. 8847 (12/15/1999); T.D. 8850 (12/28/1999); T.D. 8855 (1/07/2000); T.D. 8867 (1/24/2000); T.D. 8869 (1/21/2000); T.D. 8870 (2/07/2000); T.D. 8873 (2/08/2000); T.D. 8876 (2/29/2000); T.D. 8879 (3/31/2000); T.D. 8880 (4/21/2000); T.D. 8882 (5/16/2000); T.D. 8891 (7/19/2000); T.D. 8902 (9/21/2000); T.D. 8903 (9/26/2000); T.D. 8904 (10/02/2000); T.D. 8905 (10/17/2000); T.D. 8911 (12/15/2000); T.D. 8916 (1/02/2001; T.D. 8926 (1/05/2001); T.D. 8929 (1/11/2001); T.D. 8930 (12/28/2000); T.D. 8933 (1/11/2001); T.D. 8953 (6/25/2001); T.D. 8959 (8/01/2001); T.D. 8960 (8/03/2001); T.D. 8962 (8/09/2001); T.D. 8965 (10/04/2001); T.D. 8969 (12/14/2001); T.D. 8972 (1/07/2002); T.D. 8988 (4/23/2002); T.D. 8991 (4/24/2002); T.D. 8992 (4/29/2002); T.D. 8994 (5/13/2002); T.D. 9006 (7/29/2002); T.D. 9029 (12/18/2002); T.D. 9030 (12/23/2002); T.D. 9034 (12/24/2002); T.D. 9075 (7/10/2003); T.D. 9078 (7/17/2003); T.D. 9081 (7/19/2003); T.D. 9125 (5/06/2004); T.D. 9141 (7/19/2004); T.D. 9152 (8/13/2004); T.D. 9169 (12/28/2004); T.D. 9189 (3/04/2005); T.D. 9190 (3/15/2005); T.D. 9198 (4/19/2005); T.D. 9214 (7/15/2005); T.D. 9219 (8/11/2005); T.D. 9220 (8/19/2005); T.D. 9231 (12/08/2005); T.D. 9232 (12/08/2005); T.D. 9260 (4/20/2006); T.D. 9268 (6/20/2006); T.D. 9270 (7/13/2006); T.D. 9280 (8/10/2006); T.D. 9294 (10/20/2006); T.D. 9299 (12/13/2006).

[19] *CSI Hydrostatic Testers, Inc. v. Commissioner*, 103 T.C. 398, 411 (1994) *explained by IU Int'l Corp. v. United States*, 34 Fed. Cl. 767, 771 (1997); CC 2003-014, *reprinted in* 2003 TNT 93-7. In this regard, it may be that the Defendant's arguments are unreasonable as defying the Defendant's own regulations. *Powers v. Commissioner*, 51 F.3d 34, 35 (5th Cir. 1995); *Huckaby v. U.S. Department of Treasury*, 804 F.2d 297, 299 (5th Cir. 1986). Or, at least, this regulation provides grounds for rejecting the Defendant's arguments. *Stallard v. United States*, 12 F.3d 489, 496 (5th Cir. 1994); *cf RLC Industries Co. v. Commissioner*, 58 F.3d 413, 415-416 (9th Cir. 1995).

[20] Treas. Reg. § 1.702-1(c)(2).

stated in the partner's return for purposes of 26 U.S.C. § 6501(e).[21] As long as the distributive share is reported (which it was by each Relevant Taxpayer), the partner has reported the full gross proceeds and, therefore, there is no gross omission.

Additionally, the language of the Adequate Disclosure Provision is also instructive in determining the manner of disclosure contemplated and prescribed by Congress with respect to the reporting of partnership income. For purposes of determining a gross omission, an amount is not considered omitted if such amount is "disclosed in the return, *or in a statement attached to the return*."[22] This provision establishes a safe harbor for disclosure that occurs in a manner adequate to apprise the Secretary of the nature and amount of the income. Importantly, Congress contemplated disclosure that takes into account more information than is contained merely within the four corners of an individual's return. Rather, attachments to the return are taken into account when assessing the adequacy of disclosure. In this instance, Schedule E was attached to the return, which (in accordance with IRS instructions) referenced the Partnership and WJS FLP, DMS FLP or FSK FLP, as appropriate. Moreover, in light of the fact that the partnership was clearly referenced in the individual return, the partnership return is an attachment to the return and should be taken into account when assessing whether there has been an omission of gross income. Accordingly, the 3-year statue of limitation should apply because there was no omission.

---

[21] Id.

[22] 26 U.S.C. § 6501(e)(1)(A)(ii) (Emphasis added.).

