No. 06-503 T
(Judge Christine O.C. Miller)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SALMAN RANCH LTD, a New Mexico Limited partnership,
and William J. Salman as Tax Matters Partner,

Plaintiff

v.

THE UNITED STATES,

Defendant

**UNITED STATES' SUPPLEMENTAL BRIEF**

RICHARD T. MORRISON
Acting Assistant Attorney General

DAVID GUSTAFSON
GROVER HARTT II
Senior Litigation Counsel
DAVID R. HOUSE
Attorneys
Justice Department (Tax)
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3366
(202) 514-9440 (facsimile)

**Page**

## TABLE OF CONTENTS

United States' Supplemental Brief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

1. An opinion of the Tax Court, whether by a single judge or an opinion issued by all judges of the Tax Court is given the same weight as that of a district court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2. The decision of *Bakersfield Energy Partners, LP v. Commissioner*, 128 T.C. 17 (2007), is inconsistent with existing precedent, including *Colony Inc. v. Commissioner*, 357 U.S. 28 (1958), and cannot be reconciled with the facts of this case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

3. *Grapevine v. United States*, Fed. Cl. No. 05-296 (July 17, 2007), is wrongly decided. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## TABLE OF AUTHORITIES

**Cases:**

*Badarracco v. Commissioner*, 464 U.S. 386 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Bakersfield Energy Partners, LP v. Commissioner*, 128 T.C. 17 (2007) . . . . . . . . 2, 5-12

*Barseback Kraft AB v. United States*, 121 F.3d 1475 (Fed. Cir. 1997) . . . . . . . . . . . . . . . 6

*CC&F Western Operations, L.P. v. Commissioner*, 273 F.3d 402
(1st Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 10

*Caldera v. J.S. Algerici Contsr. Co.*, 153 F.3d 1381 (Fed. Cir. 1998) . . . . . . . . . . . . . . . 6

*Colony Inc. v. Commissioner*, 357 U.S. 28 (1958) . . . . . . . . . . . . . . . . . . . . . . . . . *Passim*

*Estate of Fry v. Commissioner*, 88 T.C. 1020 (1987) . . . . . . . . . . . . . . . . . . . . . . . 2, 7,10

*First Chicago Corp. v. Commissioner*, 742 F.2d 1102 (7th Cir. 1984) . . . . . . . . . . . . . . . 2

**Page**

**Cases (Continuation):**

*Golsen v. Commissioner*, 54 T.C. 742 (1970), *aff'd on other grounds*, 445 F.2d 985 (10th Cir. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Grapevine Imports v. United States* , 71 Fed. Cl. 324 (Fed. Cl. 2006) . . . . . . . . . . . . . . . 6

*Grapevine v. United States*, Fed. Cl. No. 05-296 (July 17, 2007) . . . . . . . . . 1, 2, 7, 11-13

*Gustafson v. Alloyd Co.*, 513 U.S. 561 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Insulglass Corp. v. Commissioner*, 84 T.C. 203 (1985) . . . . . . . . . . . . . . . . . . . . 2, 7,10

*KVP Sutherland Paper Co. v. U.S.*, 170 Ct.Cl. 215 (1965) . . . . . . . . . . . . . . . . . . . . . . . 2

*L & B Corp. v. United States*, 862 F.2d 667 (8th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . 2

*Phinney v. Chambers*, 392 F.2d 680 (5th Cir. 1968), *cert. denied*, 391 U.S. 935 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

*Scanlon White, Inc. v. Commissioner*, 472 F.3d 1173 (10th Cir. 2006) . . . . . . . . . . . . . . 2

*Schneider v. Commissioner*, T.C. Memo 1985-139, 49 T.C.M. (CCH) 1032 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7,10

*Wilkinson v. United States*, 157 Ct.Cl. 847 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Statutes**:

Internal Revenue Service Codes of 1939 (26 U.S.C.):

§ 275 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 9

Internal Revenue Service Codes of 1954 (26 U.S.C.):

§ 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

§ 703 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

§ 743 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

§ 754 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Page**

**Statutes (Continuation):**

§ 6501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Passim*

§ 6229 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9, 10, 14

§ 7443 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

§7460 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Miscellaneous:**

Treas. Reg. (26 C.F.R.), § 1.702-1(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Christine O.C. Miller

No. 06-503

SALMAN Ranch LTD, a New Mexico Limited partnership,
and William J. Salmon as Tax Matters Partner,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

Defendant.

