IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Christine O.C. Miller

No. 06-503

SALMAN Ranch LTD, a New Mexico Limited partnership,
and William J. Salmon as Tax Matters Partner,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

Defendant.

UNITED STATES' SUPPLEMENTAL BRIEF
RE: *BRANDON RIDGE PARTNERS v. UNITED STATES*

Pursuant to the Order of August 2, 2007, the United States files this supplemental brief to address the factual similarities of *Brandon Ridge Partners v. United States*, No. 8:06-cv-1340 T-24MAP (M.D. Fla. July 30, 2007), and *Grapevine Imports v. United States*, No. 05-296T (Fed. Cl. July 17, 2007).

**Reporting in Salman Ranch**.

The plaintiff in this case contends the following steps were taken prior to the sale of the Ranch: 1) the partners engaged in a short sale of U.S. Treasury Notes; 2) the partners then transferred the short sale proceeds – and the liability to close that sale – to the Partnership; 3) the Partnership closed out the short position and incurred a loss passed through to the partners; and 4) the Partnership sold the Ranch, with an alleged basis of $5,465,378, for $6,700,000.

The Partnership filed a Form 1065 for the period ending November 30, 1999, the period in which the partnership allegedly closed the short sale of the Treasury Notes.[1] The return reported, on a statement attached to the return, that the Partnership made an election pursuant to § 754 to equalize inside and outside basis at p. A-14. That election did not identify just what assets were getting an increase in basis. The Partnership does indicate, at line 11 on Schedule B, p. A-4, that a transfer of partnership interests or distribution of property occurred, but no elaboration is offered. This is presumably the transfer of interests to the family partnerships.

There is no attachment to the partnership return reflecting that the Partnership received the contribution of proceeds from the short sale of Treasury Notes, or the obligation to close that short sale. There is no schedule D, or other attachment reflecting that the Partnership closed the short sale for a loss and passed that loss onto the partners. No K-1s were attached indicating the partnership incurred the loss on covering the short position, nor does there exist any other statement attached to the partnership return with respect to the short sale transaction.

The Form 1065 filed by the Partnership for its purported December 1 – December 31, 1999 tax year, attached as Exhibit B to the Government's Motion for Summary Judgment, merely reported the gross proceeds from the sale of the Ranch, the inflated basis they claim was created using the Son of BOSS transaction and the net gain. The sale of the Ranch is reported at p. B-9, on Form 4797. There is no attachment to the Partnership return reflecting the nature of the basis computation or even that the Partnership had received the short sale position and the liability to close that position from the partners which affected that basis. The Form 1065 filed for December 31, 1999, at p. B-19, also reflected an election pursuant to § 754 to equalize inside

[1]The Form 1065 filed for the period ending November 30, 1999, is attached as Exhibit A to the Government's Motion for Summary Judgment.

and outside basis.[2] That election did not identify just what assets were getting an increase in basis. Statement 6-Schedule M-2, attached to Exhibit B as page B-14, reflects contributions to capital, without stating the nature of those contributions.

The individual partners' Forms 1040 did not report the gross proceeds or the disputed basis from the sale of the ranch. The sale was reported on Form 4797 attached to the Form 1040, and merely reported that partner's share of the gain from the sale of the ranch. The Form 1040 of William A. Salman is attached to the Government's motion for Summary Judgment as Exhibit C. The Form 4797 is attached to that return at p. C-14. The designation on that Form merely reflects "From Sch. K-1 (Form 1065)." The partnership is not named on Form 4797 and the property sold is not even identified as the Ranch. Attached to the Form 1040, was a schedule D which purports to reflect the short sale of Treasury Notes. That schedule appears on page C-9 of Exhibit C. The transaction is reported as a conventional sale of Treasury Notes by the partner generating a small capital loss, rather than a short sale closed by the Partnership.

Nowhere on the Form 1040 is there any indication that the short position and the liability to close that position was contributed to the Partnership. Nowhere on the return is there any indication that the partnership had closed the short position and incurred the loss.[3] Nowhere on the individual Form 1040 is there an indication of a transfer of a partnership interest to the family partnership. Nowhere on the individual Form 1040 is there any statement reflecting the nature of the basis computation of the Ranch.

