**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| Salman Ranch LTD, a New Mexico Limited Partnership, and William J. Salman As Tax Matters Partner, | § § § | |
| | § | Case No. 06-503-T |
| Plaintiffs, | § | |
| | § | Judge Christine O.C. Miller |
| v. | § | |
| | § | |
| United States of America, | § | |
| | § | |
| Defendant. | § | |

REPLY TO DEFENDANT'S SUPPLEMENTAL BRIEFS

# TABLE OF CONTENTS


TABLE OF CONTENTS ..... i

TABLE OF AUTHORITIES ..... ii

**A. The Weight Accorded an Opinion of the Tax Court by a Single Judge, as Contrasted to an Opinion Issued by All the Judges of the Tax Court.** ..... 1

**B. Whether the Decision in Bakersfield Energy Partners v. Commissioner is Consistent with Existing and/or Binding Precedent, and any Possible Reconciliation of the Bakersfield Decision and Colony, Inc. v. Commissioner, with the Facts of this Case** ..... 3

**1.** Bakersfield, Grapevine and Colony are Consistent with the Statute and Consistent with Existing Precedent. ..... 3

**2.** Bakersfield, Grapevine and Colony Apply to the Facts of this Case in the Same Manner They Applied to the Facts in those Cases, Whereas Brandon Ridge Does Not Apply to this Case as Brandon Ridge was Incorrect. ..... 9

**C. Conclusion** ..... 12

# TABLE OF AUTHORITIES

## CASES


*AD Global Fund, LLC v. United States*, 2007 WL 624366 (Fed. Cir. March 2, 2007)................11

*Bakersfield Energy Partners, LP v. Commissioner*, 128 T.C. No. 17, 2007 WL 1712543 (June 14, 2007) ..............................................3, 4, 5, 9, 12

*Benson v. Commissioner*, T.C. Memo 2006-55..........................................................4, 6, 7

*Boucher v. Commissioner*, 693 F.2d 98 (9th Cir. 1982)..............................................................11

*Brandon Ridge Partners v. United States*, No. 8:06-cv-1340-T-24MAP, slip op. (M.D. Fla. July 30, 2007)................................................................1, 10, 11

*CC&F Western Operations Ltd. Partnership v. Commissioner*, 273 F.3d 402 (1st Cir. 2001)...............................................................................................................3, 6

*CC&F Western Operations Ltd. Partnership v. Commission*, T.C. Memo 2000-286....................3

*Colony, Inc. v. Commissioner*, 26 T.C. 30 (1956) ..........................................................................10

*Colony, Inc. v. Commissioner*, 357 U.S. 28 (1958) ..........................................................3, 4, 5, 8 9, 10, 11

*Estate of Fry v. Commissioner*, 88 T.C. 1020 (1987)................................................................6, 8

*Graham v. Commissioner*, 822 F.2d 844 (9th Cir. 1987) ............................................................11

*Grapevine Imports, Ltd. v. United States*, 2007 WL 2049394 (Fed. Cl. July 17, 2007) ..........................................................................3, 4, 9, 10 11, 12

*Insulglass Corp. v. Commissioner*, 84 T.C. 203 (1985) ..........................................................6, 7

*InverWorld v. Commissioner*, 979 F.2d 868 (D.C. Cir. 1992).....................................................11

*Magneson v. Commissioner*, 753 F.2d 1490 (9th Cir. 1985).......................................................11

*Merit Life Ins. Co. v. Commissioner*, 853 F.2d 1435 (7th Cir. 1988)...........................................11

*Merkel v. Commissioner*, 192 F.3d 844 (9th Cir. 1999) .............................................................11

*Northern Indiana Pub. Svc. Co. v. Commissioner*, 101 T.C. 294 (1993) ...................................6, 7

*Phinney v. Chambers*, 392 F.2d 680 (5th Cir. 1968) ....................6, 8, 11

*Schneider v. Commissioner*, TC Memo 1985-139 ....................6, 7

*Taylor v. United States*, 417 F.2d 991 (5th Cir. 1969) ....................6, 11

