**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| Salman Ranch LTD, a New Mexico Limited Partnership, and William J. Salman, as Tax Matters Partner, | § | |
| | § | Case No. 06-503-T |
| Plaintiffs, | § | |
| | § | Judge Christine O.C. Miller |
| v. | § | |
| | § | |
| United States of America, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' MOTION TO AMEND THE MEMORANDUM OPINION AND ORDER OF NOVEMBER 9, 2007, TO ADD THE STATEMENT REQUIRED FOR AN APPLICATION FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(D)(2)**

Plaintiffs Salman Ranch LTD ("Salman Ranch") and William J. Salman, by their attorneys, Holland & Hart LLP, respectfully request that the Court amend its Memorandum Opinion and Order of November 9, 2007 (the "Order"), denying Plaintiffs' motion for summary judgment and granting Defendant's cross-motion for partial summary judgment, to add the statement that will allow Plaintiffs to seek an interlocutory appeal under 28 U.S.C. § 1292(d)(2) on the controlling legal question of the applicability to this case of the extended six-year statute of limitations contained in 26 U.S.C. ("IRC") § 6501(e)(1)(A) or, alternatively, § 6229(c)(2). In support of this Motion, Plaintiffs state that, as set forth below, the Order involves controlling questions of law, there is substantial ground for difference of opinion on the controlling questions of law, and an immediate appeal of the Order may materially advance the ultimate termination of this litigation. *See* 28 U.S.C. § 1292(d)(2).

Counsel for Plaintiffs conferred with counsel for Defendant regarding this Motion. Counsel for Defendant stated that he wishes to review this Motion before taking a position on the

Motion, but that Defendant agrees that the filing of the Joint Status Report requested by the Order should be postponed until the Court issues a ruling on this Motion. *See* Part II.F of this Motion, below.

## I. INTRODUCTION

This case involves a Final Partnership Administrative Adjustment ("FPAA") issued by the Internal Revenue Service ("IRS") to Salman Ranch with respect to its 1999 Federal income tax return. The FPAA asserted that Salman Ranch overstated its basis in a ranch that Salman Ranch sold in 1999.

The FPAA was issued more than three years, but less than six years, after the date on which Salman Ranch filed its 1999 Federal income tax return on which it reported the sale of the ranch. Plaintiffs moved for summary judgment, on the ground that any increases in tax liability resulting from the adjustments in the FPAA were barred by the three-year statutes of limitations contained in IRC §§ 6501 and 6229. Defendant opposed Plaintiffs' motion for summary judgment and moved for partial summary judgment in its favor, on the ground that the statute of limitations was extended to six years under IRC §§ 6501(e)(1)(A) and 6229(c)(2).

On November 9, 2007, the Court issued the Order, denying Plaintiffs' motion for summary judgment and granting Defendants' motion for partial summary judgment. The Court held that the extended six-year statute of limitations applies in this case. Order, pages 24-25. This holding was based on the Court's rulings that: (1) Salman Ranch's alleged overstatement of its basis in the ranch was an omission of gross income under IRC § 6501(e)(1)(A); (2) the sale of the ranch did not qualify as a sale of goods or services under IRC § 6501(e)(1)(A)(i); and (3) Plaintiffs did not qualify for the adequate disclosure exception of IRC § 6501(e)(1)(A)(ii).

Order, pages 18, 19, and 24. These rulings, separately and collectively, involve controlling questions of law with respect to which there is substantial ground for difference of opinion. An immediate appeal from the Order may materially advance the ultimate termination of this litigation.

## II. ARGUMENT

### A. The applicable legal standard under 28 U.S.C. § 1292(d)(2).

28 U.S.C. § 1292(d)(2) provides, in part:

> [W]hen any judge of the United States Court of Federal Claims, in issuing an interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days.

