# In the United States Court of Federal Claims

No. 06-503T
(Filed December 6, 2007)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * | * | Pleading and practice; motion to |
| | * | certify for interlocutory appeal |
| **SALMAN RANCH LTD, a New Mexico** | * | under 28 U.S.C. § 1292(d)(2) |
| **Limited Partnership, and William J.** | * | (2000); Taxes; TEFRA |
| **Salman, as Tax Matters Partner,** | * | partnership proceeding; refund |
| | * | of income tax; Final Partnership |
| Plaintiffs, | * | Administrative Adjustment; |
| | * | extension of three-year statute of |
| v. | * | limitations under 26 U.S.C. |
| | * | ("I.R.C.") § 6501(e)(1)(A) |
| **THE UNITED STATES,** | * | (2000), due to omission of |
| | * | amount includible as partnership |
| Defendant. | * | income; extension of statute of |
| | * | limitations under I.R.C. |
| * * * * * * * * * * * * * * * * * * * * * * * | * | § 6229(c)(2) due to substantial |
| | | omission of income; adequate |
| | | disclosure. |

Adam M. Cohen, Denver, CO, for plaintiffs. Alan Poe, Holland & Hart LLP, of counsel.

David R. House, Washington, DC, with whom was Acting Assistant Attorney General Richard T. Morrison, for defendant. Grover Hartt, III, Department of Justice, of counsel.

## MEMORANDUM OPINION AND ORDER

**MILLER**, Judge.

On November 19, 2007, plaintiffs filed Plaintiffs' Motion To Amend the Memorandum Opinion and Order of November 9, 2007, To Add the Statement Required for an Application for Interlocutory Appeal under 28 U.S.C. § 1292(d)(2). Defendant filed its response on November 20, 2007, stating that "[t]he United States does not object to Plaintiffs' Motion to amend the opinion of November 9, 2007, to add the statement required for an application for interlocutory appeal under 28 U.S.C. § 1292(d)(2)." Def.'s Br. filed Nov. 20, 2007, at 1.

The opinion and order entered on November 9, 2007, denied plaintiffs' motion for summary judgment and granted defendant's cross-motion for partial summary judgment. See Salman Ranch, Ltd. v. United States, No. 06-503T, 7_ Fed. Cl.___, 2007 WL 3378145, slip op. at 25 (Fed. Cl. Nov. 9, 2007). Plaintiffs argued that the Internal Revenue Service's (the "IRS") Final Partnership Administrative Adjustment (the "FPAA") for the partnership's 1999 tax return was issued outside of the three-year statute of limitations period prescribed in 26 U.S.C. ("I.R.C.") §§ 6501 and 6229 (2000). Defendant countered that the FPAA was issued timely under the six-year statute of limitations extension period of I.R.C. § 6501(e) or, alternatively, I.R.C. § 6229(c)(2), due to the substantial omission of income from both the partnership's and the partners' individual 1999 income-tax returns. The resolution of the dispute turned on the application of I.R.C. § 6501(e)(1)(A), which provides:

> If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed. For purposes of this subparagraph–
>
> i) In the case of a trade or business, the term "gross income" means the total of the amounts received or accrued from the sale of goods or services (if such amounts are required to be shown on the return) prior to diminution by the cost of such sales or services; and
>
> ii) In determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the nature and amount of such item.

Because no material facts were in dispute, the issues before the court on cross-motions for summary judgment were pure questions of law. The court concluded that the extended six-year statute of limitations applied and that the FPAA was timely. The court determined that (1) the partnership's overstatement of basis in the ranch qualified as an omission from gross income under section 6501(e)(1)(A); (2) the sale of the ranch did not qualify as a sale of goods or services by a trade or business under section 6501(e)(1)(A)(i), the "gross receipts provision;" and (3) plaintiffs did not adequately disclose the amount omitted from gross income pursuant to section 6501(e)(1)(A)(ii), the "adequate disclosure provision." The remaining issues in the case are complex factual issues regarding the tax consequences of the disputed transactions that must be resolved at trial.

Pursuant to 28 U.S.C. § 1292(d)(2) (2000), plaintiffs seek certification for an interlocutory appeal with respect to the issue of whether the extended six-year statute of limitations contained in I.R.C. § 6501(e)(1)(A) or, alternatively, in I.R.C. § 6229(c)(2), applies to this case. Defendant does not oppose plaintiffs' motion for certification for an interlocutory appeal.

28 U.S.C. § 1292(d)(2) provides in pertinent part:

> [W]hen any judge of the United States Court of Federal Claims, in issuing an interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.

