ORIGINAL

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

Miscellaneous Docket No. 866

FILED
MAR 12 2008
U.S. COURT OF FEDERAL CLAIMS

SALMAN RANCH LTD and WILLIAM J. SALMAN,

Plaintiffs-Petitioners,

v.

UNITED STATES,

Defendant-Respondent.

On Petition for Permission to Appeal pursuant to 28 U.S.C. § 1292(d)(2) from the United States Court of Federal Claims in case no. 06-CV-503, Judge Christine O.C. Miller.

ON PETITION FOR PERMISSION TO APPEAL

Before PROST, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and MOORE, Circuit Judge.

PER CURIAM.

ORDER

Salman Ranch LTD and William J. Salman (Salman) petition for permission to appeal orders certified by the United States Court of Federal Claims as ones involving controlling issues of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. The United States consents to Salman's petition.

Salman filed a complaint at the Court of Federal Claims for readjustment of partnership items pursuant to 26 U.S.C. § 6226. Salman sought reversal or invalidation of a Notice of Final Partnership Administrative Adjustment (FPAA) issued by the Internal Revenue Service regarding Salman's 1999 federal tax returns. The FPAA alleged that

in 1999 Salman had sold a ranch and overstated the appropriate basis in the ranch, resulting in an understatement in reported gains associated from the ranch's sale. Salman moved for summary judgment, asserting that the statute of limitations provisions in 26 U.S.C. § 6501(a) and 6229 barred the IRS from assessing a tax adjustment because the FPAA was not issued within three years from the date of filing of Salman's 1999 tax returns. The government opposed and filed a cross-motion for partial summary judgment, asserting that, pursuant to 26 U.S.C. § 6501(e)(1)(A), the statutory window for assessing a tax adjustment against Salman was extended to six years because Salman had omitted an amount in excess of 25 percent of gross income in their 1999 return.

On November 9, 2007, the Court of Federal Claims denied Salman's motion. The court held that Salman's overstatement in their 1999 tax return was an omission within the meaning of 26 U.S.C. §§ 6501(e) and 6229(c)(2), thus extending the period for assessing an adjustment to six years. The court further held that Salman's sale of the ranch did not qualify for the trade or business definition of gross income in 26 U.S.C. § 6501(e)(1)(A)(i) and that Salman did not qualify for the adequate disclosure safe harbor of 26 U.S.C. § 6501(e)(1)(A)(ii). Because the FPAA was assessed within six years from the 1999 tax return, the court granted the government's cross-motion for partial summary judgment.

On December 6, 2007, the Court of Federal Claims granted Salman's unopposed motion to amend the November 9, 2007 order and to add a statement certifying the order for interlocutory appeal.

Ultimately, this court must exercise its own discretion in deciding whether it will grant permission to appeal interlocutory orders certified by a trial court. See In re Convertible Rowing Exerciser Patent Litigation, 903 F.2d 822 (Fed. Cir. 1990); 28 U.S.C. § 1292(d)(2) ("the Federal Circuit may, in its discretion, permit an appeal to be taken from such order"). We determine that granting the petition in these circumstances is warranted.

Accordingly,

IT IS ORDERED THAT:

The petition for permission to appeal is granted.

FOR THE COURT

MAR 11 2008

Date

Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT
MAR 11 2008
JAN HORBALY
CLERK

cc: Adam M. Cohen, Esq.
Joan I. Oppenheimer, Esq.

s19

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By: Date: 3/12/08