## B. <u>There Has Been No Omission of Income</u>.

### 1. For Purposes of 26 U.S.C. § 6501(e)(1), the Gross Receipts Provision Applies by its Clear and Unambiguous Language

The Gross Receipts Provision has two distinct parts. It first states that it applies "in the case of a trade or business." This distinct requirement is set off by a comma and effectively serves as a gatekeeper (i.e., that the Gross Receipts Provision is only applicable as to persons engaged in a trade or business). The Defendant has affirmed that the Partnership was in the trade or business of ranching and that the Ranch was property used in that trade or business.[23] Thus, it is clear that the first requirement of the Gross Receipts Provision has been met.

The second part of the Gross Receipts Provision (only reached where the first requirement has been met) is a definition of "gross income" as "the total of the amounts received or accrued from the sale of goods or services (if required to be shown on the return) prior to diminution by the cost of such sales or services." Where Congress intends to limit the availability of a provision to "inventory", it has done so.[24] Instead, the statute refers to "goods or services." The Ranch is a good.[25] Further, there is no indication in the Gross Receipts Provision that the sale or services must be those that establish or form the core of the trade or business at issue. The provision's only mention of a trade or business is in the first requirement, which is a separate gatekeeper that does not modify to which goods or services the second part of the Gross Receipts Provision applies.

---

[23] <u>Id.</u>

[24] See, e.g., 26 U.S.C. §§ 75, 263A(a)(1)(A), 312(n)(4)(C)(ii), 453(b)(2)(B), 512(b)(5)(A), 1221(a)(1), 1231(b)(1)(A) and (B), 1341(b)(2), 1363(d)(4)(B) and 1402(a)(3)(C)(i).

[25] Treas. Reg. § 1.170A-13(f)(5). See, e.g., West's Legal Thesaurus/Dictionary 352 (Special Deluxe Edition 1986) (including assets, belongings and possessions); Black's Law Dictionary 694 (6th ed. 1990) ("Sometimes the meaning of 'goods' is extended to all tangible items, as in the phrase 'goods and services.'"). See also Defendant's Memorandum, p. 20 (describing sales of real estate in *Colony* as sales of goods).

The cases cited by the Defendant do not take a different view of the Gross Receipts Provision. *Schneider v. Commissioner* involved a sale of real estate that was "not a trade or business transaction, nor one that was entered into for profit in a business sense."[26] The real estate in *Schneider* was not used in a trade or business and, thus, did not meet the first requirement of the Gross Receipts Provision. *Insulglass Corp. v. Commissioner* similarly involved sales of commodities and these sales were not in a trade or business.[27] Emphasizing the need for the transaction as to which income was allegedly omitted to be "in the case of a trade or business," the Tax Court stated:

> In our view section 6501(e)(1)(A)(i) provides an exception – in the case of a trade or business – to the general meaning of 'gross income' as stated in section 6501(e).[28]

Additionally, this view of this statutory provision is consistent with Congress's intention in enacted it.[29] The Congress stated that gross income was being "redefined to mean the total gross receipts from the sale of goods or services prior to diminution by the cost of such sales or services."[30]

**2. Even Looking Solely at the Relevant Taxpayers' Returns for Purposes of 26 U.S.C. § 6501(e)(1), the Relevant Taxpayers Did Not Omit Any Income.**

As described above, Treasury Regulation 1.702-1(c)(2) allows a Relevant Taxpayer to treat as reported on his personal return "the amount of partnership gross income from which was derived the partner's distributive share of any item of partnership income, gain, loss, deduction,

---

[26] TC Memo 1985-139.

[27] 84 T.C. 203, 210 (1985).

[28] Id.

[29] H.R. Rep. No. 83-1337, at 4561, *reprinted in* 1954 U.S.C.C.A.N. 4019, 4561; S. Comm. on Finance, 83rd Cong., Report on the Internal Revenue Code of 1954 (S. Rep. 1954), *reprinted in* 1954 U.S.C.C.A.N. 4621, 5233.

[30] Id.

or credit (as included or disclosed in the partner's return)." For this purpose, this regulation refers to gross income as described in the Gross Receipts Provision. As each of the Relevant Taxpayers fully reported on their personal returns their full distributive share (as reported to them on the Schedules K-1 issued to them), they are treated as having reported their distributive share of the partnership's income/gain and deductions. In other words, the Relevant Taxpayers are treated as having reported on their personal returns the full gross proceeds from the sale of the Ranch (a transaction in the case of a trade or business) and, thus, the Relevant Taxpayers did not omit any income.