**UNITED STATES' SUPPLEMENTAL BRIEF**

Pursuant to the Order of the Court entered on July 11, 2007, the United States files this supplemental brief to address the two questions raised by the Court and the recent decision in *Grapevine v. United States*, Fed. Cl. No. 05-296T (July 17, 2007)

1. An opinion of the Tax Court, whether by a single judge or an opinion issued by all judges of the Tax Court is given the same weight as that of a district court.

The weight to be accorded a Tax Court decision[1] by other courts, whether issued by a single judge or a fully reviewed opinion, depends upon the reasoning of the decision. On a direct appeal, the appellate court reviews the Tax Court decision as it would any district court

[1]The Tax Court is comprised of 19 judges. § 7443(a)(all references to code sections are to the Internal Revenue Code of 1954, unless otherwise designated). Each Tax Court Judge is a "division." Rule 3 of the Rules of the United States Tax Court. Pursuant to § 7460(a), the report of a division constitutes the final disposition of the proceeding. Pursuant to § 7460(b), the report of a division shall become the report of the Tax Court within 30 days unless the Chief Judge directs the report shall be reviewed by the Tax Court.

decision. Statutory interpretations are reviewed *de novo*. *See, e.g., Scanlon White, Inc. v. Commissioner*, 472 F.3d 1173 (10th Cir. 2006); *First Chicago Corp. v. Commissioner*, 742 F.2d 1102 (7th Cir. 1984) (adopting dissenting opinion in Tax Court as its own). Where a direct appeal is not involved, some courts have noted the Tax Court's expertise in tax matters, but courts in general have given Tax Court decisions no more weight than a district court decision. *L & B Corp. v. United States*, 862 F.2d 667, 672 (8th Cir. 1988); *KVP Sutherland Paper Co. v. U.S.*, 170 Ct.Cl. 215 (1965); *Wilkinson v. United States*, 157 Ct.Cl. 847 (1962). Accordingly, in response to this Court's inquiry about the deference to be paid to Tax Court opinions, we are compelled to note that the Tax Court itself failed to give any deference to, or indeed even mention, three prior opinions by that very court that were contrary to its *Bakersfield* decision.[2] So the question that must be asked is "Which Tax Court opinions should be given any deference: The three earlier contrary opinions, or the later one that ignored them?" Two of the ignored opinions were included in the Commissioner's briefs in the *Bakersfield* case.

2. The decision of *Bakersfield Energy Partners, LP v. Commissioner*, 128 T.C. 17 (2007), is inconsistent with existing precedent, including *Colony Inc. v. Commissioner*, 357 U.S. 28 (1958), and cannot be reconciled with the facts of this case.[3]

In the case of *Colony Inc. v. Commissioner*, ostensibly relied upon by the Tax Court in *Bakersfield Energy Partners*, the taxpayer was in the business of selling real estate lots. The IRS

[2]See Part 2, below. The Tax Court cases *Bakersfield* fails to discuss are: *Estate of Fry v. Commissioner*, 88 T.C. 1020 (1987); *Insulglass Corp. v. Commissioner*, 84 T.C. 203 (1985); and *Schneider v. Commissioner*, T.C. Memo. 1985-139, 49 T.C.M. (CCH) 1032 (1985).

[3]The Tax Court decision in *Bakersfield Energy Partners* is appealable to the Ninth Circuit under the holding of *Golsen v. Commissioner*, 54 T.C. 742 (1970), *aff'd on other grounds*, 445 F.2d 985 (10th Cir. 1971). There are no Ninth Circuit cases which are binding precedent on the issues presented in *Bakersfield*. The recent decision in *Grapevine v. United States*, Fed. Cl. No. 05-296T (July 17, 2007), is discussed in part 3, below.

determined that Colony had substantially omitted gross income because of understated net gain from the sale of real estate lots. *Colony*, 357 U.S. 28, at 30. Colony had reported all sales proceeds on its corporate return, but the IRS asserted that it had overstated its cost basis. *Id.* at 32. All the information on the sales in Colony was present on one return - the corporate return. The time for assessing tax under the normal statute of limitations had passed, and the Commissioner relied upon the extension provided by § 275(c) of the Internal Revenue Code of 1939 for assessing taxes where there was a gross omission of income.