---

[2]This is the same type of election made by the partnership in *Brandon Ridge* – and for the same reason. The *Brandon Ridge* Court explains the nature of this election on p. 6 of the slip opinion.

[3] Sections 703(a) and 702(a) require that short term capital losses be stated separately by the partnership.

**Reporting in Brandon Ridge**.

Mr. Jefferson was a majority shareholder in an S-Corporation, Florida Electronic Supply, Inc. ("FES).[4] Prior to selling his FES stock, Mr. Jefferson and his wife engaged in a Son of BOSS transaction. Three entities were formed by the Jeffersons: Brandon Ridge Partners; NJ Investments, LLC; and Brandon Ridge, Inc. NJ Investments sold Treasury Notes short. The short sale proceeds as well as the obligation to close the sale were transferred to Brandon Ridge Partners. The partnership covered the short sale. Following the completion of the short sale, the FES stock was transferred to Brandon Ridge Partners as a capital contribution. The next day, the Jeffersons contributed 99% of their interests in Brandon Ridge Partners to Brandon Ridge Inc., causing a technical termination. "New" Brandon Ridge Partners made a § 754 election which resulted in an increase in the partnership's basis in the FES stock. Brandon Ridge Partners then sold the FES stock to a third-party using the basis inflated by the Son of BOSS transaction.

On their Form 1040, the individual partners reflected their transfer of their partnership interests to Brandon Ridge, Inc., in a separate statement attached to the return. On schedule D, they reported a net long-term capital gain from a partnership of $31,042. Schedule E reported their interests in Brandon Ridge Partners as well as Brandon Ridge, Inc.

Brandon Ridge Partners reported a long-term capital gain on Schedule K of $31,042 from the sale of the FES stock. The Schedule K-1s also indicated a capital contribution from Brandon Ridge, Inc., and Mr Jefferson. Schedule D attached to the partnership return reflects the sale of the FES stock, the gross proceeds and the basis which led to the capital gain. The partnership

---

[4]The facts with respect to *Brandon Ridge* are reported at pp. 3-5 of the Slip Opinion.

return also attached a statement which reflected a technical termination due the transfer of a partnership interest and the § 754 election.

**Reporting in Grapevine**.

In *Grapevine*, the taxpayers inflated their basis in a partnership interest through a Son of Boss transaction. Upon selling their partnership interest, the taxpayers reported that sale on Schedule D attached to their Form 1040. The Schedule D reported gross proceeds on the sale, the inflated basis, and the net gain.[5]

**Discussion**.

Both *Bakersfield v. Commissioner*, 128 T.C. 17 (2007), and *Grapevine Imports*, purport to follow *Colony v. Commissioner*, 357 U.S. 28 (1958), on the grounds that § 6501(e)(1)(A) did not materially add to former § 275(c). As a result, they erroneously held that an overstatement of basis is not an amount of income omitted from the return for purposes of § 6501(e)(1)(A) - even where the basis affects gain from a sale other than of goods and services by a trade or business. As presented in the briefs filed by the Government, this ignores the addition of subparts (i) and (ii) to § 6501(e)(1)(A) and renders subpart (i) superfluous.[6]

The Supreme Court granted certiorari in *Colony* due to a conflict between the circuits and "because the question as to the proper scope of sec. 275(c), ***although resolved for the future by sec. 6501(e)(1)(A)*** . . . remains one of substantial importance . . . for earlier tax years."[7] At the

---

[5]*Grapevine Imports v United States*, Fed. Cl. 05-296 T, Slip. Op. at 8. (July 17, 2007).

[6]As stated by the Court of Federal Claims in *Grapevine Imports*, 71 Fed. Cl. 324, 342 (2006): [This] result, however, would violate the canon that 'a legislature is presumed to have used no superfluous words.'" (citations omitted).