**STATUTES**

26 U.S.C. § 1441 ....................7

26 U.S.C. § 6229(c)(2) ....................3, 4

26 U.S.C. § 6501 ....................*Passim*

26 U.S.C. § 7460(b) ....................1

Internal Revenue Code of 1939 § 275 ....................4

**MISCELLANEOUS**

Mary Ann Cohen, *How to Read Tax Court Opinions,* 1 Hous. Bus. & Tax L.J. 1 (2001) ....................1

Rule 3(a) of Rules of the United States Tax Court ....................1

K. Khiem Ting, *A Conversation with Chief Judge Mary Ann Cohen*, July 1996 Taxes 423 ....................2

KAFKA & CAVANAGH, LITIGATION OF FEDERAL CIVIL TAX CONTROVERSIES ¶ 2.06 ....................2, 12

*Statement by U.S. Tax Court Chief Judge Thomas Wells Before Federal Bar Association Section of Taxation*, March 11, 2003, BNA TaxCore ....................2

*Tax Court: Former Chief Judge Says Congress May Re-Examine Home Office Deduction Issue*, July 2, 1992, Daily Tax Report ....................2

Theodore Tannenwald, Jr., *Tax Court Trials: An Updated View From the Bench,* 47 TAX LAWYER 587 (1993) ....................2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| Salman Ranch LTD, a New Mexico Limited Partnership, and William J. Salman As Tax Matters Partner, | § | |
| | § | Case No. 06-503-T |
| Plaintiffs, | § | |
| | § | Judge Christine O.C. Miller |
| v. | § | |
| | § | |
| United States of America, | § | |
| | § | |
| Defendant. | § | |

REPLY TO DEFENDANT'S SUPPLEMENTAL BRIEFS

Pursuant to the Orders of the Court entered on July 11, 2007, and on August 2, 2007, Plaintiffs Salman Ranch LTD (the "Partnership") and William J. Salman (collectively, with the Partnership, the "Plaintiffs") submit this Reply to the Defendant's Supplemental Brief and the Defendant's Supplemental Brief Re: *Brandon Ridge Partners v. United States* (collectively, "Defendant's Supplemental").

**A. The Weight Accorded an Opinion of the Tax Court by a Single Judge, as Contrasted to an Opinion Issued by All the Judges of the Tax Court.**

The opinion of the Tax Court by a single judge has the same weight as an opinion of the Tax Court issued by all of the judges of the Tax Court. As pointed out in the Defendant's Supplemental, an opinion by a single judge in the Tax Court becomes the opinion of the Tax Court within 30 days unless the chief judge directs that such report shall be reviewed.[1] The

[1] 26 U.S.C. § 7460(b); Rule 3(a) of Rules of the United States Tax Court. *See also* Mary Ann Cohen, *How to Read Tax Court Opinions*, 1 Hous. Bus. & Tax L.J. 1, 5 (2001).

proposed opinion becomes the opinion of the entire Tax Court, not just of the individual judge and is binding on all of the Tax Court's judges.[2] Thus,

> Judge Cohen emphasizes that an opinion's importance is not diminished by the Chief Judge's decision not to have a review of the opinion by the entire Tax Court. She states that "any published opinion is the opinion of the Tax Court unless and until it has been overruled. The Chief Judge may deem an opinion to be so clearly right and noncontroversial that she may not want to initiate a court review process that consumes much judicial time."[3]

A Chief Judge may cause a report to be reviewed, among other reasons, if the report proposes to overrule a prior Tax Court opinion, proposes to overturn a Treasury regulation or proposes to hold contrary to a prior circuit court ruling.[4] A report may also be sent for review if it proposes to distinguish Tax Court or other precedent on a doubtful basis, if the Chief Judge questions the validity of the legal approach the author of the report has adopted or if the Chief Judge has received notification from other Judges that there is disagreement over a report that is about to be issued.[5] Normally, a case is not reviewed if the result seems clear to the Chief Judge.[6]

Thus, despite the Defendant's Supplemental's note that "the Tax Court itself failed to give any deference to … three prior opinions by that very court that were contrary to its

---

[2] *Statement by U.S. Tax Court Chief Judge Thomas Wells Before Federal Bar Association Section of Taxation*, March 11, 2003, BNA TaxCore (hereinafter, "*Wells Statement*").