Plaintiffs may apply to the United States Court of Appeals for the Federal Circuit for permission to appeal the Order if this Court includes in the Order a statement that the Order involves a controlling question of law, that a substantial ground for difference of opinion exists as to that controlling question of law, and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation. As set forth below, those three criteria are met with respect to the Order. Plaintiffs request that the Court amend the Order to include the required statement, so that Plaintiffs may file an application to allow an interlocutory appeal of the controlling legal question of the applicability in this case of the extended six-year statute of limitations. An interlocutory appeal may prevent substantial unnecessary expenditures of time, resources, and money by the parties, their counsel, and the Court.

**B. The issue of the applicability of the extended six-year statute of limitations to this case involves controlling questions of law.**

The extended six-year statute of limitations contained in IRC §§ 6501(e)(1)(A) and 6229(c)(2) apply only if a taxpayer omits from gross income "an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return." The FPAA contended that Salman Ranch overstated its basis in the ranch that it sold in 1999. Plaintiffs asserted that, even if this contention is ultimately upheld, the six-year statute of limitations does not apply because an overstatement of basis does not constitute an omission from gross income. The Court recognized that the resolution of Plaintiffs' position "depends on the construction of the language 'omits from gross income an amount properly includible therein.'" Order, page 7. The construction of this statutory language is a question of law. *United States v. Montoya*, 827 F.2d 143, 146 (7th Cir. 1987); *American Nat'l Ins. Co. v. United States*, 231 Ct. Cl. 604, 621-22 (1982).

Plaintiffs also asserted that no omission from gross income occurred because IRC § 6501(e)(1)(A)(i) applies here. This provision states that, in the case of a trade or business, the term "gross income" means the total of the amounts received from the sale of goods or services prior to diminution by the cost of such sales or services. The Court held that this provision does not apply to Salman Ranch's sale of the ranch. Order, page 18. This holding was based on the Court's construction of the term "sale of goods or services." Order, page 19. The construction of this statutory language is a question of law. *United States v. Montoya*, 827 F.2d at 146; *American Nat'l Ins. Co. v. United States*, 231 Ct. Cl. at 621-22.

Plaintiffs also asserted that, even if the alleged overstatement of basis constituted an omission from gross income, Plaintiffs qualified for the exception from the extended six-year statute of limitations contained in IRC § 6501(e)(1)(A)(ii), because the sale of the ranch was disclosed in a manner adequate to apprise the IRS of the nature and amount of the item. The facts relating to the disclosure of the transaction on Plaintiffs' income tax returns were undisputed, and the relevant returns were included in the record. The Court held that Plaintiffs' income tax returns did not disclose the nature and amount of the allegedly omitted gross income in a manner adequate to apprise the IRS. Order, page 24. The Court's determination of whether the undisputed facts meet the statutory standard is a question of law. *Supre v. Ricketts*, 792 F.2d 958, 961 (10th Cir. 1986) (citing *Pullman-Standard v. Swint*, 456 U.S. 273, 289 n.19 (1982)).

These questions of law are controlling. A question of law is controlling when "its incorrect disposition would require reversal of a final judgment, either for further proceedings or for a dismissal that might have been ordered without the ensuing [trial] court proceedings." 16 Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE § 3930 (2d ed. 1996), at 423-24 (addressing the nearly identical interlocutory appeal provisions of 28 U.S.C. § 1292(b)). Here, it is undisputed that the FPAA was issued more than three years after the applicable income tax returns were filed, so any increases in tax liability resulting from the adjustments in the FPAA are barred by the statute of limitations, unless the extended six-year statute of limitations in IRC §§ 6501(e)(1)(A) or 6229(c)(2) applies. The extended six-year statute of limitations applies only if the Court correctly decided all three of the questions of law. If the Court is incorrect on any of the three questions of law, any final judgment against Plaintiffs that may be

entered in this case will be reversed on appeal because any increases in tax liability resulting from the adjustments in the FPAA are barred by the statute of limitations.

Based on the foregoing, the first part of the statutory standard in 28 U.S.C. § 1292(d)(2) – that the Order involves a controlling question of law – is met.