The statute establishes a three-part test for certification that is "virtually identical to the statutory standard of certification utilized by the United States district courts." Wolfchild v. United States, 78 Fed. Cl. 472, 481 (2007) (internal quotations omitted). Accordingly, the court must determine that (1) a controlling question of law is at issue, (2) the question presents a substantial ground for difference of opinion, and (3) certification of an immediate appeal materially could advance the ultimate termination of the litigation. These findings ensure that interlocutory review is the exception to the general "firm final judgment rule" observed by the federal courts. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 74 (1996) (holding in context of companion 28 U.S.C. § 1292(b) that "[r]outine resort [to interlocutory appeals] would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule" (internal quotations omitted)). A decision to certify initially lies within the discretion of the trial judge; however, once the trial court certifies a question for interlocutory appeal, the United States Court of Appeals for the Federal Circuit has complete "discretion in deciding whether it will grant permission to appeal an interlocutory order." Regents of Univ. of Cal. v. Dako N. Am., Inc., 477 F.3d 1335, 1336 (Fed. Cir. 2007) (citing In re Convertible Rowing Exerciser Patent Litig., 903 F.2d 822 (Fed. Cir. 1990)).

The first requirement for certification is that the decision must involve a "controlling question of law." 28 U.S.C. § 1292(d)(2). Judges of the United States Court of Federal Claims, including the undersigned, have described a question of law as controlling when it "materially affect[s] issues remaining to be decided in the trial court." See Wolfchild, 78 Fed. Cl. at 483 (internal quotations omitted); AD Global Fund, LLC v. United States, 68 Fed.

Cl. 663, 665 (2005) (internal quotations omitted); Jade Trading, LLC v. United States, 65 Fed. Cl. 443, 447 (2005) (internal quotations omitted).

The court's first two determinations, that an omission from gross income may arise from an overstatement of basis and that the gross receipts provision does not apply to Salman Ranch's sale of the ranch, involved the construction of statutory language. Issues of statutory interpretation are questions of law that are appropriate for certification. AD Global Fund, 68 Fed. Cl. at 665 (citing 9 James Wm. Moore et al., Moore's Federal Practice ¶ 110.22[2] & n.11 (2d ed. 1992)). The third determination – that plaintiffs failed adequately to disclose the amount of the omission, as required by the adequate disclosure provision – is a question of law that involves application of undisputed facts to a statutory standard. See Kelly v. Nicholson, 463 F.3d 1349, 1352-53 (Fed. Cir. 2006) ("'We have recognized, however, that where adoption of a particular legal standard dictates the outcome of a case based on undisputed facts, we may address that issue as a question of law.'" (quoting Halpern v. Principi, 384 F.3d 1297, 1306 (Fed. Cir. 2004))). Moreover, all three issues of law are "controlling," because, if the court's rulings on any of the grounds relied upon were to be reversed on appeal, a trial on the merits would be obviated, as the FPAA would have been untimely.

Second, a "substantial ground for difference of opinion" must be established regarding the controlling questions of law. 28 U.S.C. § 1292(d)(2). The Federal Circuit has recognized a split between the circuits and a split among judges on the Court of Federal Claims as an appropriate ground for granting review of an issue on interlocutory appeal. See Marriott Int'l Resorts, L.P. v. United States, 122 Fed. Appx. 490, 491 (Fed. Cir. 2005) (agreeing that "circumstances warrant granting the petition" when "there is a split among the circuits and within the Court of Federal Claims itself regarding the issue").

In its November 9, 2007 opinion and order, the court determined that the six-year extended statute of limitations of I.R.C. § 6501(e)(1)(A) would apply, because an omission from gross income may occur in the overstatement of basis, and plaintiffs could not invoke the gross receipts or adequate disclosure provisions. A split within the Court of Federal Claims exists as to how the United States Supreme Court's holding in Colony, Inc. v. Commissioner, 357 U.S. 28 (1958), applies to the interpretation of I.R.C. § 6501(e)(1)(A) and whether an overstatement of basis may constitute an omission from gross income. Compare Grapevine Imports, Ltd. v. United States, 77 Fed. Cl. 505 (2007) (holding six-year extended limitations period of I.R.C. § 6501(e)(1)(A) inapplicable to partnership's overstatement of basis), with Salman Ranch, Ltd., No. 06-503T, 7_ Fed. Cl. ___, 2007 WL 3378145 (holding six-year extended limitations period of I.R.C. § 6501(e)(1)(A) applicable to partnership's overstatement of basis in Son of BOSS transaction). A split among the circuits is nascent, insofar as the United States Tax Court has held contrary to this court's

ruling, and a federal district court has held consistently with it. Compare Bakersfield Energy Partners v. Comm'r, 128 T.C. 207 (2007) (holding six-year extended limitations period of I.R.C. § 6501(e)(1)(A) inapplicable to partnership's overstatement of basis), [*] with Brandon Ridge Partners v. United States, No. 8:06-CV-1340-T-24MAP, 2007 WL 2209129 (M.D. Fla. July 30, 2007) (holding six-year extended limitations period of I.R.C. § 6501(e)(1)(A) applicable to partnership's overstatement of basis in Son of BOSS transaction). Therefore, a substantial ground for difference of opinion is exhibited with respect to this issue.