## C. <u>The Relevant Taxpayers and the Partnership Adequately Disclosed the Allegedly Omitted Income</u>.

### 1. The Partnership Reported the Transaction Giving Rise to the Allegedly Omitted Income in a Manner Adequate to Apprise the Defendant of the Nature and Amount of Allegedly Omitted Income.

By reporting the nature of the transaction (i.e., the sale of property qualifying under 26 U.S.C. § 1231) and the full gross receipts (i.e., the maximum amount of the income), the Partnership disclosed the nature and amount of the allegedly omitted income. The Defendant alleges that the Partnership (and, by distributive share, the Relevant Taxpayers) omitted income by overstating the basis of the Ranch when it reported the sale of the Ranch.[31] The sale of the Ranch is clearly reported on the Partnership's Return.[32] The Defendant concedes that the nature of the sale of the Ranch was the disposition qualifying under 26 U.S.C. § 1231.[33] If this Court were to assume, for purposes of the adequate disclosure issue, that the cost of the Ranch (as

---

[31] Defendant's Memorandum, p. 11.

[32] Defendant's Memorandum, p. 4.

[33] Defendant's Memorandum, p. 20-26.

reported) should have been completely disallowed, the full amount of the alleged omission was reported by the full reporting of the gross receipts of the sale.

The statutory question is whether the "nature" and "amount" of the allegedly omitted income is disclosed. The cases cited by the Defendant on this issue emphasize these two requirements, both of which the Partnership met with its disclosure.[34] This is not a case where a receipt has been hidden, but rather a situation where the Partnership fully reported the proceeds of the sale and what it believed (and continues to believe) is the correct cost of the Ranch. The Defendant had 3 years to verify the reported cost and the Defendant's omission to do so should not be charged against the Plaintiffs.

### 2. The Relevant Taxpayer's and Partnership's Reporting of Short Sale Transaction Is Irrelevant to the Application of the 26 U.S.C. §§ 6229(c)(2) and 6501(e)(1)(A).

The reporting by the Relevant Taxpayers and the Partnership with respect to the short sale transactions is irrelevant to the issues of whether there has been an omission of income or whether there has been adequate disclosure. The Defendant does not assert that the Partnership or any Relevant Taxpayer had income on these short sales that was not reported.

---

[34] *Phinney v. Chambers,* 392 F.2d 680, 684 and 685 (5th Cir. 1968) ("It seems here that there can be no substantial argument that the disclosure made by the bank's return was 'adequate to apprise the Secretary or his delegate of the *nature* and amount of such item.'" (emphasis in original)); *In re: GI Holdings Inc.*, 98 AFTR 2d 2006-6679 (DC NJ) (taxpayer "failed to disclose the connection between their $450 million investment of assets into RPSSLP and their receipt of $450 million in proceeds of the Credit Suisse loan" (*i.e.*, the taxpayer did not disclose that the nature of the investment transaction was a disguised sale)); *Estate of Fry v. Commissioner*, 88 T.C. 1020, 1023 (1987) ("Disclosure of a redemption transaction by a closely held corporation is a significant audit clue, and describing such transaction as a cash sale presumably to an unrelated party is materially misleading." (*i.e.*, taxpayer failed to disclose the nature of the omitted item)); *CC&F Western Operations Ltd. Partnership v. Commissioner*, 273 F.3d 402, 407 (1st Cir. 2001) ("specifically, because the omitted receipt will (ordinarily) provide no clue as to the error; by implicit contrast, an overstated basis provides something the IRS can check.").

The requirements of 26 U.S.C. § 6501(e)(1)(A) do not require adequate disclosure of overstated deductions. This statute focuses on the omission of income. The Defendant does not assert that the Partnership failed to disclose a full accounting of its basis, but appears to believe that one item that affected basis (i.e., the short sale transactions) should have been disclosed beyond the reported disclosure of this item. Various items impact the cost of an item for federal income tax purposes. The original amount paid for the good, ordinarily, determines its initial cost for tax purposes.[35] Capitalizable items will increase the cost for tax purposes.[36] Depreciation reduces cost for tax purposes.[37] For partnerships, adjustments are allowed in certain circumstances if an election is properly made (and sometimes required even in the absence of the election).[38]

There is no requirement that a taxpayer disclose how it arrived at the cost reported on the sale of property or that a taxpayer disclose every transaction affecting its cost (although the taxpayer must, if challenged before the statute of limitations on assessments has passed, be able to prove its calculation of this deduction). However, to obtain the benefit of the Adequate Disclosure Provision, a sale of the property must be reported as a sale and the gross amount received (i.e., the maximum amount of a potential understatement of income if the full claimed basis were disallowed) must be reported. The Partnership clearly did just that.