The Supreme Court held, on these facts, that there was no substantial omission of gross income and that the extended statute of limitations provided for in § 275(c) of the Internal Revenue Code of 1939 was not available. In doing so, the Supreme Court identified two concepts which were enacted in § 6501(e)(1)(A) for later years. First, in the case of a trade or business, Congress provided an exception to the meaning of gross income. In the case of a trade or business, "gross income" means the total of the amounts received from the sale of goods or services prior to diminution by the cost of such goods or services. § 6501(e)(1)(A)(i). Second, in determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the nature and amount of such item. § 6501(e)(1)(A)(ii).

Because Colony Inc. was in the trade or business of selling real estate, for purposes of determining whether there was an omission of gross income, the proceeds from the sale would not be diminished by the cost of goods sold. Further, there was only one return at issue in Colony - the corporate return of the taxpayer. Therefore, as long as Colony Inc. stated the gross

proceeds on its corporate return, there was no omission of gross income. This is consistent with the exception to the meaning of gross income for trade or business income from the sale of goods or services provided for in § 6501(e)(1)(A)(i).

Further, the Supreme Court stated, 357 U.S. 28, at 36:

> We think that in enacting § 275(c) Congress manifested no broader purpose than to give the Commissioner an additional two years to investigate tax returns in cases where, because of a taxpayer's omission to report some taxable item, the Commissioner is at a special disadvantage in detecting errors. In such instances the return on its face provides no clue to the existence of the omitted item.

This is the adequate disclosure safe harbor provided for in § 6501(e)(1)(A)(ii). Because the gross proceeds were stated on the taxpayer's return in *Colony*, and were not diminished by the cost of goods sold, there was no substantial omission of income and both the amount and nature of the income were stated on the taxpayer's return. Therefore, the adequate disclosure "safe harbor" created by the Supreme Court was available to the taxpayer. The enactment in § 6501(e)(1)(A) of both the trade or business exception to the definition of gross income and the safe harbor allowed the Supreme Court to state that its holding "is in harmony with the unambiguous language of § 6501(e)(1)(A) of the Internal Revenue Code of 1954." *Colony*, 357 U.S. 28, at 36.

In contrast, the Tax Court in *Bakersfield Energy Partners, LP v. Commissioner*, 128 T.C. 17 (2007), ignored the facts of *Colony*, as well as the exception to the meaning of gross income of § 6501(e)(1)(A)(i), and sought to broaden the holding of *Colony* beyond that of a taxpayer whose income was trade or business income from the sale of goods and services and whose information was reported on a single return. In *Bakersfield*, the partnership ("BEP") held various gas and oil reserves. After a sale of those reserves was unsuccessful, the individual

partners sold their partnership interests to Bakersfield Resources, LLC (BRLLC), an entity formed by BEP's partners. That sale caused a technical termination of BEP, which terminated its tax year. BEP made an election under § 754 to adjust the basis of the partnership assets to BRLLC's basis in its partnership assets pursuant to § 743(b). BEP was apparently then successful in selling the oil and gas reserves. The partnership return, Form 1065, reported the sale. Both the gross proceeds and the basis of the reserves as calculated by BEP were stated on BEP's Form 1065.

The opinion is silent as to how the individual partners of BEP reported their gain from the transaction on their individual Forms 1040 or even how BRLLC reported its gain frm the transaction. It appears from the opinion that none of the partner's individual Forms 1040 were submitted into evidence or analyzed by the Court. The sole return discussed by the Court is BEP's Form 1065. Thus the Tax Court, notwithstanding its comments concerning § 6501(e), proceeded to analyze the case before it exclusively under the provisions of the TEFRA statute – § 6229(c)(2) – and totally ignored the period of limitations that the courts have held controls, § 6501(e). The distinction between these two statutes is crucial because § 6501(e) focuses on the individual returns of the partners and clearly presents the trade or business exception to gross income as well as the adequate disclosure safe harbor.