[7]*Colony v. Commissioner*, 357 U.S. 28, 31-32 (1958).

end of the opinion, after earlier acknowledging that § 275 is "ambiguous,"[8] the Court makes its frequently quoted observation that "the conclusion we reach is in harmony with the ***unambiguous*** language of § 6501(e)(1)(A)." The Court must have seen something in § 6501(e)(1)(A) that was lacking in § 275 – the new provisions of (i) and (ii). Therefore, § 6501(e)(1)(A) did reflect a change in the law. Section 6501(e)(1)(A)(i) expressly limits its definition of gross income to sales of goods or services made by a trade or business. Interpreting the holding of *Colony* to mean that an omission of gain resulting from an inflated basis is not an omission regardless of whether a transaction was a sale of goods or services by a trade or business renders § 6501(e)(1)(A)(i) superfluous.

The district court in *Brandon Ridge Partners v. United States* recognized the change in the law made by § 6501(e)(1)(A).[9] The *Brandon Ridge* Court analyzed the post-*Colony* decisions of *Insulglass v. Commissioner*,[10] and *Schneider v. Commissioner*,[11] as well as two other Tax Court cases,[12] which held that for non-business sales the general definition of gross income means total sales less the cost of goods sold and limited the holding of *Colony* to sales in the ordinary course of a trade or business.

---

[8]*Id.*, at 33.

[9]*Brandon Ridge Partners*, *supra*, slip. op. 11-14.

[10]84 T.C. 203 (1985).

[11]1985 WL 14754 (U.S.T.C. 1985).

[12]*Northern Indiana Public Service Co. v. Commissioner*, 101 T.C. 294, (USTC 1993); *Benson v. Commissioner*, 2006 WL 770577 (USTC March 27, 2006). Curiously, the Tax Court never mentioned its prior decisions in *Bakersfield* or offered any explanation of why it was refusing to follow them.

The *Brandon Ridge* Court then looked to the Fifth Circuit and *Phinney v. Chambers*,[13] which held that an item of income is omitted if the item is not shown in a manner sufficient to enable the IRS, upon reasonable inspection, to detect the error. The district court found that the gain from the sale of the FES stock by Brandon Ridge Partners was not shown in a manner which would enable a reasonable person to detect it had been calculated incorrectly due to the overstatement of basis.[14] The district court looked for support that the phrase in § 6501(e)(1)(A), "omits from gross income an amount properly includible therein," extends to situations where the amount of gross income is understated due to an error in calculation. The district court found that support in § 6501(e)(2) which provides for a 6-year statute of limitations when a "taxpayer omits . . . **items** includible in [the] gross estate or [the] total gifts."[15] Congress specified that the 6-year statute for gift tax purposes in § 6501(e)(2) applied where "items" were omitted. The word "item" is not in § 6501(e)(1)(A). That statute provides for the 6-year statute of limitations where an "amount" is omitted. As a result, the *Brandon Ridge* Court found that the gain omitted due to the overstated basis resulting from the Son of BOSS transaction was an omission of income as defined by § 61 for purposes of § 6501(e)(1)(A).[16] The gain omitted by Salman Ranch was omitted due to the overstated basis resulting from a Son of BOSS transaction. That is an omission of income for purposes of § 6501(e)(1)(A).

[13]392 F.2d 680, 685 (5th Circuit 1968). The Government's reliance on Phinney was never mentioned by the Grapevine Court which failed to mention that case.

[14]*Brandon Ridge*, slip op. at 13.

[15]*Id.*

[16]*Brandon Ridge*, *supra*, slip op. at 12 (quoting *Insulglass*, supra, 84 T.C. 203, at 210.)

Once the district court found that there was an omission of income, the remaining question was whether that omission was adequately disclosed under § 6501(e)(1)(A)(ii). The district court looked to the partnership return, the return of Brandon Ridge, Inc., and the individual partners' Form 1040.[17] While this analysis is contrary to the plain language of § 6501(a)(which provides "the return" does not include returns of any person from whom the taxpayer received an item of income, gain, loss, deduction, or credit), the district court found that the three returns failed to adequately disclose the omission - even though the partnership reported the gross proceeds from the sale of the FES stock, the overstated basis, and the net gain as calculated by the partnership.