[3] K. Khiem Ting, *A Conversation with Chief Judge Mary Ann Cohen*, July 1996 Taxes 423, 424 (quoting Chief Judge Mary Ann Cohen). *See also* KAFKA & CAVANAGH, LITIGATION OF FEDERAL CIVIL TAX CONTROVERSIES ¶ 2.06[2].

[4] *Wells Statement;* Theodore Tannenwald, Jr., *Tax Court Trials: An Updated View From the Bench*, 47 TAX LAWYER 587, 600 (1993).

[5] Id. All opinions are circulated to all of the Tax Court judges before they are released. The likelihood that all 19 Judges of the Tax Court did not analyze or consider the Tax Court's prior precedent belies credulity.

[6] *Tax Court: Former Chief Judge Says Congress May Re-Examine Home Office Deduction Issue*, July 2, 1992, Daily Tax Report.

*Bakersfield* decision," the fact that the *Bakersfield* opinion was issued as a regular opinion indicates the precisely opposite. Namely, Judge Cohen and Chief Judge Colvin (along with the other Judges of the Tax Court) did not believe that the *Bakersfield* opinion was contrary to prior precedent of the Tax Court or any other court.[7]

**B. Whether the Decision in Bakersfield Energy Partners v. Commissioner is Consistent with Existing and/or Binding Precedent, and any Possible Reconciliation of the Bakersfield Decision and Colony, Inc. v. Commissioner, with the Facts of this Case**

**1.** Bakersfield, Grapevine and Colony are Consistent with the Statute and Consistent with Existing Precedent.

(1) Bakersfield, Grapevine and Colony Hold that the Term "Omit" Does Not Include Overstatements of Basis, Cost or Other Deductions and Are Consistent with 26 U.S.C. §§ 6501(e)(1)(A) and its Subsections.

The Tax Court and Court of Federal Claims have examined 26 U.S.C. §§ 6501(e)(1)(A) and 6229(c)(2) and have determined that the 6-year limitations period does not apply in the case of an overstatement of basis, cost or other deduction of a transaction shown on the return because such an overstatement does not constitute an omission. These decisions were based on the Supreme Court's examination of the predecessor statute, which utilized the same words. These courts discerned that the 1954 additions to 26 U.S.C. § 6501(e)(1)(A), which did not change the term "omit" that was construed by the Supreme Court, do not alter the Supreme Court's holding or analysis as applied to 26 U.S.C. §§ 6501(e)(1)(A) and 6229(c)(2).[8]

As these cases find, these statutes are applied in two steps. These decisions correctly point out that one must first determine that there has been an omission before ever determining if

---

[7] In fact, Judge Cohen was herself the Judge that was affirmed by the First Circuit in *CC&F Western Operations Ltd. Partnership v. Commission*, 273 F.3d 402 (1st Cir. 2001), aff'g T.C. Memo 2000-286. It seems unreasonable to assume that Judge Cohen ignored a case that she herself was involved in seven years ago on similar issues.

[8] *Grapevine Imports, Ltd. v. United States*, 2007 WL 2049394, *5 (Fed. Cl. July 17, 2007); *Bakersfield Energy Partners, LP v. Commissioner*, 128 T.C. No. 17, 2007 WL 1712543, *6 (June 14, 2007).

the omission exceeds 25 percent of the gross income stated in the return. In *Grapevine*, the Court of Federal Claims construed the preexisting base provision of 26 U.S.C. § 6501(e)(1)(A) as being independent of 26 U.S.C. § 6501(e)(1)(A)(i) and (ii).[9] Similarly, in *Bakersfield*, the Tax Court dismissed arguments by the Commissioner that 26 U.S.C. § 6501(e)(1)(A)(i), which defined gross income, and the factual context of the *Colony* decision were prerequisites to having an omission.[10] The Supreme Court itself specifically focused on the word "omit" (as opposed to the words "gross income").[11] In fact, the Tax Court recently went through this two-step exercise in *Benson v. Commissioner*.[12]