**C. There is substantial ground for difference of opinion on the controlling questions of law.**

Plaintiffs asserted that the controlling legal question of whether an alleged overstatement of basis constitutes an omission from gross income was answered in *Colony, Inc. v. Comm'r*, 357 U.S. 28 (1958). Two recent decisions, both of which were mentioned in the Order, support Plaintiffs' assertion. *Grapevine Imports, Ltd. v. United States*, 77 Fed. Cl. 505 (2007); *Bakersfield Energy Partners v. Comm'r*, 128 T.C. 207 (2007) (now on appeal to the United States Court of Appeals for the Ninth Circuit). In both of those cases, the courts held that the extended six-year statute of limitations contained in IRC § 6501(e)(1)(A) did not apply to an alleged overstatement of basis. While this Court disagreed with Plaintiffs' assertion, the *Grapevine* and *Bakersfield* decisions demonstrate that there is substantial ground for a difference of opinion on this question of law, which is controlling in this case.

Plaintiffs also asserted that the sale of the ranch constituted the sale of goods or services under IRC § 6501(e)(1)(A)(i). While the Court disagreed with Plaintiffs' assertion, the Court noted that IRC § 6501 does not provide a definition of the phrase "sale of goods or services." Order, page 19. In the absence of a statutory definition of that phrase, and in view of the broad definition of the term "goods" in other areas of tax law, there is substantial ground for a difference of opinion on the controlling legal

question of whether the sale of the ranch constituted the sale of goods or services under IRC § 6501(e)(1)(A)(i).

Plaintiffs also asserted that the disclosure with respect to the sale of the ranch on their Federal income tax returns constituted adequate disclosure under IRC § 6501(e)(1)(A)(ii). The question of whether particular disclosures meet the adequate disclosure standard of IRC § 6501(e)(1)(A)(ii) has been addressed by a number of courts. The opinions issued by these courts vary in their description of the test used to resolve this issue. *Compare Univ. Country Club, Inc. v. Commissioner*, 64 T.C. 460, 470 (1975) (disclosure deemed to be adequate if "a reasonable followup on such clue would lead to the adjustment that [the Commissioner] ultimately made")*, and Phinney v. Chambers*, 392 F.2d 680, 685 (5th Cir. 1968) (adequate disclosure determined by whether an item of income is not shown on the face of the return or an attached statement "in a manner sufficient to enable the [IRS] by reasonable inspection of the return to detect the errors"), *with CC & F Western Operations LP v. Commissioner* , 273 F.3d 402 (1st Cir. 2001) (adequate disclosure should be determined by whether the taxpayer "disclosed [a particular income item] in substance"). Given the varying standards applied in resolving this issue, and the underlying question of whether the disclosure that is required is disclosure of the transaction giving rise to the gross income (here, the sale of the ranch) or disclosure of the transactions giving rise to the alleged overstatement of basis, there is substantial ground for a difference of opinion on the controlling legal question of whether Plaintiffs' disclosures were sufficient to meet the adequate disclosure standard of IRC § 6501(e)(1)(A)(ii).

Based on the foregoing, the second part of the statutory standard in 28 U.S.C. § 1292(d)(2) -- that there is substantial ground for a difference of opinion on the controlling questions of law involved in the Order -- is met.

**D. An immediate appeal may materially advance the ultimate termination of the litigation.**

The third part of the statutory standard in 28 U.S.C. § 1292(d)(2) -- that an immediate appeal may materially advance the ultimate termination of the litigation -- is closely related to the requirement that the issue be a controlling question of law, as "questions found to be controlling commonly involve the possibility of avoiding trial proceedings, or at least curtailing and simplifying pretrial or trial." 16 FEDERAL PRACTICE AND PROCEDURE § 3930, at 432. Here, an immediate appeal of the controlling legal question of whether the extended six-year statute of limitations applies may materially advance the ultimate termination of the litigation.