On the application of the gross receipts provision, the court concluded that I.R.C. § 6501 failed to provide a definition for the phrase "sale of goods and services." See Salman Ranch, Ltd., No. 06-503T, 7_ Fed. Cl. ___, 2007 WL 3378145, slip op. at 19. Contrary to plaintiffs' invocation of other provisions of the Internal Revenue Code, the court deemed the United States Supreme Court's decision in Colony to be instructive in concluding that the phrase did not apply to plaintiffs' sale of the ranch. Id. Against this backdrop the court accords weight to plaintiffs' request to present its arguments to the court of appeals at this juncture in order to resolve the substantial difference of opinion on the controlling legal question of whether the sale of the ranch constitutes the sale of goods or services under I.R.C. § 6501(e)(1)(A)(i).

The court's resolution of the adequate disclosure issue also presents itself against a backdrop of substantial difference of opinion. As plaintiffs correctly note, the circuits "vary in their description of the test used to resolve the issue." Compare, e.g., Phinney v. Chambers, 392 F.2d 680, 685 (5th Cir. 1968) (adequate disclosure if item of income "shown in a manner sufficient to enable the secretary by reasonable inspection of the return to detect the errors"), with CC & F W. Operations Ltd. P'ship v. Comm'r, 273 F.3d 402, 406 n.2 (1st Cir. 2001) (adequate disclosure if "taxpayer omitted a particular income item from its calculations but disclosed it in substance"). Furthermore, the "underlying question of whether the disclosure that is required is disclosure of the transaction giving rise to the gross income (here, the sale of the ranch) or disclosure of the transactions giving rise to the alleged

______*/ The Tax Court's Bakersfield decision also, without mentioning its precedents, split from its own prior holdings that limited the rationale in Colony to the sale of goods or services by a trade or business. See, e.g., Insulglass Corp. v. Comm'r, 84 T.C. 203 (1985) (holding gross receipts provision provides exception, for trade or business, to general meaning of gross income provided in section 61(a), so reporting of gross proceeds alone from sales of commodities would not prevent application of I.R.C. § 6501(e)(1)(A)); Schneider v. Comm'r, 49 T.C.M. (CCH) 1032 (1985) (holding gross receipts provision to supply exception to general definition of gross income in case of trade or business and applying I.R.C. § 6501(e)(1)(A) to omission of income).

overstatement of basis," Pls.' Br. filed Nov. 19, 2007, at 7, presents an additional ground for substantial difference of opinion in the relevant case law.

Therefore, because the Tax Court and one federal district court and the judges of the Court of Federal Claims have split regarding the interpretation and application of I.R.C. § 6501(e)(1)(A) and its gross receipts and adequate disclosure provisions, a substantial ground for difference of opinion on each of these three issues has been established.

Third, the "immediate appeal" of the controlling legal issue must "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(d)(2). In Verda, LTDA. v. United States, 271 F.3d 1367, 1374 (Fed. Cir. 2001), the Federal Circuit agreed with the lower court's certification of an issue for interlocutory appeal when reversal would result in "the entire lawsuit . . . be[ing] dismissed." Id. (internal quotations omitted). This paradigm is present in the instant case. It is undisputed that the FPAA was issued more than three years after the filing of the tax returns at issue. If the Federal Circuit were to overturn the court's order and deem the Government's FPAA untimely, the litigation would terminate. Alternatively, if the Federal Circuit were to affirm the order denying plaintiffs' motion for summary judgment, the resulting certainty could increase the likelihood of a resolution between the parties without need for a trial. See Pls.' Br. filed Nov. 19, 2007, at 8. Resolution of this legal issue also materially would advance the ultimate disposition of another pending Court of Federal Claims litigation. Grapevine Imports, Ltd. v. United States, No. 05-296T (Fed. Cl., filed Mar. 11, 2005), is proceeding to trial, limited to the tax years remaining in dispute following the court's determination to grant summary judgment for plaintiffs as to the FPAA issued for the 1999 tax year, which fell beyond the general three-year statute of limitations provided in I.R.C. § 6501(a). In view of the pendency of these cases, an interlocutory appeal on the correct interpretation and application of section 6501(e)(1)(A) materially would advance the termination of the litigation. The court further recognizes that certification to permit an appeal of the order will "potentially eliminat[e] a substantial expenditure of time, resources, and money of the parties, their counsel, and the Court that may later be determined to have been unnecessary." Pls.' Br. filed Nov. 19, 2007, at 9.

Because the opinion and order meets all of the requirements for certification, the court, in its discretion, grants plaintiffs' motion to certify an interlocutory appeal. Accordingly,

**IT IS ORDERED**, as follows:

1. The paragraph of the ordering language on page 25 in the court's November 9, 2007 opinion and order is amended, as follows:

Defendant's cross-motion for partial summary judgment is granted, and plaintiffs' motion for summary judgment is denied. Because controlling questions of law are involved with respect to which there are substantial grounds for differences of opinion and from which an immediate appeal may materially advance the ultimate termination of the litigation, the court certifies the issues to the United States Court of Appeals for the Federal Circuit for its consideration whether to permit an appeal to be taken from such order, should a timely application be made to that court.

2. This case is stayed pending further order of the court. Plaintiffs shall file a Status Report within ten days of any action on their application by the Federal Circuit.

s/ Christine O.C. Miller

__________________________________________

**Christine Odell Cook Miller**

Judge