**D. <u>The 6-Year Limitations Period in 26 U.S.C. §6229(c)(2) Does Not Apply.</u>**

The analysis described above under 26 U.S.C. § 6501(e)(1)(A) applies with equal force when considering 26 U.S.C. § 6229(c)(2). As described in Plaintiffs' Memorandum, this case is

---

[35] 26 U.S.C. § 1012.

[36] 26 U.S.C. §§ 263 and 1016(a)(1).

[37] 26 U.S.C. §§ 167, 168 and 1016(a)(2).

[38] 26 U.S.C. §§ 734, 743 and 754.

nearly identical to that decided by the Supreme Court in *Colony*.[39] The Supreme Court was analyzing a statute (Internal Revenue Code of 1939 § 275) that is nearly identical to 26 U.S.C. §6229(c)(2).[40] Additionally, 26 U.S.C. § 6501(e)(1)(A) is likewise nearly identical with the statute in question in *Colony* and the addition of the Gross Receipts Provision and the Adequate Disclosure Provision in 1954 were "in harmony" with the Supreme Court's decision.[41] Thus, the Partnership did not omit any income or, if it did, it provided adequate disclosure and the 6-year period set forth in 26 U.S.C. § 6229(c)(2) does not apply.

**1. For Purposes of 26 U.S.C. § 6229, There Was No Gross Omission of Income.**

The concepts and holding of *Colony* are equally applicable to 26 U.S.C. § 6229 as when the Supreme Court applied Internal Revenue Code of 1939 § 275. While it may not be necessary, as to 26 U.S.C. § 6501(e)(1)(A), to understand *Colony* to know that the term "gross income" means gross receipts in the case of a trade or business (due to the inclusion of the Gross Receipts Provision) or that the 6-year statute does not apply if there is adequate disclosure (due to the inclusion of the Adequate Disclosure Provision), due weight must be given to the Supreme Court's analysis and holding in *Colony*. Had the Supreme Court been analyzing 26 U.S.C. § 6229(c)(2), the same considerations in the *Colony* opinion would apply.

In applying Internal Revenue Code of 1939 § 275, the Supreme Court determined that "gross income" meant gross receipts.[42] It did so based on because Congress was "addressing itself to the specific situation where a taxpayer actually omitted some income receipt or accrual

---

[39] 357 U.S. 28 (1958).

[40] Compare 357 U.S. 29 footnote 1 with 26 U.S.C. § 6229(c)(2); *CC&F Western Operations Limited Partnership v. Commissioner*, 273 F.3d 402, 405 (1st Cir. 2001).

[41] 357 U.S. at 37.

[42] 357 U.S. at 33.

in his computation of gross income, and not more generally to errors in that computation arising from other cases.[43] It also held that "gross income" meant gross receipts in the context of omissions because, had Congress been concerned about the mere size of the error, "one might have expected to find the statute cast in terms of errors in the total tax due or in total taxable net income.[44] These same considerations apply when examining 26 U.S.C. § 6229(c)(2), a substantially identical statute.

When the Supreme Court held that "gross income" meant gross receipts, it did not mention the trade or business of the taxpayer. The Supreme Court's analysis could be read as holding that "gross income" in 26 U.S.C. §6229(c)(2) always refers to gross receipts and that the absence of a definitional provision (like the Gross Receipts Provision) implies a Congressional intention as to partnerships to look at omissions of gross receipts, as had been decided in *Colony*, in every case, regardless of whether the transaction occurred in the trade or business of the partnership.

However, this case does not require this Court to analyze whether the holding of *Colony* applies to transactions outside of a trade or business. This case involves a transaction in a trade or business, as did the situation analyzed in *Colony*. The Colony, Inc.'s principal business was the development and sale of lots in a subdivision located outside Lexington, Kentucky and the property sold (i.e., real estate) was used in The Colony, Inc.'s trade or business.[45] The Partnership was involved in the ranching business and the Defendant affirms that the sale of the Ranch qualified as the sale of "property used in the trade or business" for purposes of 26 U.S.C.

---

[43] Id.

[44] 357 U.S. at 36. *See, e.g.*, 26 U.S.C. § 6662(d) (imposing a penalty based on the size of an understatement of income tax).

[45] *The Colony, Inc. v. Commissioner*, 26 T.C. 30, 31 (1956).

§ 1231.[46] Whether the good being sold is inventory or other property used in the trade or business is irrelevant, as *Colony* (and the Gross Receipts Provision) do not draw this distinction. Thus, whether applying the Gross Receipts Provision or applying 26 U.S.C. §6229(c)(2), there is no omission if, in the case of a trade or business, the gross receipts of a sale are disclosed.