The *Bakersfield* Court turned to *Colony*, and summarized its holding as follows: "the extended period of limitations applies to situations where specific income receipts have been "left out" in the computation of gross income and not when an understatement of gross income resulted from an overstatement of basis." *Bakersfield*, Slip. Op. at 10. The *Bakersfield* Court dismissed the fact that *Colony* was applying an exception to the meaning of gross income in

cases of sales of goods and services in the case of a trade or business - the exception codified in § 6501(e)(1)(A)(i). Attempting to reconcile this distinction between the facts in *Bakersfield* and *Colony*, the Tax Court stated: "we see little change in the rationale of the applicable statute. Thus, the Supreme Court holding would apply equally to BEP's return." *Id.*, at 11. This interpretation of the holding of *Colony* dismissed the exception to the meaning of gross income of § 6501(e)(1)(A)(i); ignored three prior Tax Court cases; and ignored at least two circuit court cases. The Tax Court is also completely silent as to the question of whether the 6-year extension of § 6501(e) would apply to the individual partner's 1040s and how the reporting on those returns may have omitted income without reference to the partnership's Form 1065.[4]

As explained in our opening brief, the general definition of gross income from the casual sale of real estate is the net gain from the sale of that real estate. The Supreme Court in *Colony*, and Congress in § 6501(e)(1)(A)(i) provided an exception to the general definition of gross income in the case of sales of goods and services in the case of a trade or business. By holding that gross income equals gross proceeds for every taxpayer and every sale, purporting to rely on *Colony*, the Tax Court has eliminated the need for the trade or business exception enacted by Congress. As the Court of Federal Claims stated in *Grapevine Imports v. United States* , 71 Fed. Cl. 324, 342 (Fed. Cl. 2006), applying *Colony*'s gross proceeds standard to all sales of property, contrary to § 6501(e)(1)(A), "would violate the canon that a legislature is presumed to have used

---

[4]The Government has already briefed and argued its contention that the language of § 6501(a) focuses the inquiry of 6501(e)(1)(A) on the individual partner's return, which, in this case, reported neither gross proceeds nor basis. While Treas. Reg. § 1.702-1(c)(2) would appear to be contrary to the language of § 6501(a), the Federal Circuit has held that a prior regulation cannot supercede subsequently enacted legislation. *Barseback Kraft AB v. United States,* 121 F.3d 1475 (Fed. Cir. 1997). *See also*, *Caldera v. J.S. Algerici Contsr. Co.*,153 F.3d 1381, 1383 n.** (Fed. Cir. 1998)("statutes trump conflicting regulations").

no superfluous words" (internal quotation omitted).[5] Thus, the Tax Court decision in *Bakersfield* cannot be reconciled with either the Supreme Court in *Colony*, or with § 6501(e)(1)(A). As the Government has contended, applying the 6-year statute of § 6501(e)(1)(A) to the facts of this case is dictated by the provisions of the statute and is in harmony with the Supreme Court's holding in *Colony*. It follows that *Bakersfield* cannot be reconciled with the instant case.

The *Bakersfield* Court also failed to address either the Fifth Circuit decision in *Phinney v. Chambers*, 392 F.2d 680, (5th Cir. 1968), *cert. denied*, 391 U.S. 935 (1968), or the First Circuit decision in *CC&F Western Operations, L.P. v. Commissioner*, 273 F.3d 402 (1st Cir. 2001).[6] The Tax Court also ignored three prior Tax Court cases on point, *Estate of Fry v. Commissioner*, 88 T.C. 1020 (1987); *Insulglass Corp. v. Commissioner*, 84 T.C. 203 (1985); and *Schneider v. Commissioner*, T.C. Memo. 1985-139, 49 T.C.M. (CCH) 1032 (1985).