The district court found (slip op. at 19):

> However, what is not disclosed in any of the returns is the fact that the proceeds of the short sale, *along with the obligation to cover the short sale*, was contributed to the Partnership, and the Jeffersons did not reduce their basis in the Partnership by the value of the obligation to cover the short sale that was assumed by the Partnership. . . . As presented in the returns and statements attached thereto, the substance of the transactions relating to the sale of the FES stock (which included the contribution to the partnership of the obligation to cover the short sale of the Treasury Notes and the effect on the Jefferson's basis in the Partnership) was not disclosed in a manner that was adequate to apprise the IRS of the true amount of capital gain that resulted from the sale of the FES stock.

Similarly, neither the returns filed by Salman Ranch nor those of the partners reported that the proceeds from the short sale of the treasury notes and the obligation to close that sale was contributed to the Partnership. In fact, the reporting of the short sale of Treasury Notes by the Salman Ranch partners would lead a reasonable person to believe there was never any contribution of the proceeds and the obligation to close the sale to the partnership. That short

[17]*Id.* at 14-15. On this point, the *Brandon Ridge* Court cited pre-1998 case law in support of its position. Those cases all predate the amendment which added the parenthetical to § 6501(a).

sale was reported on the partners' returns as a conventional sale of the Treasury Notes by the individual partners for a small capital loss, rather than a short sale closed by the Partnership. The partners and partnership in Salman Ranch not only failed to report the substance of the basis transaction, but the reporting that was made was at best misleading and at worst deceptive.

In *Grapevine*,[18] this Court relied on *Colony* to erroneously hold that an omission of gain resulting from an overstatement of basis is not an omission of income for purposes of § 6501(e)(1)(A), even in a non-trade or business sale. *Grapevine* did not discuss that this holding rendered § 6501(e)(1)(A)(i) superfluous. *Grapevine* did at least acknowledge the outbreak of a "judicial debate" after *Colony*,[19] but the cases cited as debating the point limited the holding of *Colony* to its facts, except for the decision in *Bakersfield*, which itself ignored the cases cited in *Grapevine*. The *Brandon Ridge* Court, however, correctly interpreted *Colony* by following what had been -- until the last few weeks -- a consistent interpretation of the law since *Colony*.

Once *Grapevine* had determined that *Colony*'s interpretation of old § 275(c) must mean that an over-stated basis can never constitute an omission from income, even in a non-trade or business sale, under new § 6501(e)(1)(A), it reviewed the reporting on the taxpayers' Form 1040. The *Grapevine* taxpayers had reflected the sale of the partnership interest on Schedule D attached to their Form 1040, which stated the gross proceeds, the inflated basis resulting from the Son of BOSS transaction, and the net gain. Contrary to *Phinney* and *Brandon Ridge*, *Grapevine* never considered whether the substance of the Son of BOSS transaction – the transfer

[18] *Grapevine Imports v. United States*, 2007 WL 2049294 (Fed. Cl. July 17, 2007).

[19] *Id.* at 5.

of the short sale proceeds to the partnership AND the obligation to close it – was disclosed in a manner sufficient to enable the IRS, upon reasonable inspection, to detect the error.

With respect to the reporting of the transaction in *Grapevine*, as contrasted to the reporting in *Salman Ranch*, the partners in this case never reported the gross proceeds, the inflated basis, or even the total net gain on their returns. They merely reported each individual partner's net gain received from the partnership. William J. Salman's return failed to identify from which partnership the gain was received. As a result, even under *Grapevine*, the Salman Ranch partners omitted gross proceeds and basis from their return, resulting in an omission from income.

**Conclusion**.

For the above reasons, and those set forth in the Government's prior memoranda in support of its Cross-Motion for Summary Judgment, plaintiff's Motion for Summary should be denied, and the Government's Cross Motion for Summary Judgment should be granted.

Respectfully submitted,

s/ David R. House
DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3366
(202) 540-9440 (facsimile)

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims
GROVER HARTT, III
Senior Litigation Counsel

s/ Grover Hartt, III
OF COUNSEL