Plain-language statutory construction leads to the same result. 26 U.S.C. § 6501(e)(1)(A) applies if "the taxpayer omits from gross income an amount properly includible therein." 26 U.S.C. § 6229(c)(2) is limited to situations where "the partnership omits from gross income an amount properly includible therein." Section 275(c) of the Internal Revenue Code of 1939 read "if the taxpayer omits from gross income an amount properly includible therein." Additionally, 26 U.S.C. § 6501(e)(1)(A)(ii) assists in the determination of "the amount omitted from gross income" and, thereby, focuses on this first determination. On the other hand, 26 U.S.C. § 6501(e)(1)(A)(i) defines "gross income" and does not speak to whether there has been an omission. The definition of "gross income" may not be needed to determine whether something

[9] *Grapevine*, at *5.

[10] *Bakersfield*, at *6-7.

[11] *Colony, Inc. v. Commissioner*, 357 U.S. 28, 32 (1958) (rejecting the Commissioner's position that one should "touch[] lightly on the word 'omits' and bear[] down hard on the words 'gross income' ….").

[12] T.C. Memo 2006-55 ("Section 6501(e)(1)(A) extends the period of limitations to 6 years when the taxpayer omits amounts properly includable in gross income and the omitted amounts exceed 25 percent of the reported gross income.")(finding that constructive dividends from a C corporation were not adequately disclosed and were thus "omitted" and then analyzing whether such omissions exceeded the 25 percent amount).

was put in the return and overstated or was left out of the return, but it is critical to determining the size of all items for purposes of the numerator and denominator of the 25-percent test.

In summary, when "the understatement of a tax arises from an error in reporting an item disclosed on the face of the return the Commissioner is at no [special] disadvantage [in detecting the error]."[13] As the Tax Court put it, the Supreme Court construed the word "omits" as "something 'left out' and not something put in and overstated."[14] 26 U.S.C. § 6501(e)(1)(A)(ii) requires the disclosure to be of the amount and nature of the item.[15] Only where the amount or nature of the item is left out will a court need to determine the "gross income" for purposes of the 25-percent test to determine if the 6-year limitations period applies.

The Supreme Court's construction of the word "omit" does not make 26 U.S.C. § 6501(e)(1)(A)(i) superfluous. If the nature of an item or the amount of the item have been left out of the return (i.e., if there has been an "omission"), a determination must be made as to whether the omission exceeds 25 percent of the gross income stated on the return. To do so, one must know the amount of the omitted gross income and the amount of the gross income stated on the return. It is at this point, having determined that an omission exists, that one must know the definition of "gross income." It is at this point that 26 U.S.C. § 6501(e)(1)(A)(i) applies to assist with the determination.

---

[13] *Colony*, 357 U.S. at 36.

[14] *Bakersfield*, at *7.

[15] Note that this statute does not require there to be disclosure adequate to apprise the Secretary of the nature of other items that impact the omitted item. The statute does not require there to be adequate disclosure of anything other than the nature and amount of "such item." Thus, where an item's full amount is stated (as was done in this case, in *Colony*, in *Bakersfield* and in *Grapevine*), the nature of the item is stated (as was done in this case, in *Colony*, in *Bakersfield* and in *Grapevine*), and the only issue is allegedly overstated basis, there is no omission solely because other items that affected that basis (e.g., ability to include certain development expenses as in *Colony* or the Treasury transactions as in this case) were *arguendo* not disclosed.

(2) Prior Case Law Cited by the Defendant Is Consistent With the Two-Step Determination Described Above.

The first determination described above is whether the taxpayer failed to report any gross receipts or failed to disclose the nature of the omitted item. *CC&F Western Operations Ltd. Partnership v. Commissioner, Insulglass Corp. v. Commissioner, Schneider v. Commissioner, Northern Indiana Pub. Svc. Co. v. Commissioner, Benson v. Commissioner* and *Estate of Fry v. Commissioner* all represent situations where gross receipts were not reported.[16] *Northern Indiana Pub. Svc. Co. v. Commissioner, Benson v. Commissioner*, *Estate of Fry v. Commissioner* and *Phinney v. Chambers* represent situations where the nature of the omitted item was not disclosed.