As noted above, it is undisputed that the FPAA was issued more than three years after the applicable income tax returns were filed. Therefore, unless the extended six-year statute of limitations applies, the statute of limitations bars any increases in tax liability resulting from the adjustments in the FPAA. If the Court's holding that the extended six-year statute of limitations applies in this case is determined on appeal to be wrong, Plaintiffs will be entitled to summary judgment and this litigation will be terminated immediately. Alternatively, if the Court's holding is determined on appeal to be correct, the parties will know that the potential increases in tax liability resulting from the adjustments in the FPAA are not barred by the statute of limitations, and that certainty may increase the likelihood that the parties will be able to resolve the remaining issues without the need for a trial.

If Plaintiffs are not able to seek an immediate appeal from the Order, expensive and time-consuming discovery and a lengthy trial may be required to resolve the issues raised by the FPAA. All of that expense, time, and effort, by the parties, their counsel, and the Court, will be unnecessary if, on a subsequent appeal, it is determined that the

extended six-year statute of limitations does not apply to this case. Amendment of the Order to add the statement required by 28 U.S.C. § 1292(d)(2) will allow Plaintiffs to apply to the United States Court of Appeals for the Federal Circuit to permit an appeal of the Order, thereby potentially eliminating a substantial expenditure of time, resources, and money of the parties, their counsel, and the Court that may later be determined to have been unnecessary.

Based on the foregoing, the third part of the statutory standard in 28 U.S.C. §1292(d)(2) -- that an immediate appeal from the Order may materially advance the ultimate termination of the litigation -- is met.

**E. Plaintiffs reserve the right to seek a stay of proceedings in this Court in the event that the Court amends the Order to add the requested statement and the Court of Appeals for the Federal Circuit permits the appeal to be taken.**

28 U.S.C. § 1292(d)(3), provides, in part:

> Neither the application for nor the granting of an appeal under this subsection shall stay proceedings in the . . . Court of Federal Claims, . . . unless a stay is ordered by a judge of the . . . Court of Federal Claims or by the United States Court of Appeals for the Federal Circuit or a judge of that court.

If this Court amends the Order to add the requested statement, and if the United States Court of Appeals for the Federal Circuit permits the appeal to be taken, further proceedings before this Court, including but not limited to discovery and the trial, should be stayed pending the outcome of the appeal. Otherwise, the value of the interlocutory appeal will be lost. Under 28 U.S.C. § 1292(d)(2), an application for an appeal or the granting of an appeal does not automatically stay proceedings in this Court. Therefore, Plaintiffs reserve the right to request a stay of the proceedings in this Court if the Court amends the Order to include the requested statement and the United States Court of Appeals for the Federal Circuit permits the appeal to be taken.

**F. Plaintiffs request that the filing of the Joint Status Report be postponed until after the Court has ruled on this Motion.**

The Order stated that, absent a request to certify an interlocutory appeal, the parties are required to submit a Joint Status Report by November 20, 2007. Order, page 25. The filing of this Motion apparently suspends the requirement to file a Joint Status Report, under the terms of the Order. Plaintiffs request that any requirement to file a Joint Status Report be postponed until after the Court has ruled on this Motion. As noted above, counsel for Defendant stated that he concurs with the request.

## III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court amend the Order to add the statement described in 28 U.S.C. § 1292(d)(2), so that Plaintiffs can seek an interlocutory appeal on the controlling legal question of whether the extended six-year statute of limitations contained in IRC § 6501(e)(1)(A) or, alternatively, § 6229(c)(2), applies to this case.

Dated: November 19, 2007.

By: /s/ Adam M. Cohen
Adam M. Cohen, attorney of record
Colorado State Bar No. 31924
Alan Poe, of counsel
Colorado State Bar No. 7641

Holland &Hart LLP
555 17th Street, Suite 3200
Denver, Colorado 80202
(303) 295-8372 Telephone
(303) 295-8261 Facsimile
acohen@hollandhart.com
apoe@hollandhart.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2007, I electronically filed the foregoing "Plaintiffs' Motion To Amend The Memorandum Opinion and Order of November 9, 2007, To Add The Statement Required For An Application For Interlocutory Appeal Under 28 U.S.C. § 1292(d)(2)" with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

David R. House
U.S. Department of Justice—Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044

/s/ Adam M. Cohen
Adam M. Cohen

3789496_2.DOC