**2. The Period of Limitations is not Extended by 26 U.S.C. § 6229(c)(2) if an Item Is Disclosed on the Face of the Return.**

As described above, the Supreme Court in *Colony* read a statute that was nearly identical to 26 U.S.C. § 6229(c)(2) (and "in harmony" with the Adequate Disclosure Provision) as giving the Defendant additional time where there an "item was disclosed on the face of the return."[47] While one may debate the standard set by the Supreme Court as to what level of disclosure is required, the Supreme Court clearly felt that disclosure of sales of property that are disclosed on the return is sufficient, even if the Defendant takes issue with the tax basis of that property.[48] Such disclosure is also sufficient under the Adequate Disclosure Provision as long as the nature of the sale and the full gross receipts from the sale are set forth on the return (or an attachment to the return). Even if the disclosure holding of *Colony* is limited to trades or businesses, the Plaintiffs have satisfied this disclosure requirement by disclosing the sale of the Ranch (i.e., property in Partnership's trade or business) and all of the receipts from that sale.

The Supreme Court's decision in *Colony* found that the IRS is not at a special disadvantage when the "error in reporting an item [was] disclosed on the face of the return."[49] The Congress has given the IRS 3 years to check the items reported on the return. If, however, there is no indication on the return that the taxpayer earned an amount of income, an auditor may

---

[46] Defendant's Memorandum, p. 20-25.

[47] 357 U.S. at 36 and 37.

[48] Id.

[49] 357 U.S. at 36.

not know to look for that income. On the other hand, a fully disclosed transaction (such as the sale of the Ranch) is something that an auditor can verify as to the particulars (e.g., the holding period, the qualification for 26 U.S.C. § 1231 treatment, the gross receipts and the cost). There is no reason why the Defendant should be allowed additional time to investigate what is clearly reported on the Partnership's Return and reflected by referenced attachment on the Relevant Taxpayer's returns.

Additionally, the way in which the short sales were reported is irrelevant in the analysis under 26 U.S.C. § 6229(c)(2). There is no allegation that the Partnership had income from the short sale transaction or that it omitted any such income. The alleged error by the Partnership was as to the Ranch's cost and this was disclosed on the face of the return, thereby putting the Defendant at no special disadvantage.[50] Since the Partnership and the Relevant Taxpayer did not omit any income as to the short sale transactions in which they participated, the reporting of those transactions is irrelevant.[51]

## V. CONCLUSION

Because the Partnership and the Relevant Taxpayers did not omit any gross income under 26 U.S.C. §§ 6229(c)(2) and 6501(e)(1)(A), the 3-year statute of limitations on assessments

---

[50] 357 U.S. at 36.

[51] The Plaintiffs do not concede or imply that the reporting of the short sale transactions was not properly done, but assert that (even if not properly done) such reporting is irrelevant to the issue here. Defendant states that certain other reporting requirements should have been satisfied, but those were, in fact, no applicable. *See* Notice 2000-44, 2000-2 C.B. 255 (released in August 2000, after the returns were filed in April 2000, and which did not describe short sale transactions and which did not incorporate short sale transactions until a 2003 regulatory change); Treas. Reg. § 301.6011-4(e) (which has never created an obligation to amend prior filed returns); 26 U.S.C. § 6111 (not applicable to taxpayers; it applies to advisors to taxpayers); 26 U.S.C. § 6707A (only applicable to tax returns due after October 22, 2004 and which were not filed before such date). Additionally, Plaintiffs note that Congress enacted a different provision to give the IRS more time as to taxpayers that engaged in listed transactions, which is not applicable here. 26 U.S.C. § 6501(c)(10).

applies. Based on the foregoing, Plaintiffs' Motion for Summary Judgment should be granted and Defendant's Cross-Motion for Summary Judgment should be denied. Plaintiffs request all such and additional relief to which they may be entitled.

Respectfully submitted on May 14, 2007,

By: s/ Adam M. Cohen ______________________

Adam M. Cohen, attorney of record
Colorado State Bar No. 31924
Alan Poe, of counsel
Colorado State Bar No. 7641

HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, Colorado 80202
(303) 295-8372 Telephone
(303) 295-8261 Facsimile
acohen@hollandhart.com
apoe@hollandhart.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on May 14**,** 2007, I electronically filed the foregoing Plaintiffs' Response to Defendant's Cross-Motion for Summary Judgment and Reply Memorandum in Support of Plaintiffs' Motion for Summary Judgment with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

David R. House
U.S. Department of Justice—Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044

/s/ Adam M. Cohen___________________________
Adam M. Cohen

3707057_3.DOC