In *Phinney v. Chambers*, *supra*, the taxpayer and her husband held an installment note that they had received in exchange for stock they held as community property. The husband died, and the note was paid in full while in the estate's possession. The estate prepared a return which disclosed the sale as an installment sale and reported the gross proceeds and the step up in basis based upon the estate's theory of the basis. The estate also filed a fiduciary tax return for the wife/taxpayer which presented the transaction as a straight sale of stock and reflected her share of the proceeds. The trust return did not report a gain, however, because it reported a basis

---

[5]As explained in part 3, below, the Court of Federal Claims in its recent decision in *Grapevine v. United States*, Fed. Cl. No. 05-296T (July 17, 2007), ignored this violation of the canon in holding that the 6-year statute was unavailable in that case.

[6]Although the Tax Court quoted an excerpt from the Government's brief in *Bakersfield* which cited *CC&F Western*, there is no separate analysis of that case.

in the stock equal to the proceeds. Part of this basis originated from a basis step-up the taxpayer claimed upon her husband's death. The IRS subsequently denied this basis step-up. The IRS asserted that the six-year assessment period of § 6501(e)(1)(A) applied because the trust had substantially omitted income by misstating the basis.

The estate in *Phinney*, relying on *Colony*, argued that the fiduciary return for the wife reported both the proceeds and basis as calculated by the trust so there was no omission of income. The Fifth Circuit disagreed. Interpreting § 6501(e)(1)(A), the *Phinney* Court held, 392 F.2d 680, 685:

> if an item of income is shown on the face of the return or an attached statement that is not shown in a manner sufficient to enable the secretary by reasonable inspection of the return to detect the errors then it is the omission of 'an amount' properly includable in the return.

In the instant case, the taxpayers/partners each reported a short sale transaction in stock as if it were a straight sale of stock, rather than a short sale. The reporting on the individual Forms 1040 by the individual partners also indicated that Salman Ranch had no part in the transaction. If Salman Ranch had actually received the short positions and liability to close them, the capital loss closing the sale was the partnership's and should have been reported to the partners on Forms K-1. Sections 703(a) and 702(a) require that short term capital losses be stated separately by the partnership.

Salman Ranch contends that this transaction enabled it to increase its basis in the ranch so as to avoid over $4 million in gain on the sale, and by providing gross proceeds and basis on the partnership return, gave the Service an opportunity to challenge its contention. The partners did not report either the gross proceeds or the disputed basis on their individual Forms 1040 - only the net gain was reported on their returns. Like the trust in *Phinney*, 392 F.2d at 685,

> The basic difficulty with the taxpayer's position here is that taxpayer simply didn't give the government a chance to make a 'challenge' to the taxpayer's contention, because the taxpayer made no such contention on the return it filed.

The Tax Court in *Bakersfield* failed to consider *Phinney* and merely held that because gross proceeds and the basis were reported on the partnership return, there could be no omission of income. This holding is contrary to the holding in *Phinney*.

Similarly, the First Circuit in *CC&F Western v. Commissioner*, 273 F.3d 402 (1st Cir. 2001), held that a partnership failed to adequately disclose an omission of income where a partnership reported a net loss on its partnership return from the sale of its interests in 12 partnerships. The partnership return in reporting the sale did not report that, as part of the sale, debt on the partnership interests was paid. The partnership return reported the proceeds from the sale, less the debt repayment. In Forms K-1 attached to the partnership return, the partnership reported its share of the partnership liabilities which were paid during the sale.

The statute being interpreted by the First Circuit was § 6229(c)(2). The partnership, relying on *Colony*, contended that the gross proceeds and basis were disclosed on the return so there was no omission of income and the debt was disclosed on the Forms K-1, so that portion of the sale was adequately disclosed. The First Circuit disagreed. The First Circuit discussed the "clue" reference in Justice Harlan's analysis of former § 275(c) of the Internal Revenue Code of 1939. The Circuit Court considered that reference in light of the adequate disclosure standard of § 6501(e)(1)(A)(ii), and held that the attachment of Forms K-1, which reported the indebtedness of the partnership failed to provide the Commissioner with sufficient information to investigate. Even though *CC&F Western* interpreted § 6229(c)(2), the Tax Court in *Bakersfield* failed to discuss or analyze that case.