The second determination described above is whether the taxpayer's omitted gross income exceeds 25 percent of the gross income stated on the return. While all of the cases mentioned in the preceding paragraph represent situations where that was found to be true, *Insulglass Corp. v. Commissioner* and *Schneider v. Commissioner* specifically discuss the calculation and the application of 26 U.S.C. § 6501(e)(1)(A)(i) thereto.

The First Circuit was confronted with a failure to report the full gross receipts from the sale of partnership interests in *CC&F Western Operations Ltd. Partnership v. Commissioner.*[17] As that Court said, "the huge payment by Trammell Crow discharging Western's indebtedness to banks is properly treated as a gross receipt and gross income attributable to Western. All or most of this amount … was simply omitted as an income item on Western's return."[18]

---

[16] Another case involving a failure to disclose the nature and amount of the omitted item is *Taylor v. United States*. 417 F.2d 991 (5th Cir. 1969).

[17] 273 F.3d 402, 406.

[18] *Id.* (IRC citations omitted).

In *Insulglass Corp. v. Commissioner*, the taxpayer did not disclose gross receipts.[19] Because it was clear that these items were omitted, the focus became the second determination (i.e., the 25-percent calculation). In this regard, the Tax Court found that the net income from certain commodity transactions, which were in no way related to a trade or business, must be used, rather than the gross receipts from these transactions.[20]

The Tax Court similarly focused on the 25-percent calculation in *Schneider v. Commissioner*.[21] In that case, the issue was whether, for that calculation, the gross receipts of a real estate sale (with no connection to a trade or business), or the net income, would be used.[22] The omitted income in that case was unrelated to the real estate sale.[23]

In a case confronting the question of whether the 6-year statute could apply to a failure to withhold on the income of another under 26 U.S.C. § 1441, the Tax Court found that the amount and nature of certain interest payments were not disclosed on the relevant forms or schedules or statements attached to such returns.[24]

*Benson v. Commissioner* also involved an omission as to nature and amount. In that case, the Tax Court found that the nature and amount of certain constructive dividends (by virtue of certain royalty, service and rental payments made between two corporations that were owned by the same taxpayer) had not been adequately disclosed and were thus omitted.[25]

---

[19] 84 T.C. 203, 205.

[20] *Id.* at 208-209.

[21] T.C. Memo 1985-139.

[22] *Id.*

[23] *Id.* at footnote 2.

[24] *Northern Indiana Pub. Svc. Co. v. Commissioner*, 101 T.C. 294, 296 (1993).

[25] T.C. Memo 2006-55.

In *Estate of Fry v. Commissioner,* the taxpayer received land as partial consideration in a redemption of stock of a closely held corporation.[26] On the tax return, the payment for the stock was shown at $150,000, with no indication that the payment was in land valued at this amount.[27] The Government contended that the land was worth $1,400,000.[28] The Tax Court held that "the disclosure does not constitute a disclosure sufficient 'to apprise the Secretary of the nature and amount' of the omitted item" because gross receipts were omitted (i.e., the difference between $1,400,000 and $150,000) and because there was no disclosure that this was a redemption transaction by a closely held corporation using land.[29] This case demonstrated an omission of gross receipts and the nature of the item.

While each of the cases above involved situations where gross receipts were not disclosed on the taxpayer's return, the taxpayer in *Phinney v. Chambers* disclosed all of its gross receipts on the return.[30] However, the Fifth Circuit concluded that the 6-year statute applied where there is either a complete omission of an item of income of the requisite amount or a misstating of the nature of an item of income.[31] In that case, the taxpayer received income on an installment note but disclosed the transaction as a sale of stock.[32] Thus, the omission that resulted in the application of the 6-year statute was an omission as to the nature of the item and not an omission of any gross receipts. The Fifth Circuit nowhere in the opinion states that there was an omission due to the overstatement of basis (as, under *Colony*, there was none) or due to

---

[26] 88 T.C. 1020, 1021-1022.

[27] *Id.* at 1022.