In the present case, the individual partners' returns omitted reporting the gross proceeds as well as the disputed basis from the sale of the ranch. There was nothing attached to the partnership return to suggest a Son of Boss transaction had even occurred - even though the partnership's basis computation depends upon it. No schedules K-1 were attached indicating the partnership incurred the loss on covering the short position, nor does there exist any statement attached to the partnership return with respect to the transaction. Therefore, even if *Bakersfield* is correct, and it is not, the individual partners in Salman Ranch have omitted items of income from their returns. The 6-year statute of § 6501(e)(1)(A) applies.

The *Bakersfield* Court also failed to discuss or analyze the Tax Court cases of *Insulglass v. Commissioner*, 84 T.C. 203 (1985); and *Schneider v. Commissioner*, T.C. Memo 1985-139. In both cases, the taxpayer contended that income included gross proceeds which were reported on the return, rather than net gain which the Commissioner contended was improperly reported. The Tax Court held that, for income other than from a sale of goods or services by a trade or business, "gross income" meant net gain and *not* gross proceeds. Thus, an omission of net gain was an omission of income even though gross proceeds were accurately stated on the return. These two cases are contrary to the holding of *Bakersfield*, yet were never mentioned by the *Bakersfield* Court.

The *Bakersfield* Court also ignored *Estate of Fry v. Commissioner*, 88 T.C. 1020 (1987). In that case, gross proceeds from an installment sale were reported on the return. The Commissioner disputed the value of land received as part of the price. Despite inclusion of the gross proceeds, the Tax Court held the return omitted gross income and applied the 6-year statute of limitations of § 6501(e)(1)(A).

3. *Grapevine v. United States*, Fed. Cl. No. 05-296 (July 17, 2007), is wrongly decided.

In *Grapevine*, the Court of Federal Claims held that the 6-year statute of limitations of § 6501(e)(1)(A) was unavailable where the "item" of income omitted from the return was gain which the taxpayers reported as a loss due to inflated basis in partnership interests held by the taxpayers, and where both the proceeds and the disputed basis were reflected on a schedule D attached to the partners' Form 1040. The *Grapevine* Court relied on its interpretation of *Colony v. Commissioner*, 357 U.S. 28 (1958), as subsequently interpreted by the Tax Court in its flawed *Bakersfield* opinion. For reasons stated below, the Government contends that the interpretation of *Colony* is in error and, in the alternative, that *Grapevine* is distinguishable from the facts of this case.

In *Grapevine*, the Court of Federal Claims interpreted the *Colony* Court's discussion of the term "omitted" as requiring that an entire item be left off the return. *Grapevine*, Slip. Op. at 6-7. The *Grapevine* decision then refused to limit *Colony* to the case of sales of goods or services by a trade or business, citing *Bakersfield*, supra. *Id.*, at 7-8. As explained above, however, the "item" with which *Colony* was concerned was an overstated basis in the context of sales of real estate by a firm in the business of selling real estate. Congress has legislated that result in § 6501(e)(1)(A)(i).

Although the *Grapevine* Court acknowledged its earlier concern regarding rendering that provision superfluous, Slip. Op. p. 7, n. 7, it stated that "this court cannot conclude that these additions to the statue somehow modified section 6501(e)(1)(A)." Given that the definition of income from the sale of real estate is *gain* from the sale of real estate and not merely gross

proceeds,[7] § 6501(e)(1)(A)(i) definitely modifies 6501(e)(1)(A) by providing an exception to the definition of gross income as used in subsection (A). In extending the "gross proceeds" exception to the definition of gross income to a non-trade or business sale, the *Grapevine* Court has accomplished that which it warned against in its first opinion: it has rendered a statute superfluous.[8] By rendering § 6501(e)(1)(A)(i) superfluous, the *Grapevine* Court has also refused to strictly construe the statute of limitations narrowly in favor of the government. *Badarracco v. Commissioner*, 464 U.S. 386, 391 (1991).