[28] *Id.*

[29] *Id.*

[30] 392 F.2d 680, 685 (5th Cir. 1968).

[31] *Id.*

[32] *Id.* at 684-685.

any omission of disclosure of items impacting that basis (as, under *Colony* and 26 U.S.C. § 6501, such disclosure or lack thereof is of no import to the application of the 6-year statute) but only finds an omission because of the failure to disclose the nature of the sale itself. This is consistent with *Colony*, *Bakersfield* and *Grapevine*, because there was no determination of an omission due to an overstatement of basis but only a determination of an omission as to the nature of the item.

26 U.S.C. § 6501(e)(1)(A)(ii) has been applied in harmony with *Colony* to determine whether there has been an omission. 26 U.S.C. § 6501(e)(1)(A)(i) has likewise been applied in harmony with *Colony* (and has not been superfluous in these cases) to determine if the amount of an omission (once one has been found) exceeds 25 percent of the amount stated on the return. *Colony*, *Bakersfield* and *Grapevine* are consistent with these precedents.

**2.** Bakersfield, Grapevine and Colony Apply to the Facts of this Case in the Same Manner They Applied to the Facts in those Cases, Whereas Brandon Ridge Does Not Apply to this Case as Brandon Ridge was Incorrect.

*Bakersfield* and *Grapevine* involve facts that are very nearly the same as the facts in this case. The critical facts in this case are that the Partnership sold the Ranch (as defined in the Plaintiffs' prior filings) and the Section 1231 gain from that sale was reported on Form 4797.[33] The Defendant claims the basis used to calculate the net gain on the sale of the Ranch was overstated.

In *Bakersfield*, Bakersfield Energy Partners, LP ("BEP") sold oil and gas assets. The gain on such sale was reported on Form 4797. The Government contended that the basis used to calculate the net gain on that sale was overstated.[34]

In *Grapevine*, the taxpayers, Joseph J. Tigue and Virginia B. Tigue, through wholly-owned limited liability companies, sold their interests in Grapevine Imports, Ltd.[35] The loss

---

[33] Defendant's Proposed Finding of Uncontroverted Fact 16.

[34] *Bakersfield*, at *2-3.

(alleged by the government to be a gain) on such sale was reported on the taxpayer's Schedule D.[36] The Government contended that the basis used to calculate the net gain on that sale was overstated.[37]

*Colony* involved a taxpayer that sold assets and reported the net gain on the sale on its tax return. The Government contended there was an overstatement of basis as a result of inclusions in basis that were subsequently denied.[38]

Recently, a Florida District Court held (also on similar facts) that the 6-year statute of limitations did apply.[39] That case so held, directly contrary to Supreme Court authority, where reported gross income is understated due to an error in the calculation of basis.[40] It decided this because it believed that, if *Colony*'s gross receipts test only applies to situations described in 26 U.S.C. § 6501(e)(1)(A)(i), that section would be rendered superfluous.[41] As explained above, this is not correct and the Supreme Court recognized this by indicating that the 1954 amendments were in harmony with its decision.[42] The District Court also stated that the amount of the item was not adequately disclosed,[43] creating an omission, where the Supreme Court has clearly held that overstatements of basis do not put the Defendant at the special disadvantage for

Cont'd.

[35] Brief Supporting United States' Motion for Partial Summary Judgment at 5, *Grapevine.*

[36] Government Exhibit 1 attached to United States' Motion for Partial Summary Judgment at 5, *Grapevine*.

[37] Brief Supporting United States' Motion for Partial Summary Judgment at footnote 16, *Grapevine.*

[38] *Colony, Inc. v. Commissioner*, 26 T.C. 30, 35, 39 and 43 (1956).

[39] *Brandon Ridge Partners v. United States*, No. 8:06-cv-1340-T-24MAP, slip op. at 12-13 (M.D. Fla. July 30, 2007).

[40] *Id.* at 13.

[41] *Id.* at 12.

[42] *Grapevine*, *5; *Colony*, 357 U.S. at 37.