The Government's interpretation of *Colony* respects the Supreme Court's holding in that case as well as maintains the viability of § 6501(e)(1)(A)(i). Where "gross proceeds" is the definition of gross income, as it is in the exception legislated for a sale of goods or services by a trade or business, any reduction of gain by inflating basis is not an omission of an item of gross income on the return where the gross proceeds and basis are reported. This is the holding of *Colony* and is in accord with § 6501(e)(1)(A)(i). Where *Grapevine* and *Bakersfield* run contrary to the statute is by declining to consider *Colony* in light of its facts. In instances where gross income is defined as "gain," as it is for sales not in the case of a trade or business, mere reporting of gross proceeds does not, in fact, report gross income. To hold otherwise is to render § 6501(e)(1)(A)(i) superfluous. Therefore, if § 6501(e)(1)(A)(i) is be given any effect, an omission of gain from sales not in the case of a trade or business, as occurred in *Grapevine* and

---

[7] *See*, Government's Memorandum in Support of its Motion for Summary Judgment, pp. 13-14.

[8] *See*, *Gustafson v. Alloyd Co.*, 513 U.S. 561, 574 (1995) (applying principle of statutory interpretation that instructs courts to "avoid a reading which renders some words altogether redundant").

here, is to omit an item of gross income. The 6-year statute of limitations of § 6501(e)(1)(A) applies.

Even if the recent decision in *Grapevine* is correct in its interpretation of *Colony*, and it is not, the 6-year statute of limitations of § 6501(e)(1)(A) applies in this case. Again, *Grapevine* interpreted *Colony* to hold that an item of income must be left out of the return for there to be an omission. *Grapevine*, Slip. Op. at 6-7. The *Grapevine* Court stated, Slip. Op. at 8:

> As defendant admits, the Tigues' 1999 return not only specifically claimed the loss at issue, but also listed, on schedule D thereof, the basis in the partnership interests that defendant claims was overstated.

That schedule D also reported the gross proceeds from the sale of the partnership interests.[9] On these facts, the Court of Federal Claims in *Grapevine* held that there was no omission of income. No such reporting occurred in this case.

In this case, the partners in Salman Ranch – unlike the *Grapevine* partners – never reported the gross proceeds or the basis from the sale of the Ranch on their individual Forms 1040. Further, the partners reported the Son of BOSS transaction as if it were a straight sale of stock by each partner, with no involvement by the Partnership. Thus, even if the omission of gain resulting from the Son of BOSS transaction is itself not an "omission of income," there were at least three omissions from the partners' returns: 1) gross proceeds from the sale of the Ranch, 2) basis of the Ranch, and 3) the omission of the capital loss incurred by Salman Ranch on closing the short position.

[9]The Tigues' Form 1040 for 1999 was both attached as an exhibit to the Government's Motion for Summary Judgment, filed November 28, 2005, as Exhibit 1(listed in the Court's docket as attachment 3) and was introduced at the hearing on January 18, 2007, as Exhibit 1.

The Government has presented its argument that, for purposes of § 6501(e)(1)(A), the "return" to be reviewed is the taxpayer's return "and does not include a return of any person from whom the taxpayer has received an item of income, gain, loss, deduction, or credit)." § 6501(a). That amendment to § 6501(a) was added in 1997 and applies to this case. Congress has determined that the return to be looked at in applying § 6501(e)(1)(A) is the partner's individual 1040 and not the partnership return. The plaintiff argued that the plain meaning of the statute put blinders on the IRS. It is the partners' omissions regarding the sale of the Ranch from their individual returns and their misleading reporting of the Son of Boss transaction that has put blinders on the IRS. The 6-year statute of limitations of § 6501(e)(1)(A) applies in this case and the FPAA was timely mailed.

CONCLUSION

For the reasons stated above, in the Government's briefs, and at argument, the Court should deny the plaintiff's motion for summary judgment, and grant the United States' cross-motion for partial summary judgment, regarding the limitation periods under 26 U.S.C. §§ 6501(e)(1)(A) and 6229(c)(2).

Respectfully submitted,

s/ David R. House
DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3366
(202) 540-9440 (facsimile)

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims
GROVER HARTT, III
Senior Litigation Counsel

s/ Grover Hartt, III
OF COUNSEL