[43] *Brandon Ridge Partners*, at 13 and 22.

which the 6-year statute was enacted.[44] The District Court also compared 26 U.S.C. §§ 6501(e)(1) and 6501(e)(2) without any discussion of the legislative history, which the Court of Federal Claims found dispositive.[45] Thus, each *ratio dicendi* of the District Court had fallacies that make it an incorrect decision.[46]

The majority of the precedents at the trial court level and the only precedent at the appellate level (specifically, at the Supreme Court) that specifically discuss the issue of whether an overstatement of basis where the nature of the sale is disclosed hold that such overstatements do not constitute an omission and the extended limitations period does not apply.[47] While these cases are factually similar to this case, their analyses are independent of those facts. The definition of "omit" for purposes of 26 U.S.C. § 6501(e)(1) should remain constant, regardless of

---

[44] *Colony*, 357 U.S. at 36. It is curious that the District Court could hold this where the cases cited, *Taylor* and *Phinney*, are both cases interpreting *Colony* but neither of which involved situations where the taxpayer had disclosed the omitted item. As described above, *Phinney* involved an omission where the nature of the omitted item was not disclosed (i.e., the receipt of a payment on an installment sale was disguised as a sale of stock). *Brandon Ridge Partners* involved a sale of stock that was clearly disclosed and the District Court held the item omitted was the sale of stock such that the nature of the omitted item was disclosed. *Brandon Ridge Partners*, at 17.

[45] Compare *Grapevine*, footnote 8, with *Brandon Ridge Partners*, at 13.

[46] The Plaintiffs further point to their prior briefs and argument in this case regarding the reasons why the allegedly omitted item (and not transactions that may have affected the calculation of components of the allegedly omitted item) are what must be disclosed to meet the requirements under 26 U.S.C. § 6501(e)(1)(A)(ii). The Plaintiffs do agree with the District Court's finding that the nature of the omitted item was disclosed, *Brandon Ridge Partners*, at 17, and the finding that the Partnership's return must be considered for purposes of applying 26 U.S.C. § 6501(e)(1)(A), *Id.* at 15.

[47] Additionally, it should be noted that Courts of Appeals have indicated that a level of deference or respect is to be given to Tax Court opinions. *Merkel v. Commissioner*, 192 F.3d 844, 848 (9th Cir. 1999); *InverWorld v. Commissioner*, 979 F.2d 868, 875-876 (D.C. Cir. 1992); *Merit Life Ins. Co. v. Commissioner*, 853 F.2d 1435, 1438 (7th Cir. 1988). This deference is a result of the Tax Court's expertise in the field. *Id.*; *Graham v. Commissioner*, 822 F.2d 844, 848 (9th Cir. 1987); *Magneson v. Commissioner*, 753 F.2d 1490, 1493 (9th Cir. 1985); *Boucher v. Commissioner*, 693 F.2d 98 (9th Cir. 1982). This deference was recently exhibited by the Court of Appeals for the Federal Circuit. *AD Global Fund, LLC v. United States*, 2007 WL 624366, *3 (Fed. Cir. March 2, 2007).

the factual scenario, and the application of that definition to similar factual scenarios (i.e., the situation in this case, *Bakersfield* and *Grapevine*) should similarly be the same. This is further evidenced by the Tax Court's decision to issue the *Bakersfield* opinion as a full opinion, rather than as a memorandum opinion.[48]

**C. Conclusion**

For the reasons stated above, in the Plaintiffs' briefs and at argument, Plaintiffs' Motion for Summary Judgment should be granted and Defendant's Cross-Motion for Summary Judgment should be denied.

Respectfully submitted on August 7, 2007,

By: s/ Adam M. Cohen
Adam M. Cohen, attorney of record
Colorado State Bar No. 31924
Alan Poe, of counsel
Colorado State Bar No. 7641

HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, Colorado 80202
(303) 295-8372 Telephone
(303) 295-8261 Facsimile
acohen@hollandhart.com
apoe@hollandhart.com

ATTORNEYS FOR PLAINTIFFS

3743593_2.DOC

[48] KAFKA & CAVANAGH, LITIGATION OF FEDERAL CIVIL TAX CONTROVERSIES ¶ 2.06[3].